UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALES, ET AL., <br>                 Petitioner, <br>       v. <br> ERIC H. HOLDER, JR. ATTORNEY GENERAL, ET AL., <br>                 Respondents. | Case No. CV 10-02211 DMG (DTB) <br><br> **ORDER RE PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S DECISION** |

This matter is before the Court on Plaintiff's Motion for Review of Magistrate Judge's Decision Denying *Ex Parte* Application to Amend Complaint. On October 18, 2010, the Court held a hearing. Having duly considered the respective positions of the parties, as presented in their briefs and at oral argument, the Court now renders its decision. For the reasons set forth below, Plaintiff's Motion is GRANTED.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 26, 2010, Plaintiff filed a Petition for Writ of *Habeas Corpus* (the "Petition") in this Court alleging: (1) violation of the Immigration and Nationality Act ("INA") (right to release); (2) violation of the Due Process Clause (the "Due Process Clause") of the 5th Amendment to the U.S. Constitution (prolonged detention); (3)

violation of the INA (right to a hearing); (4) violation of the Due Process Clause (right to a hearing); and (5) violation of Section 504 of the Rehabilitation Act and its implementing regulations. Plaintiff sought (1) an order requiring Petitioner's immediate release or, in the alternative, a hearing before an immigration judge and (2) declaratory judgment that Respondents' failure to release Petitioner or, in the alternative, to provide Petitioner with a hearing before an immigration judge, is unlawful. On March 31, 2010, Respondents released Petitioner from custody on his own recognizance, under conditions of supervision pursuant to section 236 of the INA, 8 U.S.C. § 1226.

On March 31, 2010, the Honorable David T. Bristow, United States Magistrate Judge, issued an Order to Show Cause why the Petition should not be granted. On June 3, 2010, Respondents filed a Return to Habeas Petition and Order to Show Cause ("Return"), asserting that the Petition should be dismissed as moot as a result of Petitioner's March 31, 2010 release. On August 2, 2010, Petitioner filed a Traverse and attempted to file a First Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint sought to add new plaintiffs and new causes of action and sought certification on behalf of a class of plaintiffs whose situations are similar to Petitioner's former situation, *i.e.,* mentally disadvantaged immigrant detainees who are held in custody without counsel. (Am. Compl. ¶¶ 39-82, 96-137.)

On August 6, 2010, Magistrate Judge Bristow issued an Order (the "August 6 Order") concluding that the Return constituted a "responsive pleading" under Fed. R. Civ. P. 15(a) and therefore rejecting the Amended Complaint as untimely under Rule 15(a).[1]  [Doc. # 23.]  On August 11, 2010, Petitioner filed an Objection ("Objection") to the August 6 Order.

---

[1] Rule 15(a)(1) of the Federal Rules of Civil Procedure provide:
  A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

On August 16, 2010, Petitioner filed a Motion for Preliminary Injunction for putative plaintiff Ever Martinez-Rivas, whose final removal hearing was scheduled for September 16, 2010. On August 19, 2010, this Court denied the Motion for Preliminary Injunction because Martinez-Rivas had not yet been added as a plaintiff in this action. [Doc. # 30.]

On August 23, 2010, Petitioner filed an *Ex Parte* Application to file the Amended Complaint ("*Ex Parte* Application"). Respondents filed an Opposition to the *Ex Parte* Application on August 24, 2010 and Petitioner filed a Reply thereto on August 25, 2010. During the August 30, 2010 status conference, Magistrate Judge Bristow urged the parties to resolve their differences and set an expedited briefing schedule in the event the parties were unable to do so. On September 2, 2010, Respondents filed an Opposition to Petitioner's August 11, 2010 Objection.

Magistrate Judge Bristow issued a ruling on September 3, 2010 (the "September 3 Ruling") denying Petitioner's *Ex Parte* Application. [Doc. # 42.]

On September 14, 2010, Petitioner filed a Motion for Review of Magistrate Judge's Decision Denying *Ex Parte* Application to Amend Complaint. On September 27, 2010, Respondents filed an Opposition. On October 4, 2010, Petitioner filed a Reply. On October 12, 2010, Respondents filed an *Ex Parte* Application for Leave to File Surreply, which the Court granted on October 14, 2010. On October 14, 2010, Respondents filed a Surreply.

## II.

## **THE MAGISTRATE JUDGE'S RULING**

Pursuant to 28 U.S.C. § 636 and Central District of California General Order 05-07, this case was referred to Magistrate Judge Bristow.

