UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2211-DMG(DTB) | Date | NOVEMBER 30, 2010 |
|---|---|---|---|
| Title | JOSE ANTONIO FRANCO-GONZALEZ, ET AL. V. JANET NAPOLITANO, ERIC H. HOLDER, JR., ET AL. | | |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| Yolanda Skipper | Anne Kielwasser |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Ahilan T. Arulanantham | Victor Lawrence |
| Michael Steinberg | Samuel P. Go |
| | Neelam Ihsanullah |

**Proceedings:** TELEPHONIC STATUS CONFERENCE - PLAINTIFFS' *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY [Doc. # 60]; BOND REQUIREMENT UNDER FED. R. CIV. P. 65(c) [Doc. # 79]

The case is called and the parties state their appearance. On November 29, 2010, the parties filed a Joint Report Regarding Plaintiffs' *Ex Parte* Application for Expedited Discovery. [Doc. # 80] Although the parties met and conferred and were able to narrow some of their disputes, they were not able to consummate an agreement as to all the requested relief in Plaintiffs' renewed Expedited Discovery Application. Following oral argument, the Court ruled as follows:

1.   Defendants shall produce documents pertaining to Plaintiffs Aleksandr Petrovich Khukhryanskiy and Ever Francisco Martinez-Rivas ("Expedited Relief Plaintiffs") pursuant to Document Requests #1-8 as narrowed during the parties' "meet and confer" process by no later than **December 2, 2010 at noon**. Defendants shall provide Plaintiffs with a privilege log within two weeks from the date of production. The parties shall meet and confer to finalize an appropriate protective order which shall be in effect through the conclusion of this litigation, inclusive of any appeals. Expedited Relief Plaintiffs shall provide Defendants with at least a faxed or email copy of their executed privacy waivers by December 2, 2010 at noon, followed by transmission of the original signed waivers.

2. Expedited Relief Plaintiffs request leave to take the deposition of Robert Mason, the officer whom the Immigration Judge appointed to "assist" in the representation of Mr. Khukhryanskiy. Defendants offered to stipulate that the Government does not intend to defend against the preliminary injunction on the ground that Mr. Mason's assistance to Mr. Khukhryanskiy provided sufficient safeguards to satisfy due process. Plaintiffs expressed concern that Defendants might defend on the basis that the Government *could* provide sufficient safeguards to satisfy due process. The Court made clear to the parties that if Defendants' opposition to the preliminary injunction relies upon information within the scope of the discovery requests that was not provided to Plaintiffs, the Court may bar Defendants from using that information. In light of Defendants' above-stated stipulation, the Court denies Plaintiffs' request to take the deposition of Mr. Mason.

3. Expedited Relief Plaintiffs contend that, notwithstanding the requirement for the posting of a bond in Fed. R. Civ. P. 65(c), the Court should waive the bond requirement because Expedited Relief Plaintiffs are mentally ill and indigent, making the posting of any bond a hardship that would effectively deny them access to judicial review. Plaintiffs also argue that Defendants will not be damaged because the issuance of injunctive relief merely delays the removal proceedings and any briefing therefor. Defendants, on the other hand, urge the Court to uphold the statutory requirement of a bond and assert that the Government's damage can be measured by the cost per day of continuing to detain the Expedited Relief Plaintiffs, i.e., $95 per day per person for 14 days amounts to $2,660. Defendants therefore request that the Court require the Expedited Relief Plaintiffs to post a bond in the amount of $2,660.

In balancing the relative hardships of the parties, the Court notes that Defendants have detained Messrs. Khukhryanskiy and Martinez-Rivas for over seven months and twelve months, respectively. (Def.'s Req. for Judicial Notice, Exs. 58, 72.) The delay caused by the issuance of the temporary restraining order is *de minimis* when compared to the time Defendants kept the Expedited Relief Plaintiffs in mandatory detention. Given the uncontradicted evidence that the Expedited Relief Plaintiffs suffer from mental illness and do not have the financial means to post a bond, the Court hereby waives the bond requirement. *See, e.g.*, *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (nominal security not an abuse of discretion where "vast majority of aliens [affected by class action] were very poor"); *Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985) ("[t]he district court has discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review").

IT IS SO ORDERED.

cc: all parties

__: 43

CV-90 (2/10)            **CIVIL MINUTES - GENERAL**    Initials of Deputy Clerk YS