TONY WEST
United States Department of Justice
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director, District Court Section
SAMUEL P. GO
Senior Litigation Counsel, District Court Section
NICOLE R. PRAIRIE
Trial Attorney, District Court Section
NEELAM IHSANULLAH
Trial Attorney, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile: (202) 616-8962
E-mail: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*, | NO. CV 10-2211-DMG (DTBx) |
| Plaintiffs-Petitioners, | Hon. David T. Bristow |
| v. | |
| JANET NAPOLITANO, *et al.* | [~~PROPOSED~~] PROTECTIVE ORDER FOR DISCOVERY |
| Defendants-Respondents. | |

1       Pursuant to stipulation, IT IS HEREBY ORDERED that Plaintiffs and Defendants (collectively, "the Parties") are authorized to produce documents and other discovery, subject to the instant Protective Order. All discovery shall be used solely for the purposes of prosecuting or defending the above-captioned action (including any appeals or post-judgment proceedings thereon) (the "Action") and in any future disputes between and among the Parties to this Protective Order and related to the subject matter of this Action, including Plaintiffs' immigration proceedings ("Related Actions"). Such disclosure is subject to the following conditions:

1. As used in this Confidentiality Order, the term "Confidential Information" includes any information that is disclosed by the Parties in this action and which at or before the time of disclosure has been designated as "Confidential" by the Parties in one or more of the following ways:

    a. Information set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.

    b. Information contained in any document or part thereof may be so designated by marking the word "Confidential" on the document or by giving written notice to the other party describing the document or part thereof either specifically or by category.

    c. Information contained in any statement made during an oral deposition may be so designated through a statement made on the record.

    When producing documents, the Producing Party shall mark each page containing confidential information as "Confidential."

2. All discovery produced or exchanged labeled "Confidential" that is pursuant to this Protective Order shall be used solely for the purposes of litigating this Action or Related Actions and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms hereof.

3. For purposes of this Protective Order, "Qualified Persons" means (i) attorneys for the parties in this litigation, and employees of such attorneys to whom it is necessary that the discovery be shown for purposes of litigating the above-captioned proceeding and (ii) judges and court personnel involved in this Action or any of the Related Actions, including certified court reporters appearing at depositions, provided that the deposition court reporters are advised that the materials have been designated as "Confidential" and shall agree to keep such information confidential;

4. All discovery labeled "Confidential" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons. All copies of such discovery shall be maintained in the offices of counsel for the parties.

5. Nothing herein shall prevent disclosure beyond the terms of this Protective Order, if all parties consent to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Further, nothing in this Protective Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Protective Order, even if the same information is also produced under this Protective Order.

6. If Plaintiffs' counsel are required by law or court order to disclose, disseminate, or transmit "Confidential Information" produced under this Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for Defendants no less than 21 days prior to disclosure/dissemination/transmittal to enable Defendants to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the matter has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization not identified herein as a Qualified Person who receives "Confidential Information" shall be provided with a photocopy of the Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

1  7. The Parties may modify this Protective Order through a written agreement
2  signed by counsel for all parties. In the event that all parties do not agree to a proposed
3  modification, each party reserves the right to seek leave of the Court to modify this
4  Protective Order.

5  8. Plaintiffs will provide to Defendants' counsel copies of validly executed ICE
6  Form 60-001 (Privacy Waiver Authorizing Disclosure to a Third Party), attached herein
7  as Exhibit A, authorizing the release of records which may contain private, confidential,
8  or medical information to Plaintiffs' counsel.

9  9. In the event a party wishes to use any "Confidential Information" produced
10 under this Protective Order to move the Court to resolve a matter arising from litigating
11 the above-captioned proceeding only, or to oppose such motion, such pleadings shall be
12 filed in the public record in redacted form. An unredacted version of the same pleadings
13 shall be filed under seal with the Clerk of Court.

14 10. The Clerk of this Court is directed to maintain under seal all documents and
15 other pleadings filed under seal with the Court in this litigation which have been
16 designated in whole or in part as containing "Confidential Information" produced under
17 this Protective Order.

18 11. Within ten (10) days after the final disposition of the above-captioned case,
19 including any and all appeals, all discovery and copies thereof in the possession of all
20 Qualified Persons shall be returned to the producing parties or destroyed, except as this
21 Court may otherwise order. Counsel of record may maintain a complete set of discovery
22 for their records, provided that such counsel maintain the confidential nature of the
23 discovery.

24 12. This Protective Order shall not bar any attorney herein, in the course of
25 rendering advice to his or her client with respect to the above-captioned litigation, from
26 conveying to any party client his or her evaluation in a general way of information
27 contained in the discovery produced under this Protective Order.
28

1    13.    The terms of this Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Protective Order.

14.    If a Party disagrees with a designation of information under ¶ 1, it shall provide the Producing Party written notice of its challenge. If the Parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes. The Producing Party bears the burden of showing that information is Confidential. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

15.    If a Party inadvertently fails to designate material as "Confidential" at the time of production, it shall notify all Receiving Persons of its failure within five business days of discovery. The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

16.    Local Rule 79-5.1 provides, in part: "Except when authorized by statute or federal rule, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing." Parties to this action shall cooperate to seek the Court's approval of filing under seal any filings including any information designated "Confidential."

17.    In the event that any information designated "Confidential" is used in any proceeding in connection with this litigation, it shall not lose its "Confidential" status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

1     18.    Nothing in this Protective Order precludes any Qualified Person from showing a document containing information designated "Confidential" to an individual who prepared or received the document, or from disclosing information designated "Confidential" to a current employee of the Producing Party.

     19.    Nothing in this Protective Order shall be construed to prevent the disclosure of information contained in Plaintiffs' medical or other individual immigration records labeled "Confidential" should the individual Plaintiff provide express written consent to such disclosure.

     20.    This Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall be considered to have been in place and retroactive as of January 21, 2011.

IT IS SO ORDERED.

DATED: June 7, 2011

_____
THE HON. DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE