# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **CV 10-2211-DMG (DTB)**                              Date: **August 19, 2011**

Title:  **Jose Antonio Franco-Gonzalez v. Eric H. Holder, Jr.**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Deb Taylor | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEY PRESENT FOR PLAINTIFFS:           ATTORNEY PRESENT FOR DEFENDANTS:
         None Present                                           None Present

**PROCEEDINGS:**         **RULING RE: PROTECTIVE ORDER**

On July 28, 2011, the parties filed a Joint Stipulation wherein, *inter alia*, they agreed to produce certain discovery information ("Jt. Stip."). The District Court granted the Joint Stipulation on July 29, 2011. Pursuant to the Joint Stipulation, the parties agreed that a stipulated protective order would govern the information produced thereby. However, the parties were unable to agree to the terms of a protective order. While the parties have resolved the majority of their disputes regarding the protective order, the parties are in disagreement as to the scope of use by defendants of information which plaintiffs have agreed to produce (all the names of the individuals and their A-numbers whom they believe to be members of their class and subclasses). (See Jt. Stip. at 8.) Plaintiffs are concerned that if they produce this information, defendants will use the information to provide the requested relief to such plaintiffs, and thereby "moot out" these proposed members in order to prevent class certification. (Plaintiffs' August 9, 2011 Letter Brief ("Pl. Brief") at 1.) On the other hand, defendants contend that plaintiffs' proposed language for the protective order would unreasonably restrict their ability to carry out their "statutorily authorized functions." (Defendants' August 9, 2011 Letter Brief ("Def. Brief") at 3.)

At the most recent telephonic status conference held on August 16, 2011, the Court ordered the parties to submit their final positions regarding this dispute. On August 18, 2011, the parties filed a Joint Statement Regarding Stipulated Protective Order for Discovery Produced Pursuant to Parties' July 29, 2011 Joint Stipulation ("Jt.

MINUTES FORM 11                                                        Initials of Deputy Clerk dts
CIVIL-GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | CV 10-2211-DMG (DTB) | August 19, 2011 |
| | <u>Jose Antonio Franco-Gonzalez v. Eric H. Holder, Jr.</u> | Page 2 |

---

Stat."). As the parties have agreed, most recently at the August 16, 2011 status conference, the Court shall resolve the remaining dispute and the parties have agreed to be bound by this Court's ruling. Therefore, pursuant to this agreement, the Court now rules as follows:

As the Court previously advised the parties, the Supreme Court has indicated that in class actions alleging claims similar in nature to those raised in the instant litigation, even if a class representative is provided with the requested relief, thereby rendering that plaintiff's claims moot, this would have no bearing on the claims of the unnamed members of the class. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 51-52, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991); <u>see</u> also <u>Sosna v. Iowa</u>, 419 U.S. 393, 402, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975) (providing that a case or controversy "may exist . . . between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot."). <u>McLaughlin</u> involved a class action challenging the timeliness of probable cause determinations to persons arrested without a warrant. 500 U.S. at 47. The County of Riverside argued that the plaintiffs lacked standing because the named plaintiffs had since received a probable cause determination. <u>Id.</u> at 50-51. The Court disagreed. At the time the second amended complaint was filed, the plaintiffs were suffering from a direct and current injury as a result of their detention. <u>Id.</u> at 51. While the claims of the named plaintiffs were later rendered moot, "the termination of a class representative's claim does not moot the claims of the unnamed members of the class" even where the class is not certified until after the named plaintiffs' claims have become moot. <u>Id.</u> at 51-52 (citations omitted). As the Supreme Court explained, "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." <u>Id.</u> at 52 (alternation in original, citation omitted). This Court concludes that, like the claims alleged in <u>McLaughlin</u>, plaintiffs' allegations in the present action are similarly "transitory" such that the Supreme Court's holding in <u>McLaughlin</u> is applicable to the instant action at least for purposes of resolving this discovery dispute. In light of this authority, it appears that if defendants should provide the putative class members with the relief sought by way of this action, this would not deprive the District Court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | **CV 10-2211-DMG (DTB)** | **August 19, 2011** |
| | <u>**Jose Antonio Franco-Gonzalez v. Eric H. Holder, Jr.**</u> | **Page 3** |

---

jurisdiction or the certification of the class.  However, out of an abundance of caution, the Court finds that the defendants shall be affirmatively estopped from challenging the standing of any such plaintiffs in order to prevent class certification.  As such, defendants are estopped from challenging potential class membership of any putative class member identified by information provided by plaintiffs pursuant to the Joint Stipulation.  Defendants are not prohibited from pursuing their statutory or regulatory duties or providing any such putative plaintiffs with the relief sought in this action.  However, providing such relief will not affect the status of such putative plaintiffs as prospective class members or class representatives.

In light of this ruling, the Court adopts the language offered by defendants in their August 18, 2011 proposed stipulated protective order (Jt. Stat., Ex. B) with respect to Paragraphs 8(g), (h), (i) and 13(a), with the additional language in Paragraph 16 as follows:

*16.     Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Stipulated Protective Order affect the right of either Party to seek additional protection against the disclosure of any documents or materials, or of the Parties to seek additional disclosures except as follows:*

*a.     With respect to those individuals identified by plaintiffs pursuant to Paragraph II of the Joint Stipulation, defendants' provision of any relief as requested in this action shall not be a basis for challenging standing or class certification to any such plaintiff.*

IT IS SO ORDERED.


cc:     Judge Gee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:   **CV 10-2211-DMG (DTB)**                                              **August 19, 2011**
            **Jose Antonio Franco-Gonzalez v. Eric H. Holder, Jr.**                          **Page 4**

------------------------------------------------------------------