TONY WEST
United States Department of Justice
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director, District Court Section
SAMUEL P. GO
Senior Litigation Counsel, District Court Section
NICOLE R. PRAIRIE
Trial Attorney, District Court Section
NEELAM IHSANULLAH
Trial Attorney, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile:  (202) 616-8962
E-mail: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*, | NO. CV 10-2211-DMG (DTBx) |
| Plaintiffs-Petitioners, | Hon. David T. Bristow |
| v. | |
| JANET NAPOLITANO, *et al.* | STIPULATED PROTECTIVE ORDER FOR DISCOVERY PRODUCED PURSUANT TO PARTIES' JULY 29, 2011 JOINT STIPULATION |
| Defendants-Respondents. | |

Introduction

On July 29, 2011, the Court entered a Joint Stipulation (Stipulation) in which the Parties agreed to produce certain information on or before September 2, 2011.[1] This Stipulated Protective Order governs all information produced in accordance with that Stipulation only, and does not govern prior or future discovery productions which may occur in this litigation.

There are two categories of information that Defendants will produce as a result of the Stipulation. The first category consists of documents which will contain personally identifiable information in the form of partial A-numbers of Immigration and Customs Enforcement (ICE) detainees (A-numbers). *See* Stipulation, Dkt. # 252 at 3-6, Sections I.A.i-v. Defendants assert that the disclosure of these documents cannot occur without entry of this Stipulated Protective Order.

The second category of information that Defendants will produce as a result of the Stipulation will contain mental competency evaluations of ICE detainees that occurred between May 2008 and May 2011 (Competency Evaluations). *See* Stipulation, Dkt. # 252 at 6-7, Section I.A.vi. Defendants assert that the disclosure of these documents also cannot occur without entry of this Stipulated Protective Order.

In addition, per the Stipulation, Plaintiffs will produce to Defendants all the names of the individuals they have identified by name and circumstances whom they believe to be members of their class and subclasses. *See* Stipulation, Dkt. # 252 at 7-8, Section II. Plaintiffs assert that the disclosure of the names of the individuals cannot occur without entry of this Stipulated Protective Order.

---

[1] In some cases, the information may be produced after September 2, 2011. *See* Stipulation at 9, n6.

Per the Stipulation, this Protective Order will govern the three categories of information identified above that the Parties will produce pursuant to the July 29, 2011 Joint Stipulation. *See* Stipulation at 11-12. Good cause exists for the entry of this Stipulated Protective Order because the discovery produced pursuant to the Parties' July 29, 2011 Joint Stipulation as described above will result in the disclosure by the parties of personal and confidential information, including personally identifiable information and medical information of individuals who are or were in the custody of the Department of Homeland Security, and who may be members of the putative class and subclasses Plaintiffs seek to certify in this action. The Parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall govern all information produced in accordance with the July 29, 2011 Stipulation only, and does not govern prior or future discovery productions which may occur in this litigation.

2. (a) Pursuant to 5 U.S.C. § 552a(b)(11), this Stipulated Protective Order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and/or HIPAA, 45 C.F.R. § 164.512, and without presenting Privacy Act or HIPAA objections to this Court for a decision regarding disclosure. To the extent the Privacy Act and/or HIPAA allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of a protective order) by other applicable privileges, statutes, regulations or

authorities by which Defendants may be bound. The terms of this Stipulated Protective Order shall also govern the safeguarding of such information by all individuals referenced herein.

(b) Although Defendants have not yet completed their file-by-file review, Defendants anticipate any withholding or redaction will most likely be limited to information restricted from disclosure by immigration-related confidentiality provisions such as the provisions regarding asylum, temporary protected status (TPS), special agricultural worker (SAW) and legalization applications, Violence Against Women Act (VAWA) and "T"/"U" visa applicants. Defendants will produce a log identifying the basis for any redactions. For the referenced immigration-related confidentiality provisions, Defendants will note the reason for the withholding or redaction as "confidential immigration-related information." Should Plaintiffs have a good faith basis to believe that Defendants without justification have redacted or withheld information in any of the documents produced pursuant to the Joint Stipulation, Plaintiffs shall have the right to petition the Court for an in camera review of those documents to determine whether such redactions were proper. The Parties agree that, subject to the Court's availability, such in camera review shall take place on an expedited basis due to the time constraints in this matter.

