UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
| Title | *Jose Antonio Franco-Gonzalez, et al. v. Janet Napolitano, et al.* | Page | 1 of 8 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFS' *EX PARTE* APPLICATION FOR NOTICE [DOC. # 349]**

On December 1, 2011, Plaintiffs filed an *ex parte* application for notice [Doc. # 349]. On December 7, 2011, Defendants filed an opposition [Doc. # 354].

Plaintiffs seek an order from this Court requiring Immigration Judges, Department of Homeland Security ("DHS") personnel, and detainees to be notified about this action, given information to identify class members, and instructed to send information about class members to Plaintiffs' counsel. According to Plaintiffs, identification of all class members is "virtually impossible" without the active involvement of Immigration Judges and DHS personnel because class members suffer from serious mental disorders, which hinder their ability to understand a notice informing them of the action and their potential rights under it.

Plaintiffs present the Court with three separate notices: (1) Notice to Immigration Judges, (2) Notice to Field Office Directors, Assistant Field Office Directors, Officers in Charge, and IHSC Personnel, and (3) Detention Facility Notice. The proposed notices require Immigration Judges and DHS officials to both identify class members and provide Plaintiffs' counsel with information to help identify class members.

Pursuant to Rule 23(c)(2)(A), the Court "may direct appropriate notice to the class" for classes certified under Rule 23(b)(2). Fed. R. Civ. P. 23(c)(2)(A). Rule 23(d)(2) permits the Court to issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action." Fed. R. Civ. P. 23(d)(1); *see also Barahona-Gomez v. Reno,* 167 F.3d 1226, 1236 (9th Cir. 1999). Rule 23(d) authorizes the Court to order one of the parties to perform the tasks necessary to send notice. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 355, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In certain circumstances, where a defendant may be able to identify class members with less difficulty or expense than could the representative plaintiff, the Court may exercise its

---

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
| Title | *Jose Antonio Franco-Gonzalez, et al. v. Janet Napolitano, et al.* | Page | 2 of 8 |

discretion under Rule 23(d) to require the defendant's cooperation in doing so.  *Id*. at 355-56; *see also Barahona-Gomez* ,167 F.3d at 1237.

      Defendants object to Plaintiffs' proposed notices on the grounds that they are tantamount to Rule 26 discovery requests and require Defendants to engage in improper *ex parte* communications directly with Class Counsel regarding a subject of representation.  Defendants propose an alternative Detention Facility Notice, as well as an internal form notice for Immigration Judges and Immigration and Customs Enforcement ("ICE") personnel.  Defendants state that they will issue such notice to Immigration Judges and certain DHS personnel directing them to identify any class members to Defendants' counsel who, in turn, would apprise Class Counsel of the new class members identified.  (Defs.' Opp'n at 9.)

      Citing *Oppenheimer Fund*, Plaintiffs contend that "Rule 23(d) [] authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent."  437 U.S. at 355.  In *Oppenheimer Fund,* the United States Supreme Court held that the district court acted within its Rule 23(d) authority in ordering the defendants to direct the transfer agent to make the records of potential class members available to the plaintiffs and to require the cost to be borne by the plaintiffs.  *Id.* at 359-60.

      The situation presented in *Oppenheimer Fund* differs from the scenario at hand in a number of key respects.  First, the class notice at issue in this case is permissive under Rule 23(c)(2)(A) (*i.e.,* the Court "may direct" appropriate notice to the class) rather than mandatory under Rule 23(c)(2)(B).  Second, while the court in *Oppenheimer Fund* required the defendants to make the records of potential class members <u>available</u> to the plaintiffs, the court did not—as Plaintiffs request here—require the defendants to communicate directly with class counsel.  Here, Defendants propose issuing notice to the Immigration Judges and ICE representatives that requires them to report class members' names to Defendants' counsel.  The Court finds that such notice is consistent with the principles outlined in *Oppenheimer Fund*.

