TONY WEST
United States Department of Justice
Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director, District Court Section
SAMUEL P. GO
Senior Litigation Counsel, District Court Section
NICOLE R. PRAIRIE
Trial Attorney, District Court Section
NEELAM IHSANULLAH
Trial Attorney, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile: (202) 616-8962
E-mail: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*, | NO. CV 10-2211-DMG (DTBx) |
| Plaintiffs-Petitioners, | Hon. David T. Bristow |
| v. | |
| JANET NAPOLITANO, *et al.* | [~~PROPOSED~~] PROTECTIVE ORDER FOR DISCOVERY |
| Defendants-Respondents. | |

Pursuant to the parties' stipulation, this Protective Order will govern discovery produced as a result of Plaintiffs' October 17, 2011 requests for production, November 29, 2011 requests for production, and December 13, 2011 requests for production, Defendants' November 30, 2011 requests for production and January 10, 2012 requests for production, as well as any further merits discovery.  Good cause exists for the entry of this Stipulated Protective Order because the discovery produced in this case is likely to result in the disclosure by the parties of personal and confidential information, including personally identifiable information and medical information of individuals who are or were in the custody of the Department of Homeland Security. The Parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall govern all information produced as a result of Plaintiffs' October 17, 2011, November 29, 2011, and December 13, 2011 requests for production, Defendants' November 30, 2011 and January 10, 2012 requests for production, or produced in the course of any further merits discovery in this case.

2. Pursuant to 5 U.S.C. § 552a(b)(11) and 45 C.F.R. § 164.512(e), this Stipulated Protective Order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and/or HIPAA, 45 C.F.R. § 164.512, and without presenting Privacy Act or HIPAA objections to this Court for a decision regarding disclosure. To the extent the Privacy Act and/or HIPAA allows the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of

SULLIVAN & CROMWELL LLP

information that is prohibited from disclosure (even with the entry of this protective order) by other applicable privileges, statutes, regulations or authorities by which Defendants may be bound. The terms of this Stipulated Protective Order shall also govern the safeguarding of such information by all individuals referenced herein.

3. As used in this Stipulated Protective Order, the term "Confidential Information" constitutes the following: (a) the names, whole or partial alien numbers, locations of, or any other identifying information which would allow the identification of the particular individual(s) to whom the information relates; (b) individual medical information, including but not limited to competency evaluations; (c) names, locations of, any other identifying information which would allow the identification of the particular individual(s) to whom the information relates, or testimony on the record, of individuals not related to this litigation; and (d) any information that is protected or restricted from disclosure by statute or regulation, but which the Court may order to be produced. If a designating party determines that information not described in this paragraph should be designated "Confidential Information," the parties shall negotiate the appropriateness of that designation in good faith and endeavor to resolve any dispute prior to the production of that information. Information that is publicly available, aggregate information concerning class members, and information that does not permit the identification of the particular individuals to whom the information relates is not considered "Confidential Information."

4. Any and all confidential information contained in documents produced by Defendants to Plaintiffs as a result of discovery governed by this Protective Order shall be designated "Defendants' Confidential Information."

5. Any and all confidential information produced by Plaintiffs to Defendants as a result of discovery governed by this Protective Order shall be designated "Plaintiffs' Confidential Information."

6. "Confidential Information" may be so designated by the Parties simply by inserting the word "Confidential" in a conspicuous place on any documents produced as a result of discovery governed by this Protective Order. "Confidential Information" contained in any statement made during an oral deposition may be designated as "Confidential" through a statement made on the record.

7. If a Party disagrees with a designation of "Confidential Information," it shall provide the Producing Party written notice of its challenge. If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes. The Producing Party bears the burden of showing that information is "Confidential" as defined herein. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

8. Information designated as "Confidential Information," including the portion of any document containing "Confidential Information," may be disclosed only to the following Qualified Persons:

   a. counsel for the parties to this action and any support staff and other employees of such counsel or defendants assisting in this action with an appropriate need to know;

   b. any experts retained for this action by counsel to a party or support staff or employees for such an expert, subject to paragraph 9;

   c. any other person mutually authorized by the parties' counsel to examine such information, subject to paragraph 9;

   d. the Court and its personnel, including court reporters; and

   e. potential percipient witnesses.

9. All persons listed in paragraph 8(b), 8(c) and 8(e) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Stipulated Protective Order and agree to be bound by its terms as specified in Exhibit C,

attached hereto. This requirement does not apply to the disclosure of "Confidential Information" to the Court and its personnel, including court reporters.

10. Nothing in this Protective Order shall limit or in any way restrict DHS and DOJ Counsel from discussing the cases of these individuals in order to carry out their operations and proceedings. Nothing in this Stipulated Protective Order shall limit or in any way restrict Defendants' use of information obtained through a source other than through discovery production. Further, nothing in this Stipulated Protective Order shall restrict Defendants from performing statutorily authorized functions as they pertain to such individuals, and they may not be held liable for fully executing such authority in ordinary course, notwithstanding this Stipulated Protective Order.

