AHILAN T. ARULANANTHAM (State Bar No. 237841)
aarulanantham@aclu-sc.org
MARISOL ORIHUELA (State Bar No. 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5211
Facsimile: (213) 417-2211

MICHAEL H. STEINBERG (State Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California  90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Plaintiffs-Petitioners*
(Additional Counsel for Plaintiffs
 on Following Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, et al., <br><br> *Plaintiffs-Petitioners,* <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, et al., <br><br> *Defendants-Respondents.* | Case No. 10-CV-02211 DMG (DTBx) <br><br> **PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Honorable Dolly M. Gee <br><br> Hearing Date:  August 9, 2012 <br><br> Hearing Time:  2:00 p.m. |

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385 2977
Facsimile: (213) 385-9089

JUDY RABINOVITZ (State Bar No. JR-1214)
JRabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

DAVID LOY (State Bar No. 229235)
dblairloy@aclusandiego.org
SEAN RIORDAN (State Bar No. 255752)
sriordan@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile: (213) 389-2595

MATT ADAMS (State Bar No. 28287)
matt@nwirp.org
RIDDHI MUKHOPADHYAY
riddhi@nwirp.org
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

JAMES LYALL (State Bar No. 330045)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-2, Plaintiffs identify below the uncontroverted facts and conclusions of law in support of their motion for partial summary judgment.

| Uncontroverted Fact | Evidence in Support of Uncontroverted Fact |
|---|---|
| 1. Under policies in place since the commencement of this litigation, Defendants have placed into removal proceedings individuals who are unrepresented and not competent to represent themselves due to a serious mental disorder or defect. | Declaration of Marisol Orihuela in Support of Motion for Partial Summary Judgment (to be subsequently filed), (Orihuela Dec.) at ¶ 1-9; Exs. 266; 269-73. |
| 2. Other than as mandated by orders of this Court, Defendants do not have a policy to provide legal representation to those who are not competent to represent themselves. | Exs. 267-68. |
| 3. Other than as mandated by orders of this Court, Defendants do not recognize any obligation to provide bond hearings for Subclass 2 members who are otherwise subject to mandatory detention. | Ex. 268. |
| 4. During Mr. Khukhryanskiy's immigration proceedings, Defendants never ordered a forensic competency evaluation. | Dkt. 107 at 4-6. |
| 5. At and before his immigration hearing on August 25, 2010, Mr. Khukhryanskiy was not competent to represent himself due to his mental disability. He could not understand the proceedings against him, the role of the judge, or the court process, was neither rational nor logical, and did not have an understanding of his own history or the facts of his case. | Ex. 63 at 2-3, 15-17; *see also* Dkt. 107 at 6. |
| 6. A deportation officer was present at Mr. Khukhryanskiy's August 25, 2010 removal proceeding as Mr. Khukhryanskiy's "custodian" and to "assist[]" Mr. Khukhryanskiy. | Ex. 66 at 9-10. |

| | | |
|---|---|---|
| 7. | At the time of this Court's preliminary injunction order, Mr. Khukhryanskiy was representing himself on appeal before the Board of Immigration Appeals (BIA). | Ex. 67; *see also* Dkt. 107 at 9. |
| 8. | At the time of the Court's preliminary injunction order, Defendants had not provided Mr. Khukhryanskiy with a bond hearing where Defendants justified any further detention by clear and convincing evidence. | Dkt. 107 at 4-8. |
| 9. | The IJ ordered Mr. Khukhryanskiy removed to Ukraine. | Exs. 65; 66 at 10. |
| 10. | During Mr. Martinez's immigration court proceedings, Defendants never ordered a forensic competency evaluation. | Dkt. 107 at 8-9. |
| 11. | At all relevant times, Mr. Martinez was not competent to represent himself, as his mental disability precluded him from participating in and rationally understanding the proceedings against him. | Exs. 70 at 4; 71 at 6; 73 (Declaration) at 2-3, (Evaluation) at 8-10; *see also* Dkt. 107 at 9. |
| 12. | At the time of this Court's preliminary injunction order, Mr. Martinez was representing himself on appeal before the BIA. | Ex. 80; Dkt. 107 at 10-11. |
| 13. | At the time of the Court's preliminary injunction order, Defendants had not provided Mr. Martinez with a bond hearing where Defendants justified any further detention by clear and convincing evidence. | Dkt. 107 at 8-11. |
| 14. | Mr. Martinez's immigration proceedings before the Immigration Judge lasted for approximately 11 months. | Ex. 75 at 3. |
| 15. | During Mr. Zhalezny's immigration proceedings, Defendants never ordered a forensic competency evaluation. | Dkt. 215 at 2-3. |
| 16. | At all relevant times, Mr. Zhalezny was unable to understand the nature of immigration proceedings or the charges against him, and unable to represent | Ex. 107 at 13-15; *see also* Dkt. 215 at 3. |

