AHILAN T. ARULANANTHAM (State Bar No. 237841)
aarulanantham@aclu-sc.org
MARISOL ORIHUELA (State Bar No. 261375)
morihuela@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5211
Facsimile: (213) 417-2211

MICHAEL H. STEINBERG (State Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Plaintiffs-Petitioners*
(Additional Counsel for Plaintiffs
 on Following Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, et al.,<br><br>*Plaintiffs-Petitioners,*<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General, et al.,<br><br>*Defendants-Respondents.* | Case No. 10-CV-02211 DMG (DTBx)<br><br>**DECLARATION OF MARISOL ORIHUELA IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Honorable Dolly M. Gee<br><br>Hearing Date: August 9, 2012<br><br>Hearing Time: 2:00 p.m. |

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385 2977
Facsimile: (213) 385-9089

JUDY RABINOVITZ (State Bar No. JR-1214)
JRabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

DAVID LOY (State Bar No. 229235)
dblairloy@aclusandiego.org
SEAN RIORDAN (State Bar No. 255752)
sriordan@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile: (213) 389-2595

MATT ADAMS (State Bar No. 28287)
matt@nwirp.org
RIDDHI MUKHOPADHYAY
riddhi@nwirp.org
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

JAMES LYALL (State Bar No. 330045)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

I, Marisol Orihuela, declare as follows:

1. I am a member of the State Bar of California and a staff attorney at the ACLU of Southern California in Los Angeles, California. I am co-counsel for Plaintiffs in this litigation. I submit this declaration in support of Plaintiffs' Motion for Partial Summary Judgment. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to such facts under oath.

**Identification of Subclass One Members**

1. On December 13, 2011, the Court ordered Defendants to produce information concerning class members to Plaintiffs. *See* Dkt. 360 ("Notice Order"). Shortly afterward, Defendants began producing lists of individuals to Plaintiffs every two weeks.

2. The lists produced pursuant to the Court's Notice Order and the Parties' subsequent agreement to exchange class member information include the following information pertaining to each identified individual: (1) the detainee's name; (2) the detainee's A#; (3) the location of detention; and (4) the next scheduled hearing for that detainee, if any.

3. On March 20, 2012, Plaintiffs sent via e-mail a letter to Victor Lawrence, Defendants' counsel of record, requesting that Defendants identify individuals who were members of Subclass One during the exchanges of class member information that Defendants were producing pursuant to this Court's Notice Order.

4. On March 23, 2012, Plaintiffs received via e-mail a letter from Victor Lawrence in which he stated that Defendants agreed to "identify cases in which an immigration judge has determined an alien [sic] mentally incompetent to proceed under *Matter of M-A-M.*" Such individuals are highlighted in the lists containing class member information produced by the Government.

5. Since then, and beginning on March 29, 2012, Defendants have produced eight class member information lists that highlight (in red) information regarding individuals Defendants concede are incompetent to proceed in removal proceedings under *Matter of M-A-M*.

6. In the eight lists produced since March 29, 2012, Defendants have identified 21 individuals as Subclass One members.

7. For each of the individuals identified as a Subclass One member, I have on multiple occasions called the EOIR automated hotline to confirm the next scheduled hearing date. At times, the hearing date listed on Defendants' list is out-of-date, which I have learned when calling the EOIR automated hotline.

8. The Parties have also exchanged several letters regarding the provision of legal representation to the individuals the Government identified as Subclass One members.

9. As a result of the information obtained through the EOIR hotline, the lists produced by Defendants, and the correspondence exchanged by the Parties, I am aware that some of the Subclass One members identified by Defendants have cases pending before an Immigration Judge, while others have cases pending before the Board of Immigration Appeals.

10. Based on the correspondece exchanged by the Parties and the information I obtained through the EOIR hotline from within the last few days, I believe that the following Subclass One members have cases pending before the Immigration Judge: Maximino Gutierrez Solano, Marko Lual, Rafael Chavez Gonzalez, Bin Zhang, Asefa Alemu Weldyes, Celia Carranza Salinas, Roberto Alexander Aguilar, and Ignacio Casillas Becerra. With respect to Mr. Gutierrez Solano and Ms. Caranza Salinas, the EOIR hotline does not provide a specific date as the next scheduled hearing date, but indicates that their cases are pending. As to the remaining Subclass One members, the EOIR hotline indicates a specified next hearing date.

11. Based on the correspondence exchanged by the Parties, I believe that Nicolas Guerrero Ramirez, a Subclass One member, has a case pending before the Board of Immigration Appeals.

**Correspondence Regarding Subclass One Members**

12. On May 8, 2012, Plaintiffs sent via e-mail a letter to Government counsel, asking that Defendants refrain from pursuing removal proceedings against individuals identified by the Government as Subclass One members unless Defendants first provide those individuals legal representation in the form of a Qualified Representative, as defined by this Court in its preliminary injunction orders. *See* Ex. 269.

