STUART F. DELERY
United States Department of Justice
Civil Division
Acting Assistant Attorney General
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
SAMUEL P. GO
Senior Litigation Counsel
NEELAM IHSANULLAH
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Fax: (202) 616-8962
Email: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, et al., | No. CV 10-2211-DMG (DTBx) |
| *Plaintiffs-Petitioners,* | [1] DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO CONDUCT SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; |
| v. | |
| JANET NAPOLITANO, et al., | [2] MEMORANDUM IN SUPPORT; |
| *Defendants-Respondents.* | [3] DECLARATION; |
| | [4] EXHIBITS; *and* |
| | [5] [PROPOSED] ORDER |
| | Judge: Hon. Dolly M. Gee |

Defendants hereby apply *ex parte* for an order staying this Court's disposition of Plaintiffs' Motion for Partial Summary Judgment ("Mot."), ECF No. 398, to permit supplemental briefing on recent developments relevant to that motion. As explained herein, Defendants recently received discovery responses from Plaintiffs that substantiate Defendants' argument that there are genuine issues of material fact that make summary judgment inappropriate at this time, and merit further briefing.

The use of the *ex parte* procedure is warranted. After conducting a motion hearing on September 7, 2012, the Court took Plaintiffs' Motion for Partial Summary Judgment under submission and indicated that it would rule on the matter as soon as it was able to do so. Thereafter, Defendants learned new facts relevant to the pending summary judgment motion through Plaintiffs' discovery responses received on September 20, 2012. To ensure that the record is complete for the Court's consideration of Plaintiffs' motion, Defendants seek limited, supplemental briefing regarding the new facts. Defendants use the *ex parte* procedure to obtain a ruling from the Court regarding the supplemental briefing as soon as possible, and preferably no later than September 28, 2012, so as not to unduly delay the Court's disposition of the pending motion. Using normal notice motion procedures, Defendants would not be able to obtain a ruling on this supplemental briefing for over a month.

Pursuant to L.R. 7-19.1, Defendants gave notice of this application to Plaintiffs via email on September 25, 2012, and discussed the matter with Plaintiffs' counsel by telephone the same day. Plaintiffs' counsel Ahilan Arulanantham indicated that Plaintiffs are opposed to the *ex parte* application. *See* Exhibit ("Exh.") A (Declaration of Samuel P. Go).

This *ex parte* application is based on the accompanying memorandum of points and authorities, attorney declaration, and all prior briefing and evidence submitted in this case.

1

DATED: September 26, 2012                Respectfully submitted,

                                         STUART F. DELERY
                                         U.S. Department of Justice
                                         Civil Division
                                         Acting Assistant Attorney General

                                         DAVID J. KLINE
                                         Director
                                         Office of Immigration Litigation
                                         District Court Section

                                         VICTOR M. LAWRENCE
                                         Principal Assistant Director

                                         SAMUEL P. GO
                                         Senior Litigation Counsel

                                         *s/Neelam Ihsanullah*
                                         NEELAM IHSANULLAH
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         District Court Section
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, DC 20044
                                         Telephone: (202) 532-4269
                                         Facsimile: (202) 616-8962
                                         Email:Neelam.Ihsanullah@usdoj.gov

                                         Attorneys for Defendants

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Opposing Counsel Contact Information

Ahilan Arulanantham
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA  90017
Phone: 213-977-5211
Email aarulanantham@aclu-sc.org

### II. Procedural Background

On July 9, 2012, Plaintiffs filed a motion for partial summary judgment seeking permanent injunctive relief for members of Subclasses One and Two.  *See* Proposed Order to Motion for Partial Summary Judgment, ECF No. 398-3.  In their opposition brief and at oral argument, Defendants argued, *inter alia,* that Plaintiffs failed to establish their eligibility for permanent injunctive relief.  *See* Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opp."), ECF No. 441 at 28-32.[1]  Defendants explained that the standard for a permanent injunction is the same as for a preliminary injunction, with the significant exception that Plaintiffs must show *actual* success on the merits.  *See id.* at 28 *(citing Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)).  Thus, to win on summary judgment, Plaintiffs must establish: 1) they have actual success on the merits; 2) they are likely to suffer irreparable harm in the absence of permanent injunctive relief; 3) the balance of equities tips in their favor, and 4) the injunction is in the public interest.  *See id.* at 28-29 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

---

[1] Defendants have requested a transcript of the September 7, 2012 hearing, but the transcript remains unavailable at the time of filing of this *ex parte* application.

