STUART F. DELERY
United States Department of Justice
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-8788
Facsimile: (202) 305-7000
E-mail: Victor.Lawrence@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, et al., | No. CV 10-2211-DMG (DTBx) |
| Plaintiffs-Petitioners, | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO ALLOW SUPPLEMENTAL BRIEFING** |
| JANET NAPOLITANO, et al., | |
| Defendants-Respondents. | |
| | Hon. Dolly M. Gee |

At the time they opposed summary judgment, Defendants argued, *inter alia*, that 1) Defendants had recently served discovery on Plaintiffs to examine Plaintiffs' claim that class members were suffering irreparable harm; and 2) the record on summary judgment would be incomplete if the Court decided the motion without considering the material presented by Plaintiffs in response to the discovery propounded by Defendants. *See* Dkt # 441 at 32 n.18. Through their Opposition, Plaintiffs seek to prevent Defendants from supplementing the record in opposition to Plaintiffs' partial motion for summary judgment.

In order to ensure a complete record, the Court should grant Defendants' application and allow limited supplemental briefing so that Defendants can demonstrate to the Court why Plaintiffs' discovery responses demonstrate genuine issues of material fact that should preclude the Court from granting summary judgment. As explained herein, Plaintiffs advance several false premises in their opposition to Defendants' application.

First, Plaintiffs bear the burden of proof in this action, and Defendants' discovery provided Plaintiffs with an opportunity to demonstrate whether or not they can meet their burden. They failed to do so. The questions posed by Defendants in the discovery were fair because they obligated Plaintiffs to identify their own class members who *they claim* are suffering prejudice or irreparable harm. In response, Plaintiffs served a document that was titled Plaintiffs' Objections *and Responses* to Defendants' First Set of Interrogatories for Merits Discovery (emphasis added). Plaintiffs now claim that they only filed objections, not responses. To the extent this is true – although it is belied by the very title of the document and the responses themselves – Plaintiffs failed to identify any specific class members who are suffering prejudice or irreparable harm. This is significant because it creates a genuine issue of material fact as to whether *any* class members, *any* Subclass One members, or *any* Subclass Two members are suffering from irreparable harm. The record on summary judgment should include

these facts, as well as limited argument to explain the significance of Plaintiffs' failure to identify such class members.

Second, Plaintiffs argue that Defendants can obtain the information they seek through the motion to compel process. Dkt # 487 at 4-5. However, the Court should reject this proposition. It is not incumbent upon Defendants to file a motion to compel for Plaintiffs to meet their burden. Rather, it is incumbent upon Plaintiffs to provide the requested information about their own class members if they seek to establish their claim in this action.

Third, at numerous times in this litigation, including in their Opposition, Plaintiffs have invoked the same refrain -- that Defendants "possess exclusive control of the information." The Court should ignore these statements. Defendants are in the process of producing files and data on class members pursuant to Plaintiffs' discovery requests, but cannot speculate as to who *Plaintiffs believe* have suffered irreparable harm and who *Plaintiffs believe* have suffered from discriminatory practices under the Rehabilitation Act. Thus, Defendants reasonably asked Plaintiffs to identify such class members, and Defendants are entitled to this information. The fact that Plaintiffs cannot (or choose not) to do so supports supplementation of the record along with limited argument explaining both the significance of Plaintiffs' failure to identify their own class members and the value in permitting completion of merits discovery before issuance of a decision on Plaintiffs' motion for partial summary judgment.

Plaintiffs' failure to identify a single class member who *they believe* to have been denied appointed counsel "solely by reason of their handicap" is a significant fact that places in genuine dispute the issue of whether Plaintiffs satisfy the *prima facie* case under the Rehabilitation Act. However, Plaintiffs seek to hide this fact by preventing supplementation of the record. Indeed, Plaintiffs fail to even address this issue in their Opposition, and that omission speaks volumes. Plaintiffs have produced *no evidence* that class members are being denied appointed counsel

solely by reason of their handicap, and the record on summary judgment would be incomplete if this fact were not included in the record.