In his September 3 Ruling, Magistrate Judge Bristow held that the Petition became moot upon Petitioner's March 31, 2010 release because Petitioner's release provided him all the relief to which he was entitled and all that he sought in his Petition. Magistrate Judge Bristow stated as follows:

-3-

> The Court concurs with respondent that the Petition is moot. In the Petition, petitioner challenged his continued detention pursuant to 8 U.S.C. § 1226(c) and requested relief only in the form of release from custody under reasonable conditions or, alternatively, the opportunity to challenge his detention in a bond hearing before an immigration judge. (Pet. at 17-19.) Here, petitioner was released from custody on his own recognizance pursuant to 8 U.S.C. § 1226(a) on March 31, 2010. (Return at 6; Return Exh. A.) Petitioner's release from custody provided him all the relief to which he was entitled, and all that he sought. See Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir.2002) (claims challenging extended immigration detention mooted by release); Abdala v. INS, 488 F.3d 1061, 1064-65 (9th Cir. 2007), cert. denied, 552 U.S. 1267 (2008) (quoting Riley with approval for the proposition that "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention'")

(September 3 Ruling at 3-4.)

Magistrate Judge Bristow further held that because the Petition became moot before the addition of class allegations and certification of the class, Petitioner lacked standing to represent the claims of any putative class or to proceed with the case. The Magistrate Judge noted that "because Petitioner has been released and there is no reasonable expectation that he will be re-detained, petitioner's claim is unable of being repeated as to him." (September 3 Ruling at 5.) Magistrate Judge Bristow denied the *Ex Parte* Application without prejudice.

### III.
### STANDARD OF REVIEW

      Where a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(a); *see also United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge's decision in . . . nondispositive matters is entitled to great deference by the district court.").

      "When reviewing factual findings, the Supreme Court has held that a finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (*en banc*) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)) (internal quotation marks omitted). The Court is not entitled to overturn a factual finding simply because the court is convinced that it would have reached a different result. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). In contrast, when reviewing the magistrate judge's legal conclusions, the Court applies the "contrary to law" standard and reviews such conclusions *de novo*. *See China Nat. Metal Products Import/Export Co. v. Apex Digital, Inc.*, 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001).

## IV.

## DISCUSSION

      Petitioner argues that Magistrate Judge Bristow's September 3 Ruling is erroneous because (1) the Magistrate Judge failed to apply binding Ninth Circuit authority providing that a discretionary release from custody does not moot a *habeas* petition, (2) Respondents' conduct falls within the "voluntary cessation" exception to mootness, and (3) Petitioner is entitled to amend as of right under Fed. R. Civ. P. 15(a) because the Return does not constitute a "responsive pleading" and because requests for leave to amend should be granted with "extreme liberality."

**A.     Magistrate Judge Bristow Failed to Address the Ninth Circuit's Decision in *Rodriguez***

Petitioner first argues that the Petition is not moot because the relief he sought is incongruent with the relief he received.  Neither the parties nor Magistrate Judge Bristow appear to dispute that Petitioner challenged the legality of his detention pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c), but that Petitioner's release was authorized pursuant to the government's discretionary authority under 8 U.S.C. § 1226(a).

As a general matter, a case is moot if there is no longer any "present controversy as to which effective relief can be granted."  *Johnson v. Chavez*, __ F.3d __, 2010 WL 3928994, at * 3 (9th Cir. 2010).  "To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'"  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007).  In the context of *habeas* petitions, the Ninth Circuit has recognized that a petitioner's release from custody does not necessarily moot the petitioner's petition.  Nevertheless, in order to avoid a finding of mootness upon a petitioner's release, there must be some remaining "collateral consequence" redressable by the petition.  *Id.* at 1064.  In *Abdala*, the Ninth Circuit held that because the petitioner's petition challenged only the length of his detention, his petition ceased to present a live controversy as of the time of his deportation.  *Id.* at 1065.

Here, although the September 3 Ruling acknowledged the fact that Petitioner challenged his continued detention pursuant to 8 U.S.C. § 1226(c), but was released pursuant to 8 U.S.C. § 1226(a), Magistrate Judge Bristow summarily concluded that "Petitioner's release from custody provided him all the relief to which he was entitled, and all that he sought."  (September 3 Ruling at 3-4.)  Having carefully reviewed the Petition, this Court disagrees.