3. As used in this Stipulated Protective Order, the term "Confidential Information" constitutes the following: (a) the names, whole or partial alien numbers, locations of, or any other identifying information which would allow the identification of the particular individual(s) to whom the information relates; and (b) individual medical information, including but not limited to competency evaluations; and (c) any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced. If a designating party determines that information not described in

this paragraph should be designated "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. Information that is publicly available, aggregate information concerning class members, and information that does not permit the identification of the particular individuals to whom the information relates is not considered "Confidential Information."[2]

    4.    Any and all confidential information contained in documents produced by Defendants to Plaintiffs as a result of the Parties' July 29, 2011 Stipulation which requires disclosure of partial A-numbers or disclosure of mental competency evaluations shall be designated "Defendants' Confidential Information." All information produced by the Department of Homeland Security pursuant to this Stipulation will be marked specifically as "ICE-JS." All information produced by the Department of Justice pursuant to this Stipulation will be marked as "DOJ-JS."

    5.    Any and all information produced by Plaintiffs to Defendants pursuant to Section II of the Stipulation, which will be produced within three (3) days after this Protective Order is entered, shall be designated "Plaintiffs' Confidential Information." Plaintiffs will mark the production of their documents pursuant to the Stipulation with "JS" as well.

    6.    "Confidential Information" may be so designated by the Parties simply by inserting the word "Confidential" in a conspicuous place on any documents produced as a result of the Parties' July 29, 2011 Stipulation.

---

[2] Defendants anticipate that nearly every document they produce will have a partial A number or medical information, and thus will be marked as confidential.

      a.    "Confidential Information" contained in any statement made during an oral deposition may be designated as "Confidential" through a statement made on the record.

      b.    Plaintiffs may provide to Defendants' counsel copies of validly executed ICE Forms 60-001 (Privacy Waiver Authorizing Disclosure to a Third Party) and/or Form DOJ-361 (Certification of Identity), attached herein as Exhibits A & B, authorizing the release of records which are otherwise properly designated as "Confidential Information" to Plaintiffs' counsel.

7.    If a Party disagrees with a designation of "Confidential Information," it shall provide the Producing Party written notice of its challenge. If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes. The Producing Party bears the burden of showing that information is "Confidential" as defined herein. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

8.    Information designated as "Confidential Information," including the portion of any document containing "Confidential Information," may be disclosed only to the following Qualified Persons:

      a.    counsel for the parties to this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know;

      b.    any experts retained for this action by counsel to a party or support staff or employees of such an expert, subject to paragraph 8(f);

      c.    any other person mutually authorized by the parties' counsel to examine such information, subject to paragraph 8(f);

      d.    the Court and its personnel, including court reporters;

      e.    potentially percipient witnesses; and

   f. All persons listed in paragraphs 8(b), 8(c) and 8(e) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Stipulated Protective Order and agree to be bound by its terms as specified in Exhibit C, attached hereto. This requirement does not apply to the disclosure of "Confidential Information" to the Court and its personnel, including court reporters.

   g. "Plaintiffs' Confidential Information," as defined in paragraph 5, may be shared only with counsel for Defendants who have made appearances in this matter, ICE, DHS and EOIR counsel, the administrative staff of such attorneys, and the Court and its personnel, including court reporters.

   h. Notwithstanding subparagraph 8(g), ICE, DHS and EOIR Counsel are in no way prevented from discussing the cases of these individuals in order to carry out their operations and proceedings. Nothing in this Stipulated Protective Order shall limit or in any way restrict Defendants' use of information obtained through a source other than through discovery production. Further, Defendants are in no way restricted from performing statutorily authorized functions as they pertain to such individuals and may not be held liable for fully executing such authority in ordinary course, notwithstanding this Stipulated Protective Order.

   i. Nothing in subparagraph 8(g) and (h), *supra*, shall limit or in any way restrict the information on which Plaintiffs may rely to establish standing in this action or numerosity with respect to the class or subclasses.