      Plaintiffs also cite *Barahona-Gomez v. Reno,* 167 F.3d 1228 (9th Cir. 1999), in support of their position that the Ninth Circuit has interpreted Rule 23(d) to authorize notice to prevent unlawful deportation of class members.  While the court in *Barahona-Gomez* upheld the district court's requirement that the defendants provide notice to the class members, the court did not—as Plaintiffs request here—require the defendants to provide information identifying the class members to the class counsel.  Here, Defendants have agreed to issue both a Detention Facility Notice, as well as notice to Immigration Judges and ICE personnel, which requests that such individuals report information about class members to Defendants' counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
|---|---|---|---|
| Title | *Jose Antonio Franco-Gonzalez, et al. v. Janet Napolitano, et al.* | Page | 3 of 8 |

    As such, absent an agreement between the parties regarding a reasonable form of notice, the Court finds that the (1) Detention Facility Notice, substantially in the form attached hereto as Exhibit A, and (2) Notice to Government Agency Personnel[1] Handling Detained Dockets Where the Alien May Have a Serious Mental Health Disorder or Defect, substantially in the form attached hereto as Exhibit B, are appropriate and sufficient under Rules 23(c)(2)(A) and 24(d)(1) to provide notice to, and to protect, class members.

    In light of the foregoing, Plaintiffs' *ex parte* application for notice is **GRANTED IN PART** as follows:

1. Defendants shall disseminate the Detention Facility notice, substantially in the form attached hereto as Exhibit A, to all detention centers where class members may reside by no later than December 30, 2011.

2. Defendants shall disseminate the Government Agency Personnel notice, substantially in the form attached hereto as Exhibit B, to Immigration Judges, ICE OPLA attorneys, Field Office Directors, Assistant Field Directors, Officers in Charge, and IHSC Personnel by no later than December 30, 2011. Identifying information about Class members obtained through this notification process shall be provided to Class Counsel.

**IT IS SO ORDERED.**

---

[1] Government Agency Personnel to whom this notice is to be provided shall include Immigration Judges, attorneys within the Office of the Principal Legal Advisor ("OPLA") of the U.S. Immigration and Customs Enforcement ("ICE"), Field Office Directors, Assistant Field Directors, Officers in Charge, and ICE Health Services Corps ("IHSC") Personnel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
| Title | *Jose Antonio Franco-Gonzalez, et al.  v. Janet Napolitano, et al.* | Page | 4 of 8 |

## Exhibit A

**Detention Facility Notice**

> Please read this notice.
> If you have a serious mental disorder and do *not* have a lawyer, you may have important rights in connection with your immigration case.
> If you know of a detainee who has a serious mental disorder and does not have an attorney, please give them this notice or contact Marisol Orihuela and give her the information requested below.

     A federal court has approved a "class action," which is a lawsuit brought on behalf of a group of people (instead of a single person).  If you have a serious mental disorder, are detained, and do not have an attorney representing you, you may be part of a class action called *Franco-Gonzalez v. Napolitano*.  The lawsuit argues that the "class" – detainees with serious mental disorders who do not have an attorney – have additional rights, such as the right to a mental competency evaluation, free legal representation if the person is mentally incompetent, and a bond hearing with legal representation if the person has been detained for longer than six months without a bond hearing.

     If you are a member of the "class," you do not need to sign up to be part of the lawsuit.  You also cannot choose to be left out of the suit.  The rights of the "class" will be determined through the lawsuit.

     If you have a serious mental disorder and are not represented by an attorney, please contact Marisol Orihuela (morihuela@aclu-sc.org / 213.977.5284 / ACLU

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
| Title | *Jose Antonio Franco-Gonzalez, et al.  v. Janet Napolitano, et al.* | Page | 5 of 8 |

of Southern California, 1313 W 8th Street, Los Angeles, CA 90017) and provide her with the following information:

- Your name

- Your A#

- Your location (Detention facility, City, State)

- Any information you have about your mental disorder or defect

- The date of your next court hearing.  If you have no future court hearings, any information you have about the last order in your case, and any other information about when you may be removed from the United States

- How long you have been detained

- Any other information you believe is important

---

CV-90                                **CIVIL MINUTES—GENERAL**                       Initials of Deputy Clerk vv