11. All discovery labeled "Confidential Information" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons.

12. All persons listed in paragraph 8(a) to whom "Confidential Information" is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 8(a)-(e), any information designated as "Confidential Information," except as provided in this Stipulated Protective Order.

13. In the event a party wishes to use any "Confidential Information" produced under this Stipulated Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5. The Clerk of this Court is directed to maintain under seal all documents and other pleadings filed under seal with the Court in this litigation which has been designated in whole or in part as containing "Confidential Information" produced pursuant to this Stipulated Protective Order.

14. If counsel for any party is required by law or court order to disclose, disseminate, or transmit "Confidential Information" produced under this Stipulated

1  Protective Order to any person or entity not identified herein as a Qualified Person, the
2  name of that person or entity and the reason access is required shall be provided to
3  counsel for the Parties no less than 14 days prior to disclosure/dissemination/transmittal
4  so as to provide the producing party sufficient time to object and seek a protective
5  order as necessary.  There shall be no disclosure after an objection has been made
6  until this matter has been resolved unless disclosure, dissemination, or transmission is
7  required by law or court order.  Any person, entity or organization who receives
8  "Confidential Information" shall be provided with a photocopy of the Stipulated
9  Protective Order and shall abide by all terms and conditions set forth herein unless
10 otherwise permitted by Court Order.
11          15.     Except as provided in this paragraph or elsewhere in this
12 Stipulated Protective Order, all "Confidential Information" produced or exchanged
13 pursuant to this Stipulated Protective Order shall be used solely for the purposes of
14 litigating or resolving this Action and for no other purpose whatsoever and shall
15 not be disclosed, disseminated, or transmitted to any person, entity, or organization
16 except in accordance with the terms of this Stipulated Protective Order.
17              a.      The limitations and restrictions on "Confidential
18 Information" in this Stipulated Protective Order shall not apply with respect to
19 information obtained through a source other than through discovery production.
20              b.      This Stipulated Protective Order shall not preclude any party
21 from disclosing publicly-available information.
22              c.      This Stipulated Protective Order shall not preclude Plaintiffs'
23 counsel from using the information obtained through discovery production to contact
24 class and subclass members.
25          16.     The parties shall maintain "Confidential Information" as
26 follows:
27              a.      Plaintiffs and anyone to whom "Confidential
28

SULLIVAN & CROMWELL LLP

- 6 -

Information" has been disclosed in accordance with paragraphs 8(a), 8(b), 8(c) and 8(e) shall maintain "Confidential Information" pursuant to the terms of this Stipulated Protective Order, subject to further order by this Court (this provision does not apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters).  Within ten (10) days after the final disposition of this action, including any and all appeals, all "Confidential Information" and copies thereof in the possession of Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with paragraphs 8(a), 8(b), 8(c) and 8(e), shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order.  Nothing in this provision shall require the redaction of briefing, but shall relate to the maintenance of discovery materials.

    b. Notwithstanding subparagraph 16(a), counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Stipulated Protective Order.

  17. If a Party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall take reasonable steps to notify all Receiving Persons of its failure within five business days of discovery.  The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

  18. Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Stipulated Protective Order affect the right of either Party to seek additional protection against the

disclosure of any documents or materials, or of the Parties to seek additional disclosures.

19. Nothing in this Stipulated Protective Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.4.

20. Nothing in this Stipulated Protective Order shall prevent disclosure beyond the terms of this Stipulated Protective Order, if all parties consent to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

21. Nothing in this Stipulated Protective Order prohibits either party from sharing with the Court information concerning anyone named as a result of this production, provided such information is filed pursuant to the rules governing the filing of Confidential Information.

22. The Parties may modify this Stipulated Protective Order through a written agreement signed by counsel for all parties.  In the event that all parties do not agree to a proposed modification, each party reserves the right to seek leave of the Court to modify this Stipulated Protective Order.

23. This Stipulated Protective Order shall be binding upon any present or future party to the *Franco, et al. v. Napolitano, et al.,* No. 10-cv-2211- DMG (DTBx) (C.D. Cal.), litigation as it relates to the production of information as a result of discovery productions governed by this Order.

24. The terms of this Stipulated Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Stipulated Protective Order.

IT IS SO ORDERED.

DATED:  January 24, 2012

_____
THE HON. DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

- 8 -

# **EXHIBIT C**

## **ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I, _____, am aware of the litigation in *Franco-Gonzalez, et al., v. Napolitano, et al.*, No. CV 10-2211-DMG (DTBx) (C.D. Cal.) in the capacity of _____. I do solemnly swear or aver that I am fully familiar with the terms of the Stipulated Protective Order in the above referenced matter on_____, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this order.

Executed this _____day of ____ at_____.

Signature: _____

SULLIVAN & CROMWELL LLP