| | | |
|---|---|---|
| 1 | himself in immigration hearings. | |
| 2 | 17. At the time of this Court's preliminary injunction order, Mr. Zhalezny was representing himself before the immigration court. | Dkt. 215 at 3-7. |
| 3 | 18. At the time of the Court's preliminary injunction order, Defendants had not provided Mr. Zhalezny with a bond hearing where Defendants justified any further detention by clear and convincing evidence. | Dkt. 215 at 2-7. |
| 4 | 19. Mr. Zhalezny spent over a year in immigration detention. | Ex. 105 and Dkt. 215 at 8. |
| 5 | 20. The Immigration Judge presiding over Mr. Zhalezny's case repeatedly delayed resolution of his case while trying to find him an attorney and, when that failed, by trying to enlist Mr. Zhalezny's father to represent Mr. Zhalezny. | Ex. 106 at 2-5. |
| 6 | 21. Mr. Zhalezny was scheduled to defend his asylum application with the help of his father, even though his father had informed the court of his belief that he was unable to provide legal assistance to Mr. Zhalezny. | Exs. 111; 106 at 4-5; Defendants' Exhibit 30, Dkt. 163; *see also* Dkt. 215 at 7. |
| 7 | 22. Mr. Chavez spent a significant portion of the past 10 years in mental hospitals, where he continues to reside at this time. | Ex. 125; *see also* Dkt. 126 at 12. |
| 8 | 23. Mr. Chavez's chronic paranoid schizophrenia, which causes him to suffer from auditory hallucinations, persecutory delusions, and suicidal ideations, render Mr. Chavez incompetent to represent himself in immigration proceedings. | Ex. 124-A at 3-5, 7-9 |
| 9 | 24. The Department of Homeland Security has the right to re-initiate removal proceedings against Mr. Chavez at any time. | Ex. 130. |
| 10 | 25. The Immigration Judge presiding over Mr. Chavez's case accepted a waiver of representation and ultimately denied Mr. | Ex. 127 at 2. |

3

| | | |
|---|---|---|
| | Chavez's application for withholding of removal or protection under the Convention Against Torture and ordered Mr. Chavez deported. | |
| 26. | The Board of Immigration Appeals ordered Mr. Chavez's proceedings reopened after finding error in the Immigration Judge's acceptance of waiver of representation. | Ex. 128. |
| 27. | At the time of the Court's ruling granting class certification, Defendants had not provided Mr. Sepulveda with a bond hearing where Defendants justified any further detention by clear and convincing evidence. | Dkt. 348 at 5. |
| 28. | Defendants have produced eight sets of class member information that specifically identify individuals determined to be Subclass One members under Defendants' current competency determination system, in which 21 Subclass One members have been identified by Defendants. | Ex. 266; Orihuela Dec. at ¶¶ 5-6. |
| 29. | Some Subclass One members identified by Defendants since March 29, 2012 have cases pending before an Immigration Judge. | Orihuela Dec. at ¶ 10. |
| 30. | Some Subclass One members identified by Defendants since March 29, 2012 have cases pending before the BIA. | Orihuela Dec. at ¶ 11. |
| 31. | At least one Subclass One member identified by Defendants since March 29, 2012 was found incompetent to proceed pro se before the Immigration Judge, ordered deported, and thereafter forced to file an appeal on his own. | Ex. 256 at ¶¶ 7-9; 261-62. |
| 32. | Since March 29, 2012, Defendants have confirmed having arranged legal representation for one Subclass One member out of 21 identified as Subclass One members. | Exs. 256 at ¶ 17; 265 at 2. |