13. Between May 8, 2012 and June 16, 2012, the Parties have exchanged numerous letters wherein Plaintiffs continued to request that Defendants either provide Subclass One members legal representation or refrain from pursuing removal proceedings against Subclass One members. Defendants have never stated in any of that correspondence that they will comply with Plaintiffs' request, which is to ensure that an attorney is present at any removal proceedings for the individuals involved. *See* Exs. 269-73. Defendants have, however, made other representations regarding such individuals. In some cases Defendants have stated their desire to release the individual at issue (e.g., Merlon Chinchilla, Julio Rivas Garcia), while in others they have stated an intent to find an attorney (e.g., Nicolas Guerrero Ramirez, Marko Lual), sometimes coupled with a promise that the individual in question will not be removed (e.g., Merlon Chinchilla). In some cases Defendants have made no promise of any kind as to the individual in question (e.g., Maximino Gutierrez Solano).

14. On June 6, 2012, Plaintiffs sent via e-mail a letter to Government counsel, asking Defendants to state whether Defendants intend to provide custody hearings for the Subclass One members that have been detained for longer than six months and are therefore also Subclass Two members, along with attorneys to

represent them at those bond hearings. *See* Exh. 272. On June 16, 2012, I received via e-mail a letter from Government counsel purporting to respond to that letter, but Defendants did not respond to Plaintiffs' request regarding bond hearings with legal representation; indeed, they did not indicate even that Defendants were willing to provide any Subclass Two members a custody hearing. *See* Exh. 273.

**Subclass One Members' Proceedings**

15. On May 30, 2012, I attended Merlon Chinchilla's immigration proceedings at the immigration court located at 606 S. Olive Street, Los Angeles, California. The proceedings were conducted through video teleconference.

I observed that Mr. Chinchilla did not have any legal representation during the May 30th proceeding. The Government was represented during that proceeding, and Government counsel asked for a continuance.

16. During the immigration proceeding held on May 30, 2012, I observed that the Immigration Judge asked Mr. Chinchilla a number of questions about his case, including whether he had found anyone to assist him with a bond hearing and whether Mr. Chinchilla had a preference between a two or three week continuance. At the conclusion of the proceeding, the Immigration Judge set another hearing for June 13, 2012. On June 16, 2012, I called the EOIR hotline, which indicated that Mr. Chinchilla's next hearing was June 26, 2012. Based on the foregoing, I believe Mr. Chincilla represented himself during the June 13, 2012 hearing and the June 26, 2012 hearing. On July 7, 2012, I called the EOIR hotline, which indicated that Mr. Chinchilla's case was terminated on June 26, 2012. .

17. Mr. Gutierrez Solano was first identified to Plaintiffs as a Subclass One member in the April 6, 2012 class member information list produced by the Government. At that time, he was scheduled to have a hearing on April 25, 2012.

18. Since then, I have called the EOIR automated hotline and sought information regarding Mr. Gutierrez Solano numerous times. Prior to May 25, 2012, the EOIR hotline stated that Mr. Gutierrez Solano was scheduled for a

master calendar hearing on or around May 25, 2012. Between May 25, 2012, and June 5, the EOIR hotline indicated that Mr. Gutierrez Solano was scheduled for an individual merits hearing on June 5, 2012. Based on the foregoing, I believe Mr. Gutierrez Solano represented himself at the hearings scheduled for May 25, 2012 and June 5, 2012, and that Mr. Gutierrez Solano remained in detention during this time.

19. Mr. Aguilar was first identified to Plaintiffs as a Subclass One member in the May 29, 2012 class member information list produced by the Government. At that time, he was scheduled to have a hearing on July 1, 2012.

20. On July 7, 2012, I called the EOIR automated hotline and sought information regarding Mr. Aguilar. The EOIR hotline indicated that Mr. Aguilar's case is scheduled for an individual merits hearing on July 17, 2012. Based on the foregoing, I believe Mr. Aguilar represented himself at the hearing scheduled for July 1, 2012.

**Other Potential Subclass One Members Subject to "Representation" by Family Members**

21. I regularly receive phone calls from detainees who have seen the Court-ordered Notice (Dkt. # 360) at a detention facility and identify themselves as having a serious mental disorder or defect that may render them incompetent to represent themselves in immigration proceedings.

22. I also regularly receive phone calls from family members or friends of detainees (typically other detainees) who believe that the detainee has a serious mental disorder or defect that may render them incompetent to represent themselves.

23. In June 2012, I spoke on the phone with the sister of Alejandro Lopez Ureña, who has appeared on the Government's lists of potential class members, but has not been identified as a Subclass One Member.

24. Mr. Lopez Ureña's sister stated to me that the immigration judge presiding over Mr. Lopez Ureña's removal proceedings had asked her to assist Mr. Lopez Ureña with his removal proceedings. She indicated that she sits at the table opposite to the Government's counsel table. She also indicated that she does not feel comfortable assisting Mr. Lopez Ureña because she does not understand how immigration law works. She has heard the Immigration Judge express concerns about Mr. Lopez Ureña's competency, but she indicated that she does not remember the Immigration Judge making a determination of whether Mr. Lopez Ureña is competent to proceed *pro se*.