1

Defendants highlighted the fact that Plaintiffs failed to establish irreparable harm under the second prong of the four-factor test. *See id.* at 30-31. In order to receive the extraordinary relief of a permanent injunction, Plaintiffs had to show a "persistent pattern" of individuals being irreparably harmed as a result of Defendants' policies. *Id.* at 31 (quoting *Allee v. Medrano*, 416 U.S. 802, 815 (1974)). *See also Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998). But Plaintiffs had failed to prove the existence of a pattern of violations justifying permanent injunctive relief for the two subclasses. *See* Opp. at 31. Indeed, as the facts now demonstrate, none of the 21 identified Subclass One members discussed in Plaintiffs' motion suffered irreparable harm because none of them had been put in the position that Plaintiffs claim to seek to prevent – that is, being "forced" to represent themselves while mentally incompetent. [2]

Defendants also explained that they were waiting for responses to discovery requests that they had propounded on Plaintiffs that "would further prove that Plaintiffs in Subclasses One and Two [we]re not suffering prejudice or irreparable harm." *Id.* at 32 n.18; *see also* Opp., Exh. H (Defendants' First Set of Interrogatories for Merits Discovery). In light of these outstanding discovery requests, Defendants requested that the Court hold the matter in abeyance pursuant to Fed. R. Civ. P. 56(d). On September 20, 2012, Plaintiffs responded to Defendants' discovery. *See* Exh. B (Plaintiffs' Objections and Responses to Defendants' First Set of Interrogatories for Merits Discovery) ("Responses").

---

[2] At the time of the oral argument on September 7, 2012, 20 of the 21 identified Subclass One members had either obtained counsel on their own or were released from ICE custody, and thus were no longer class members. As of today, *all* 21 Subclass One members identified by Plaintiffs at the time of their motion for summary judgment have either: 1) had their cases terminated by an Immigration Judge; 2) been granted immigration relief; 3) obtained counsel on their own; or 4) been released from ICE custody.

2

### III.   Analysis of Plaintiffs' Discovery Responses

Plaintiffs' discovery responses support Defendants' argument that there is a genuine issue of material fact that Defendants' policies, procedures, and practices adequately protect the rights of both Subclasses in the absence of injunctive relief. Specifically, Plaintiffs' Responses reveal that disputes of material fact exist as to the following issues: whether any members of Subclass One have been irreparably harmed as a result of not having appointed counsel; whether any members of Subclass Two have been irreparably harmed as a result of not receiving bond hearings at six months; and whether any Subclass One members were denied appointed counsel "solely by reason of their handicap."

a.   <u>Irreparable Harm to Subclass One</u>

To ascertain whether any members of the Main Class and Subclass One had suffered irreparable harm as a result of not having had counsel appointed by the Government for them in their immigration proceedings, Defendants asked Plaintiffs to "specify in detail the prejudice" each class member and Subclass One member "suffered as a result of not having Government appointed counsel" to assist them in their immigration proceedings. *See* Exh. B at 7, 9. Despite the benefit of many months of merits discovery, Plaintiffs did not identify a single class member's actual harm, and only proffered this Court's statement, in its ruling on Defendants' Motion to Amend, ECF No. 455, that "class members are *all* subject to a system that lacks sufficient safeguards to protect their rights" and that, "[w]ithout a systemic mechanism to identify those who are, in fact, mentally incompetent" all are subject "to the same risk of injury that the named Plaintiffs already have encountered." Exh. B at 5, 7, 8, 10 (emphasis in original).

While Plaintiffs consistently claim that all Subclass One members have suffered irreparable harm as a result of not receiving appointed counsel in removal

proceedings, *see, e.g.,* Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment ("Mot."), ECF No. 398-1, at 32 n.16, when Defendants requested specificity as to the harm these individuals suffered, Plaintiffs could not specify a single instance where a Subclass One member suffered irreparable harm. *See* Exh. B at 8-10 (failing to describe any specific incidents or individuals subject to irreparable harm).[3] *C.f.,* Motion for a Preliminary Injunction on Behalf of Messrs. Aleksandr Khukhryanskiy and Ever Francisco Martinez-Rivas, ECF No. 57 at 40 (arguing that, based on *the specific facts of the individuals' cases*, a preliminary injunction was warranted where plaintiffs could be deported if not granted counsel to assist with pending appeal before Board of Immigration Appeals).