Similarly, Plaintiffs' failure to identify a single class member who *they believe* would have been released on bond if they had a hearing (or would have had adequate means to afford the minimum bond) is a significant fact that should be included in the record. Plaintiffs claim in their Opposition that their discovery responses constitute "neither more nor less evidence" than was available at the time of the summary judgment hearing. Dkt # 487 at 7. This is simply not true. Plaintiffs' omissions and their failure to identify their own class members is considerable evidence of Plaintiffs' inability to establish their claims.

Finally, Plaintiffs point out that Judge Bristow recently ordered Defendants to produce approximately 200 files and database information of class members. *Id*. at 2. Defendants are complying with this Order. Before this Court considers Plaintiffs' motion for summary judgment, Plaintiffs should be required to supplement the record by identifying all class members who they believe have suffered irreparable harm or who have been denied appointed counsel solely by reason of their handicap. Otherwise, the Court should rely on the record as it stands – a record that shows Plaintiffs were given full opportunity to satisfy their burden by identifying their own class members, but failed to do so. The Court should grant Defendants' *ex parte* application.

DATED: October 2, 2012

Respectfully submitted,

STUART F. DELERY
U.S. Department of Justice
Civil Division
Acting Assistant Attorney General

DAVID J. KLINE
Director

Office of Immigration Litigation
District Court Section

*/s/ Victor M. Lawrence*
VICTOR M. LAWRENCE
Principal Assistant Director
Office of Immigration Litigation
District Court Section
U.S. Department of Justice
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044

SAMUEL P. GO
Senior Litigation Counsel

NEELAM IHSANULLAH
Trial Attorney

Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that, October 2, 2012, one copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which sent notice to the following counsel of record:

John David Blair-Loy
ACLU of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4496
Fax: 619-232-0036
Email: dblairloy@aclusandiego.org

Michael H. Steinberg
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067-1725
310-712-6600
Fax: 310-712-8800
Email: steinbergm@sullcrom.com

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Alexa M. Lawson-Remer
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067
310-712-6600

Fax: 310-712-8800
Email: lawsonr@sullcrom.com
Antonio Stamenova-Dancheva
Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, CA 90067
310-712-6600
Email: stamenovaa@sullcrom.com

Asel Aliyasova
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
650-461-5600
Fax: 650-461-5700
Email: aliyasovaa@sullcrom.com

Esha Bhandari
ACLU Immigrants Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-284-7359
Fax: 212-549-2654
Email: ebhandari@aclu.org

James Duff Lyall
ACLU Foundation of Arizona
3707 North Seventh Street Suite 235
Phoenix, AZ 85014
602-773-6001
Fax: 602-650-1376
Email: jlyall@acluaz.org

James J. Preis
Mental Health Advocacy Services Inc.
3255 Wilshire Boulevard Suite 902
Los Angeles, CA 90010
213-389-2077
Fax: 213-389-2595

Email: jpreis@mhas-la.org

Marisol Orihuela
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Tel: 213.977.5211
Fax: 213.977.5299
Email: morihuela@aclu-sc.org

Judy London
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977
Fax: 213-385-9089

Judy Rabinovitz
American Civil Liberties Union
Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Matt Adams
Northwest Immigrant Rights Project
615 Second Avenue Suite 400
Seattle, WA 98104-2244
206-957-8611
Fax: 206-587-4025
Email: matt@nwirp.org

Riddhi Mukhopadhyay
Northwest Immigrants' Rights Project
615 Second Avenue Suite 400
Seattle, WA 98104-2244
206-957-8651

Fax: 206-587-4025
Email: riddhi@nwirp.org

Sean Riordan
ACLU Foundation of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4485
Fax: 619-232-0036
Email: sriordan@aclusandiego.org

Shawn Joe Lichaa
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303-3308
650-461-5662
Fax: 650-461-5700
Email: lichaas@sullcrom.com

Talia R. Inlender
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977
Fax: 213-385-9089
Email: tinlender@publiccounsel.org

*/s/ Victor M. Lawrence*

VICTOR M. LAWRENCE
Principal Assistant Director
Office of Immigration Litigation
District Court Section
U.S. Department of Justice
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-8788
Facsimile: (202) 305-7000
Email:Victor.Lawrence@usdoj.gov