The Ninth Circuit explicitly recognized in *Rodriguez v. Hayes,* 578 F.3d 1032 (9th Cir. 2009), *as amended,* 591 F.3d 1105 (9th Cir. 2010), that a discretionary release does

not necessarily moot a *habeas* petition. As here, the *Rodriguez* petitioner challenged the length of his detention pending completion of removal proceedings and sought a hearing to determine whether his prolonged detention was justified. *Rodriguez*, 591 F.3d at 1112. Approximately two months after filing his petition, the petitioner was released under an order of supervision pursuant to 8 C.F.R. § 241.4. *Id.* In particular, the *Rodriguez* court stated:

> If Petitioner is successful in his petition he would be entitled to such a hearing where the government would need to meet its burden or offer him a nondiscretionary release until such time as it can make the requisite showing or has an independent statutory basis to detain him. This would place Petitioner in a far different situation from his current one, released pursuant to the government's independent determination but subject to revocation on the government's discretion without hearing before a neutral decision-maker and without burden of justification on the government.

*Rodriguez*, 591 F.3d at 1117; *see also Clark v. Martinez*, 543 U.S. 371, 376 n.3, 125 S. Ct. 716, 160 L.Ed.2d 734 (2005) (petitioner continued to have a personal stake in the outcome of his petition because his release on parole remained subject to the government's discretionary authority). Contrary to Respondents' position, neither *Rodriguez* nor *Clark* turned on whether the case was a class action. *Clark* was not a class action and, in *Rodriguez*, class certification had been denied as of the time of the petitioner's discretionary release.

Here, the Court finds that Petitioner's discretionary release pursuant to 8 U.S.C. § 1226(a) has similarly placed him in a "far different situation" from the one he sought by his Petition. Like the petitioner in *Rodriguez*, Petitioner's release has not been adjudicated by a neutral decision-maker, nor have Respondents met their burden of justifying his prolonged detention under Section 1226(c). Rather, Petitioner's release

was authorized by Respondents' independent determination and remains subject to Respondents' revocation at their discretion.  In his Petition, Petitioner sought declaratory and injunctive relief challenging the length and nature of his detention or, alternatively, an individualized hearing to determine whether or not his detention pursuant to 8 U.S.C. § 1226(c) was authorized and justified under the statute, constitutional under the Due Process Clause, and appropriate and non-discriminatory under the Section 504 of the Rehabilitation Act.  (Am. Compl. ¶¶ 22-46.)  Petitioner sought a hearing that would have required Respondents to prove that his continued detention was justified, including that he presented a serious risk of flight or danger to the community to justify certain conditions of release.  (Am. Compl. ¶ 34.)

In sum, the Court can find no principled basis upon which to distinguish this case from the *Rodriguez* case.  Petitioner, like the petitioner in *Rodriguez*, was deprived of the opportunity to seek the relief that a nondiscretionary release and/or a hearing would have provided, *i.e.,* a finding that he is no longer vulnerable to Respondents' discretionary authority to re-detain Petitioner.  Thus, the relief that Petitioner sought is incongruent with the relief that he received.  The Court therefore finds that Petitioner continues to have a personal stake in these proceedings and that his Petition is not moot.

**B.     The Voluntary Cessation Doctrine Applies in this Case**

Petitioner further contends that Respondents have failed to meet their burden of proving that the doctrine of voluntary cessation does not apply in this case.  The Court agrees.

Under the "voluntary cessation" exception to mootness, "the mere cessation of illegal activity in response to pending litigation does not moot a case." *Rosemere Neighborhood Assoc. v. U.S. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009).  Rather, a party claiming that its voluntary compliance with the law moots a case "bears a <u>formidable burden</u> of showing that it is <u>absolutely clear</u> the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental*

*Services (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (emphasis added); *see also Rosemere,* 581 F.3d at 1173.

Respondents argue that there is "absolutely no factual basis for any assertion that the [Department of Homeland Security] would or might act in the deceptive manner that the voluntary cessation doctrine was designed to prevent."[2] (Resp't Opp'n at 7.) In an effort to "alleviate any concerns" regarding Respondents' future re-detention of Petitioner, Respondents submit a declaration by Immigration and Customs Enforcement ("ICE") Assistant Field Office Director Jonathan H. Rust, the supervising officer for Petitioner's release, in which Mr. Rust states that ICE's Office of Detention and Removal Operations does not intend to recommend Petitioner's re-detention unless (1) Petitioner violates the terms of release,[3] (2) a final order of removal is issued against him, or (3) ICE is required by law to detain him. (Resp't Return, Ex. B, Declaration of Jonathan H. Rust ("Rust Decl.") ¶ 15.)