  9. All discovery labeled "Confidential Information" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons.

  10. All persons listed in paragraph 8(a) to whom "Confidential Information" is disclosed are hereby prohibited from disclosing to, or otherwise

discussing with, any person other than those listed in paragraph 8(a)-(e), any information designated as "Confidential Information," except as provided in this Stipulated Protective Order.

11. In the event a party wishes to use any "Confidential Information" produced under this Stipulated Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5. The Clerk of this Court is directed to maintain under seal all documents and other pleadings filed under seal with the Court in this litigation which has been designated in whole or in part as containing "Confidential Information" produced pursuant to this Stipulated Protective Order.

12. If counsel for any party is required by law or court order to disclose, disseminate, or transmit "Confidential Information" produced under this Stipulated Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for the Parties no less than 14 days prior to disclosure/dissemination/transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until this matter has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who receives "Confidential Information" shall be provided with a photocopy of the Stipulated Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

13. Except as provided in this paragraph or elsewhere in this Stipulated Protective Order, all "Confidential Information" produced or exchanged pursuant to this Stipulated Protective Order shall be used solely for the purposes of

litigating this Action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Stipulated Protective Order.

    a.    The limitations and restrictions on "Confidential Information" in this Stipulated Protective Order shall not apply with respect to information obtained through a source other than through discovery production.

    b.    This Stipulated Protective Order shall not preclude any party from disclosing publicly available information.

    14.    The parties shall maintain "Confidential Information" as follows:

    a.    Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with paragraphs 8(a), 8(b), 8(c) and 8(e) shall maintain "Confidential Information" pursuant to the terms of this Stipulated Protective Order, subject to further order by this Court (this provision does **not** apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters). Within ten (10) days after the final disposition of this action, including any and all appeals, all discovery and copies thereof in the possession of Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with paragraphs 8(a), 8(b), 8(c) and 8(e), shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order. Nothing in this provision shall require the redaction of briefing, but shall relate to the maintenance of discovery materials.

    b.    Notwithstanding subparagraph 14(a), counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after resolution of the case or after

any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Stipulated Protective Order.

15. If a Party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall attempt to notify all Receiving Persons of its failure within five business days of discovery. The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

16. Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Stipulated Protective Order affect the right of either Party to seek additional protection against the disclosure of any documents or materials, or of the Parties to seek additional disclosures except as follows:

(a) With respect to those individuals identified by plaintiffs pursuant to Paragraph II of the Joint Stipulation, defendants' provision of any relief as requested in this action shall not be a basis for challenging standing or class certification to any such plaintiff.

17. Nothing in this Stipulated Protective Order Shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.4.

18. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order, if all parties consent to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

19. Nothing in this Stipulated Protective Order prohibits either party from sharing with the Court information concerning anyone named as a

result of this production, provided such information is filed pursuant to the rules governing the filing of Confidential Information.

20. The Parties may modify this Stipulated Protective Order through a written agreement signed by counsel for all parties. In the event that all parties do not agree to a proposed modification, each party reserves the right to seek leave of the Court to modify this Stipulated Protective Order.

21. This Stipulated Protective Order shall be binding upon any present or future party to the *Franco, et al. v. Napolitano, et al.*, No. 10-cv-2211-DMG (DTBx) (C.D. Cal.), litigation as it relates to the production of information as a result of the Parties' July 29, 2011 Stipulation.

22. The terms of this Stipulated Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Stipulated Protective Order.

IT IS SO ORDERED.

DATED: August 29, 2011

THE HON. DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT C**

## **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I,_____, am aware of with the litigation in *Franco-Gonzalez, et al., v. Napolitano, et al.*, No. CV 10-2211-DMG (DTBx) (C.D. Cal.) in the capacity of _____.  I do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order for Discovery Produced Pursuant to Parties' July 29, 2011 Joint Stipulation in the above referenced matter on_____, and hereby agree to be comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Executed this _____day of ____ at_____.

Signature: _____