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
|---|---|---|---|
| Title | **Jose Antonio Franco-Gonzalez, et al.  v. Janet Napolitano, et al.** | Page | 6 of 8 |

## Exhibit B

### NOTICE TO GOVERNMENT AGENCY PERSONNEL HANDLING DETAINED DOCKETS WHERE THE ALIEN MAY HAVE A SERIOUS MENTAL HEALTH DISORDER OR DEFECT[2]

On November 21, 2011, the United States District Court for the Central District of California certified a Plaintiff Class pursuant to Fed. R. Civ. P. 23(b)(2) in the federal court case of *Franco-Gonzalez, et al. v. Napolitano, et al.*, CV 10-02211 DMG (DTB), as follows:

Plaintiff Class:

> *All individuals who are or will be in DHS custody for removal proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings.*

In addition, the Court certified two subclasses:

Subclass 1:   *Individuals in the above-named Plaintiff Class who have a serious mental disorder or defect that renders them incompetent to represent themselves in detention or removal proceedings.*

Subclass 2:   *Individuals in the above-named Plaintiff Class who have been detained for more than six months.*

As a result of the Court's action in certifying the class, Defendant Department of Homeland Security, through counsel, plans to inform Plaintiffs' counsel in the federal litigation about the identities of individuals who may fall within the class definitions as defined above.

If you are an Immigration Judge, ICE OPLA attorney, Field Office Director, Assistant Field Director, Officer in Charge, or IHSC Personnel and you believe that you are aware of an

---

[2] Government Agency Personnel to whom this notice is to be provided shall include Immigration Judges, attorneys within the Office of the Principal Legal Advisor ("OPLA") of the U.S. Immigration and Customs Enforcement ("ICE"), Field Office Directors, Assistant Field Directors, Officers in Charge, and ICE Health Services Corps ("IHSC") Personnel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
|---|---|---|---|
| Title | *Jose Antonio Franco-Gonzalez, et al.  v. Janet Napolitano, et al.* | Page | 7 of 8 |

individual who falls within the Plaintiff Class or one of the Subclasses, please promptly transmit that information to [**Defendants shall identify a specific contact person and provide that person's contact information**].

For purposes of determining whether an alien may be a member of the class, Immigration Judges, ICE OPLA attorneys, Field Office Directors, Assistant Field Directors, Officers in Charge, and IHSC Personnel shall report the names, A#, and locations of any unrepresented detained alien in DHS custody in California, Arizona, or Washington, who has been identified to them as having "a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings."  For purposes of this reporting requirement, all unrepresented aliens for whom there are indicia of mental incompetency shall be reported.

Class members likely include, but are not limited to:

- Individuals whose cases were continued using Code 53

- Individuals for whom a friend, relative, or other third party appeared pursuant to 8 C.F.R. § 1240.4

- Individuals who were not permitted to plead to the charge of removability pursuant to 8 C.F.R. § 1240.10(c) based on mental competency concerns

- Individuals whose removal proceedings were administratively closed or terminated based on mental competency concerns

- Individuals whose I-213, prior criminal records, or other medical records demonstrate that they may suffer from a serious mental disorder or defect

- Individuals who have been diagnosed with the following disorders:  (1) psychosis or psychotic disorders; 2) bipolar disorders; 3) schizophrenic or schizoaffective disorders; 4) hallucinations; 5) suicidal ideation, including anyone on "Suicide Watch"; 6) dementia and other cognitive disorders; 7) people with a personal history of mental disorder; 8) major depressive disorder; 9) mood disorder not otherwise specified; and 10) depressive disorder not otherwise specified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-02211 DMG (DTBx)** | Date | December 13, 2011 |
|---|---|---|---|
| Title | *Jose Antonio Franco-Gonzalez, et al.  v. Janet Napolitano, et al.* | Page | 8 of 8 |

- Individuals for whom ICE requested emergency psychiatric treatment (such as through a "Treatment Authorization Request" or "TAR")

- Individuals detained at a psychiatric facility or in the psychiatric wing of a detention facility

- Individuals on whom DHS effectuated service of charging documents pursuant to 8 C.F.R. 103.5a(c)(2) due to their mental competency