| | |
|---|---|
| 33. Since March 29, 2012, Defendants have not provided all individuals they concede are Subclass Two members with a bond hearing where they justify any further detention by clear and convincing evidence and representation at such bond hearings. | Orihuela Dec. at ¶ 14; Exs. 269-73. |
| 34. Defendants refuse to confirm in writing that they will guarantee legal representation to all individuals who are not competent to represent themselves. | Orihuela Dec. at ¶ 14; Exs. 269-73. |
| 35. Defendants force individuals found to be incompetent to proceed pro se to represent themselves in removal proceedings. | Orihuela Dec. at ¶¶ 15-20. |
| 36. Some individuals identified as Subclass One members have been released or had their proceedings terminated. | Ex. 269-73. |
| 37. Mr. Zotov's notice of appeal does not present a recognizable legal argument about his removability or application for relief. | Ex. 261. |
| 38. Mr. Zotov has been detained since December 2010. | Ex. 256 at ¶ 15. |
| 39. Mr. Zotov was ordered removed while unrepresented in December 2011, even after the Immigration Judge concluded that he was incompetent to proceed pro se. | Exs. 256 at ¶ 7; 262. |
| 40. Defendants pay for the provision of legal information to indigent detainees through their Legal Orientation Program | Ex. 274. |

5

## CONCLUSIONS OF LAW

Plaintiffs have set forth their conclusions of law as to the issues on which they seek summary judgment in their Memorandum in Support of Plaintiffs' Motion for Summary Judgment, at Argument sections I through III.  In light of the arguments presented in the Memorandum, Plaintiffs propose the following conclusions of law:

1. Defendants have violated Section 504 of the Rehabilitation Act by failing to provide for legal representation in the form of Qualified Representatives to Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members.  The provision of such Qualified Representatives is necessary as a reasonable accommodation for the mental disabilities of Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members.

2. Defendants have violated the fair hearing requirement contained in the Immigration and Nationality Act and the Due Process Clause by failing to provide appointed counsel to Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members.  Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members, cannot obtain fair immigration hearings without the provision of appointed counsel.

3. Defendants have violated the Due Process Clause by failing to provide appointed counsel to Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members because the interests at stake require the provision of appointed counsel.  The Due Process Clause requires that Defendants ensure representation by counsel for Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Chavez, and all other Subclass One members, in light of the Subclass One members' interests in obtaining counsel for their immigration proceedings, the Government's interests in forcing them to proceed

6

*pro se*, and the risk of error arising from the absence of counsel.

4. Defendants have violated the Immigration and Nationality Act and the Due Process Clause by failing to provide custody hearings where Defendants justify any further detention by clear and convincing evidence to Plaintiffs Martinez, Khukhryanhskiy, Zhalezny, and Sepulveda, and all other Subclass Two members. The Immigration and Nationality Act and the Due Process Clause forbid Defendants from detaining Plaintiffs Martinez, Khukhryanhskiy, Zhalezny, and Sepulveda, and all other Subclass Two members for a prolonged period of time without rigorous bond hearings.

5. Defendants have violated the Rehabilitation Act by failing to provide custody hearings where Defendants justify any further detention by clear and convincing evidence to Plaintiffs Martinez, Khukhryanhskiy, Zhalezny, and Sepulveda, and all other Subclass Two members. The provision of a custody hearing is necessary as a reasonable accommodation for the mental disabilities of Named Plaintiffs Martinez, Khukhryanskiy, Zhalezny and Sepulveda, and all other Subclass Two members, in light of the delays that accompany their cases due to the Government's failure to implement a system to expeditiously deal with the cases of individuals with serious mental disabilities.

6. Plaintiffs Martinez, Khukhryanhskiy, Chavez, Zhalezny, and other members of Subclass One have suffered an irreparable injury for which no remedy at law can adequately compensate by being denied legal representation in the form of Qualified Representatives for their immigration detention and removal proceedings;

7. For members of Subclass One, equitable relief in the form of appointed counsel for their immigration detention and removal proceedings is warranted and the public interest would not be disserved by such relief;

8. Plaintiffs Martinez, Khukhryanskiy, Zhalezny, Sepulveda, and other members of Subclass Two have suffered an irreparable injury for which no remedy

7

1  at law can adequately compensate by being denied a bond hearing, at which the
2  Government bears the burden to justify any further detention by clear and
3  convincing evidence, after their detention lasted more than six months; and
4      9.    For members of Subclass Two, equitable relief in the form of bond
5  hearings at which the Government must justify any further detention by clear and
6  convincing evidence is warranted and the public interest would not be disserved by
7  such relief.

                                    Respectfully submitted,

                                    ACLU OF SOUTHERN CALIFORNIA

Dated: July 9, 2012                 s/ Ahilan T. Arulanantham
                                    AHILAN T. ARULANANTHAM
                                    Counsel for Plaintiffs-Petitioners

8