25. In early 2012, I spoke with the sister of Antonio Mondragon Garcia, who has appeared on the Government's lists of potential class members, but has not been identified as a Subclass One member. I have spoken to Mr. Mondragon Garcia's sister numerous times on the phone.

26. Mr. Mondragon Garcia's sister stated to me that the immigration judge presiding over Mr. Mondragon Garcia's removal proceedings had asked her to assist Mr. Mondragon Garcia, including to fill out an asylum application on Mr. Mondragon Garcia's behalf and to appear at all immigration hearings.

27. On April 3, 2012, Plaintiffs sent Government counsel a letter asking whether Defendants identified Subclass One members when an Immigration Judge implements the procedural safeguards under 8 C.F.R. 1240.4, and, if so, why Mr. Mondragon was not identified as a Subclass One member. 8 C.F.R. 1240.4 allows family members, such as Mr. Mondragon Garcia's sister, to appear on behalf of a detainee who is incompetent.

28. On April 6, 2012, I received via e-mail a letter from Government counsel in which Government counsel stated that the Immigration Judge found Mr. Mondragon to be competent. The letter does not indicate, and I do not know, whether the Immigration Judge considered the assistance provided to Mr.

Mondragon by his family member in determining whether Mr. Mondragon was competent to proceed without counsel.

**Exhibits in Support of Motion**

29. In connection with my representation of Plaintiffs in this matter, I have collected and reviewed the following documents included as exhibits to this Motion for Partial Summary Judgment.[1]

30. A true and correct copy of a portion of Defendant Department of Homeland Security's Response to Plaintiffs' Request for Admission is filed concurrently as Exhibit 267.

31. A true and correct copy of a portion of Defendant Department of Justice's Response to Plaintiffs' Request for Admission is filed concurrently as Exhibit 268.

32. A true and correct copy of print out of the Office of Legal Access Programs, found at : http://www.justice.gov/eoir/probono/probono.htm#LOP, is filed concurrently as Exhibit 274.

33. True and correct copies of the following exhibits previously submitted to the Court are re-attached to this declaration:

    a. Exhibit 63 – Declaration of Riddhi Mukhopadhyay dated November 15 and Psychological Evaluation of Mr. Khukhryanskiy by Kimberly Barrett, Ed.D. MFT dated October 3, 2010

    b. Exhibit 66 – Transcript of August 25, 2010 removal proceedings in Mr. Khukhryanskiy's case

    c. Exhibit 67 – Briefing Schedule for Board of Immigration Appeals in Mr. Khukhryanskiy's case

---

[1] Pursuant to Fed. R. Civ. P. 5.2, Plaintiffs will be filing Exhibits 266 and 269-73 *under seal*.

d. Exhibit 65 – Order of the Immigration Judge in Mr. Khukhryanskiy's case

e. Exhibit 70 – Mental Disorder Questionnaire Form for Ever Francisco Martinez, completed by Davin Agustines, DO, dated August 27, 2006

f. Exhibit 71 – Psychological Evaluation of Ever Francisco Martinez conducted by Michael E. Kania, Ph.D., dated October 15, 2007

g. Exhibit 80 – Declaration of Talia Inlender dated November 19, 2010

h. Exhibit 69 – Declaration of Maria Elena Felipe dated November 12, 2010

i. Exhibit 73 - Declaration of Dr. Robert Burchuck, M.D. and Competency Evaluation of Mr. Martinez by Dr. Burchuck dated August 12, 2010

j. Exhibit 75 – Order of the Immigration Judge in Mr. Martinez's case

k. Exhibit 107 – psychiatric evaluation of Maksim Zhalezny, dated November 15, 2011, and carried out by Jessica Ferranti, MD, Assistance Clinical Professor of Psychiatry at the University of California, Davis Medical Center

l. Exhibit 106 – Declaration of Piotr Zhalezny dated January 13, 2011

m. Exhibit 105 – I-213, Record of Deportable/Excludable Alien dated February 18, 2010

n. Exhibit 111 – document written by Piotr Zhalezny and dated November 8, 2010

o. Exhibit 125 – Metropolitan Hospital Patient Admission/Discharge Data, February 2, 2004

p. Exhibit 124-A – Dr. Stone's psychiatric evaluation, February 12, 2008, of Mr. Chavez

q. Exhibit 130 – Motion to Terminate in Mr. Chavez's case dated July 15, 2010

r. Exhibit 127 – Oral Decision of Immigration Judge in Mr. Chavez's case dated December 7, 2006

s. Exhibit 128 – Decision of the Board of Immigration Appeals in Mr. Chavez's case dated May 2, 2008

t. Exhibit 256 – Declaration of Sean Riordan dated June 21, 2012

u. Exhibit 265 – Letter from Government counsel dated April 6, 2012

v. Exhibit 261 – Mr. Zotov's Notice of Appeal

w. Exhibit 262 – Decision of Immigration Judge in Mr. Zotov's case

x. Defendants' Exhibit 30, originally attached to Docket Number 163 – hearing notice dated March 18, 2011 in Mr. Zhalezny's case

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2012 in Los Angeles, California.

MARISOL ORIHUELA

9