Instead, now at the stage where Plaintiffs seek the extraordinary remedy of a *permanent* injunction against the Government, Plaintiffs merely rely on the general argument this Court accepted on standing, that is, that all Main Class members suffer harm from a lack of procedures to identify mentally incompetent aliens:

> The Court . . . has already established the law of the case that all Main Class members have suffered prejudice as a result of not having had counsel, and therefore this Interrogatory is no longer relevant to any claims or defenses in this litigation. *See* August 27, 2012 Minute Order denying Defendants' Motion to Amend Or, in the Alternative, Reconsider the Class

---

[3] In their interrogatory responses, Plaintiffs attempt to cast the blame for their inability to provide specific information on Defendants because the information sought "is in the Government's exclusive possession, custody, and control." *See, e.g.*, Exh. B at 9, 11. Plaintiffs ignore the fact that merits discovery began last November; that they have the burden of proving they deserve a permanent injunction; and that they have thus far failed to obtain information relevant to their claims. Discovery is ongoing, and Plaintiffs may yet receive information that they may believe will be helpful to their cause, but the Court should not preclude the record from being developed by cutting short the discovery period and granting a dispositive motion at this time.

4

> Certification Order, at 6 (Dkt. # 455) ("The unnamed class members are *all* subject to a system that lacks sufficient safeguards to protect their rights.  Without a systemic mechanism to identify those who are, in fact, mentally incompetent, they are *all* subject to the same risk of injury that the named Plaintiffs already have encountered.  The Court therefore finds that Plaintiffs have shown that the unnamed class members have suffered an '*injury in fact*.'") (emphases added).

Exh. B at 5-6, 7, 8, 10.  Plaintiffs miss the point, as they fail to take account of the significant difference between the burden to establish *standing*, and Plaintiffs' burden at the summary judgment stage to show that there is no genuine issue of material fact that the class as a whole has been *irreparably harmed* as a result of Defendants' policies and procedures.[4]

Litigants seeking to establish standing to sue in federal court must merely establish a sufficient injury such that a "case or controversy" exists.  Under this formulation of injury, the plaintiff must show that he "'suffered an injury in fact, *i.e.,* one that is sufficiently concrete and particularized and actual or imminent, not conjectural or hypothetical.'"  *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 979 (9th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).  Conversely, litigants who seek the extraordinary relief of a permanent injunction must make a greater showing of injury– that they will be *irreparably harmed* in the absence of the requested relief.  *See Rosebrock v. Beiter,* 788 F. Supp. 2d 1127, 1145 (C.D. Cal. 2011) (applying four-factor test); *see also Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546, n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with

---

[4] Moreover, Plaintiffs do not, and cannot, explain how the Court's ruling on the injury-in-fact incurred by Main Class members, who seek *competency evaluations,* establishes that Subclass One members, who seek *appointed counsel*, will face irreparable harm in the absence of this relief.

5

the exception that the plaintiff must show a likelihood of success on the merits rather than actual success") (quoted in *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 996 (9th Cir. 2011).  "Irreparable harm" is a heightened standard, distinct and apart from the injury-in-fact required for standing; for instance, as a general matter, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award."  *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir. 1991).  Moreover, a mere "possibility" of irreparable harm is insufficient to warrant injunctive relief; rather, irreparable harm must be "likely" to occur. *Winter,* 555 U.S. at 21-22.  Thus, because there are differing standards of injury for demonstrating standing as opposed to eligibility for injunctive relief, Plaintiffs' argument that they have satisfied the prerequisites for standing does not in itself satisfy the permanent injunction prerequisite of demonstrating irreparable harm. *See Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1171 n.6 (9th Cir. 2011) ("Of course, as our decision illustrates, a plaintiff may establish standing to seek injunctive relief yet fail to show the likelihood of irreparable harm necessary to obtain it").  Plaintiffs' failure to identify a single individual class member who has or will suffer irreparable harm in the absence of injunctive relief creates a genuine issue of material dispute regarding Plaintiffs' eligibility for injunctive relief, and should preclude this Court from granting summary judgment in favor of Plaintiffs.[5]

---

[5] Plaintiffs argue that, under controlling Ninth Circuit precedent, they "need not satisfy the standard requirements for equitable relief where 'an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.'"  Plaintiffs' Reply in Support of Motion for Partial Summary Judgment, ECF No. 453 at 20 (quoting *Silver Sage Partners, Ltd. V. City of Desert,* 251 F.3d 814, 827 (9th Cir. 2001)).  However, the Ninth Circuit has abandoned this view, and requires an individualized showing of irreparable harm in statutory enforcement actions.  *See Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust,* 636 F.3d 1150, 1162 (9th Cir. 2011) ("Under our case-specific approach, 'we do