Notwithstanding Mr. Rust's Declaration, the Court finds that Respondents fail to meet their "formidable burden" of showing that it is "absolutely clear" that Petitioner would not be subjected to future unlawful detention. Mr. Rust's Declaration is

---

[2] Respondents also cite *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998) for the proposition that, for the voluntary cessation doctrine to apply, the voluntary cessation "must have arisen because of the litigation." Respondents do not argue, however, that the filing of the Petition in this case was not the catalyst for Petitioner's release. Indeed, the Court does not find it purely coincidental that, after detaining Petitioner for nearly five years, the government released him five days after he filed the Petition.

[3] Pursuant to the terms of his release, Petitioner must: (1) report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review; (2) surrender for removal from the United States if so ordered; (3) report to the Department of Homeland Security's Santa Ana Office pursuant to Phase I Pre-Order Supervision, which requires one face-to-face contact every two weeks, one unannounced on-site home visit every four weeks, and telephonic reporting; (4) not change his place of residence without first securing written permission from a Department of Homeland Security immigration officer; (5) not violate any local, State, or Federal laws or ordinances; (6) assist the Department of Homeland Security in obtaining any necessary travel documents; and (7) comply with all Intensive Supervision Appearance Program (ISAP) conditions, including electronic monitoring. (Return at 5 n.1.)

1  distinguishable from that presented for the Ninth Circuit's consideration in *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991).  In *Picrin-Peron*, the Ninth Circuit found that the voluntary cessation exception did not apply because the government submitted a declaration stating that "[a]bsent Picrin's reinvolvement with the criminal justice system, a change in the Cuban government enabling him to return to Cuba, or the willingness of a third country to accept him, he will be paroled for another year."  *Id.* at 776.  In the instant matter, however, Respondents specifically retain the authority and discretion to re-detain Petitioner if "ICE is required by law to re-detain him."  (Rust Decl. ¶ 15.)  Whereas the government retained no discretion in *Picrin-Peron* absent conduct by others out of its control, Respondents in this case provide for an exception that swallows their stated intent not to re-detain.

Indeed, it is precisely the nature of Petitioner's discretionary release that prevents this Court from finding that it is "absolutely clear" that Petitioner will not be unlawfully detained in the future.[4]  The very fact that Petitioner was detained for nearly five years under the mandatory provision of 8 U.S.C. § 1226(c), but released, without explanation or concomitant change in policy, pursuant to Respondents' discretion under 8 U.S.C. § 1226(a), underscores the uncertainty of Petitioner's continued release status.  As discussed *supra,* in releasing Petitioner pursuant to its discretionary authority under 8 U.S.C. § 1226(a), Respondents have not been required to justify why Petitioner's prolonged detention was authorized under 8 U.S.C. § 1226(c), constitutional under the Due Process Clause, appropriate and non-discriminatory under Section 504 of the Rehabilitation Act, or whether and why Petitioner presented a serious risk of flight or danger to the community such that release conditions had to be imposed.  Respondents have neither offered an explanation for the sudden change in their position nor provided

---

[4] The parties appear to agree that the final resolution of Mr. Franco's removal case would definitively moot his Petition. (Pet'r Reply at 6 n.1.)

any guarantee against a turnabout in the future. Under these circumstances, the Court finds that the voluntary cessation doctrine applies in this case.

### C. Amendment of the Complaint is Not Futile

Respondents argue that Petitioner's proposed amended complaint is "clearly futile" because Petitioner's claims became moot upon his release. Respondents do not, however, argue that Petitioner's request for leave to amend is in bad faith or that it would cause Respondents prejudice. In light of the Court's ruling that the Petition is not moot as a matter of law, the Court also finds that the proposed Amended Complaint is not futile and leave to amend should have been granted.

## IV.
## CONCLUSION

In light of the foregoing,

(1)   Petitioner's Motion for Review of Magistrate Judge Bristow's September 3 Ruling is GRANTED;

(2)   Petitioner shall have 15 days from the date of this Order to file an amended complaint; and

(3)   Respondents shall have 15 days from the service of an amended complaint to file a responsive pleading.

IT IS SO ORDERED.

DATED:   October 18, 2010

_____
DOLLY M. GEE
United States District Judge