### b. Irreparable Harm to Subclass Two

Plaintiffs' Responses also reveal a genuine factual dispute over whether members of Subclass Two are irreparably harmed by not receiving bond hearings after being detained for six months.  To test Plaintiffs' claims that all members of Subclass Two suffer irreparable harm as a result of not having bond hearings, Defendants asked Plaintiffs to identify all members of the subclass who they believe would have been released on bond if they had a bond hearing, and to specify all the facts to support their contention.  *See* Exh. B at 10, 12.  Defendants also sought information for all Subclass Two members as to whether they had

---

not presume irreparable harm' simply because a defendant violates a statute that authorizes injunctive relief") (quoting *Small ex rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200,* 611 F.3d 483, 494 (9th Cir. 2010)).

Similarly, although the Ninth Circuit has left unresolved whether a violation of the ADA gives rise to a presumption of irreparable harm, *see Enyart v. Nat'l Conf. of Bar Examiners, Inc.,* 630 F.3d 1153 (9th Cir. 2011), such a presumption is unlikely to remain viable after *Winter* and *eBay Inc. v. Mercexchange,* L.L.C., 547 U.S. 388 (2006).  *See, e.g., Jones v. Nat'l Conf. of Bar Examiners,* 801 F. Supp. 2d 270, 286 (D. Vt. 2011) (refusing to apply presumption of irreparable harm in ADA case in light of *eBay*).  In *eBay,* the Supreme Court rejected the use of categorical presumptions in assessing injunctive relief in patent disputes and clarified that the traditional four-factor framework –including an individualized showing of irreparable injury – governed.  547 U.S. at 394.  The Ninth Circuit extended *eBay* to the copyright context in *Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.*, holding that "a presumption of irreparable harm is equally improper in a case based on copyright infringement as it is in a case based on patent infringement." 654 F.3d 989, 996 (9th Cir. 2011).  The broad reasoning of *Flexible Lifeline* – which took into account "principles of equity" – suggests that presumptions of irreparable harm in *any* context are now suspect.  *See AFL Telcoms. LLC v. SurplusEZ.com, Inc.,* No. 11-1086, 2011 U.S. Dist. LEXIS 132055, at *6 (D. Ariz. Nov. 15, 2011) ("The Ninth Circuit's analysis in *Flexible Lifeline,* as well as the Supreme Court cases on which *Flexible Lifeline* relied . . . suggests a lack of favor with *any* presumption of irreparable harm when issuing preliminary or permanent injunctions") (emphasis in original).

7

adequate means to afford the minimum bond of $1,500 prescribed by the Immigration and Nationality Act. *Id.* at 12. *See* 8 U.S.C. § 1226(a)(2)(A).

Despite the many months that have been afforded to Plaintiffs to take merits discovery, including Defendants' identification of several hundred detainees pursuant to the Court-approved notices, *see* ECF No. 360, Plaintiffs identified no specific subclass members in response to *either* of these interrogatories. *See* Exh. B at 10-13. Instead, Plaintiffs responded that the information sought by the interrogatories – whether a Subclass Two member would have been released on bond, and whether a Subclass Two member can afford any potential bond amount – is irrelevant because such information "has no bearing on whether the Subclass Two member is legally entitled to a bond hearing." *Id.* at 11, 13. However, this is untrue; these interrogatories are directly relevant to whether the Subclass Two member will suffer irreparable harm as a result of not receiving the bond hearing that is sought. If a Subclass Two member is unlikely to be released on bond – either because of the facts of his case or his inability to pay the minimum bond amount – he cannot demonstrate "irreparable harm." *See Winter,* 555 U.S. at 21-22 (clarifying that irreparable harm must be more than possible – it must be "likely").

### c. *Prima Facie* Case under Rehabilitation Act

Finally, Plaintiffs' Responses raise a genuine issue of material fact as to whether members of Subclass One have actually been denied appointed counsel "solely by reason of their handicap," as Plaintiffs alleged in their motion for partial summary judgment. Mot. at 8-11 (quoting *Lovell v. Chandler,* 303 F.3d 1039, 1052 (9th Cir. 2002)). Defendants asserted in their opposition and at oral argument that Plaintiffs failed to establish a *prima facie* case of discrimination under Section 504 of the Rehabilitation Act because they failed to show that they were "denied

8

the benefit or services solely by reason" of their disability. *See, e.g.,* Opp. at 3-5. To test Plaintiffs' claims that members of the Main Class or Subclass One are "qualified individuals with a disability" who have been denied appointed counsel solely by reason of their handicap, Defendants propounded Interrogatories 8 and 9, asking Plaintiffs to identify "all facts" supporting their contention that the Government denied appointed counsel to them "solely by reason of their handicap." *See* Exh. B at 13. Plaintiffs' cursory responses demonstrate that they have no facts to support this contention. *Id.* at 13. Hence, Plaintiffs' Responses reveal a genuine issue of material fact as to whether Plaintiffs meet prong three of the *prima facie* case under Section 504, that should be incorporated into the record on this motion.

## IV.   Conclusion

Through this *ex parte* application, Defendants seek the ability to supplement the record with Plaintiffs' Responses and to have additional briefing on whether the Responses demonstrate genuine issues of material fact that preclude a grant of summary judgment. Good cause exists to support this requested relief. Plaintiffs' discovery responses should be made a part of the record to further demonstrate significant disputes of fact not only on the Subclass One claim for appointment of counsel, but also for the Subclass Two claim for bond hearings, and the overall claim that Plaintiffs have been denied appointment of counsel or bond hearings solely because of their handicaps. In sum, because Plaintiffs' Responses demonstrate that they cannot factually support their claim that members of the two Subclasses will be irreparably harmed in the absence of a grant of permanent injunctive relief, this Court should request further briefing on these issues or, alternatively, deny Plaintiffs' motion for partial summary judgment in its entirety.

DATED:  September 26, 2012                    Respectfully submitted,

                                             STUART F. DELERY
                                             U.S. Department of Justice
                                             Civil Division
                                             Acting Assistant Attorney General

                                             DAVID J. KLINE
                                             Director
                                             Office of Immigration Litigation
                                             District Court Section

                                             VICTOR M. LAWRENCE
                                             Principal Assistant Director

                                             SAMUEL P. GO
                                             Senior Litigation Counsel

                                             *s/Neelam Ihsanullah*
                                             NEELAM IHSANULLAH
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 868, Ben Franklin Station
                                             Washington, DC 20044
                                             Telephone: (202) 532-4269
                                             Facsimile: (202) 616-8962
                                             Email:Neelam.Ihsanullah@usdoj.gov

                                             Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 26, 2012, one copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which sent notice to the following counsel of record:

John David Blair-Loy
ACLU of San Diego &    Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4496
Fax: 619-232-0036
Email: dblairloy@aclusandiego.org

Michael H. Steinberg
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067-1725
310-712-6600
Fax: 310-712-8800
Email: steinbergm@sullcrom.com

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Alexa M. Lawson-Remer
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067
310-712-6600
Fax: 310-712-8800
Email: lawsonr@sullcrom.com

Antonio Stamenova-Dancheva
Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, CA 90067
310-712-6600
Email: stamenovaa@sullcrom.com

Asel Aliyasova
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
650-461-5600
Fax: 650-461-5700
Email: aliyasovaa@sullcrom.com

Esha Bhandari
ACLU Immigrants Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-284-7359
Fax: 212-549-2654
Email: ebhandari@aclu.org

11

James Duff Lyall
ACLU Foundation of Arizona
3707 North Seventh Street Suite 235
Phoenix, AZ 85014
602-773-6001
Fax: 602-650-1376
Email: jlyall@acluaz.org

James J. Preis
Mental Health Advocacy Services Inc.
3255 Wilshire Boulevard Suite 902
Los Angeles, CA 90010
213-389-2077
Fax: 213-389-2595
Email: jpreis@mhas-la.org

Marisol Orihuela
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: 213.977.5211
Fax: 213.977.5299
Email: morihuela@aclu-sc.org

Judy London
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977
Fax: 213-385-9089

Judy Rabinovitz
American Civil Liberties Union Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Matt Adams
Northwest Immigrant Rights Project
615 Second Avenue Suite 400
Seattle, WA 98104-2244
206-957-8611
Fax: 206-587-4025
Email: matt@nwirp.org

Sean Riordan
ACLU Foundation of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4485
Fax: 619-232-0036
Email: sriordan@aclusandiego.org

Shawn Joe Lichaa
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303-3308
650-461-5662
Fax: 650-461-5700
Email: lichaas@sullcrom.com

Talia R. Inlender
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977

Fax: 213-385-9089
Email: tinlender@publiccounsel.org

/s/ Neelam Ihsanullah
NEELAM IHSANULLAH
Trial Attorney
Office of Immigration Litigation
District Court Section
U.S. Department of Justice
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile: (202) 616-8962
Email:Neelam.Ihsanullah@usdoj.gov

13