STUART F. DELERY
United States Department of Justice
Acting Assistant Attorney General
Civil Division
DAVID J. KLINE
Director, District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director, District Court Section
SAMUEL P. GO
Senior Litigation Counsel, District Court Section
NEELAM IHSANULLAH
Trial Attorney, District Court Section
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile:  (202) 616-8962
E-mail: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*, | NO. CV 10-2211-DMG (DTBx) |
| Plaintiffs-Petitioners, | Hon. David T. Bristow |
| v. | |
| JANET NAPOLITANO, *et al.* | [~~PROPOSED~~] PROTECTIVE ORDER FOR DISCOVERY |
| Defendants-Respondents. | |

1

Pursuant to the parties' Stipulation for Entry of Revised Protective Order for Discovery, this Protective Order will govern discovery produced as a result of Plaintiffs' October 17, 2011, November 29, 2011, December 13, 2011, July 13, 2012 and July 16, 2012 requests for production, and Defendants' November 30, 2011, January 10, 2012 and August 17, 2012 requests for production, as well as any further merits discovery propounded by the parties.  Good cause exists for the entry of this Protective Order because the discovery produced in this case is likely to result in the disclosure by the parties of personal and confidential information, including personally identifiable information and medical information of individuals who are or were in the custody of the Department of Homeland Security, as well as highly confidential information of immigration detainees regarding their applications for asylum that Federal regulations prohibit from unauthorized disclosure.  The Court having found that good cause exists for entry of an appropriately-tailored confidentiality order governing discovery in this action, HEREBY ORDERS:

      1.     This Protective Order and the terms, obligations, and responsibilities of the Parties contained herein shall supersede the Protective Order entered January 24, 2012, and shall govern all information produced as a result of Plaintiffs' October 17, 2011, November 29, 2011, December 13, 2011, July 13, 2012 and July 16, 2012 requests for production; and Defendants' November 30, 2011, January 10, 2012, and August 17, 2012 requests for production, or produced in the course of any further merits discovery in this case.

      2.     Pursuant to 5 U.S.C. § 552a(b)(11) and 45 C.F.R. § 164.512(e) , this Protective Order authorizes Defendants to produce personally identifiable information that would otherwise be prohibited from disclosure under the Privacy Act, 5 U.S.C. § 552a, and/or HIPAA, 45 C.F.R. § 164.512, and without presenting Privacy Act or HIPAA objections to this Court for a decision regarding disclosure. To the extent the Privacy Act and/or HIPAA allows the disclosure of information pursuant to a Court order, this Order

SULLIVAN & CROMWELL LLP

1 constitutes such a Court Order and authorizes the disclosure of that information. This
2 Protective Order also authorizes Defendants to produce information contained in or
3 pertaining to detainees' asylum claims or applications, including records pertaining
4 to credible fear and reasonable fear determinations, interviews or reviews,
5 applications for relief under the United Nations Convention Against Torture and
6 Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") and refugee
7 information that would otherwise be prohibited from disclosure pursuant to 8 C.F.R.
8 § 208.6 and 8 C.F.R. § 1208.6, pursuant to the Court's November 2, 2012 Order
9 Regarding Production of Asylum-Related Information. However, nothing in this
10 paragraph shall require production of information that is prohibited from disclosure (even
11 with the entry of this protective order) by other applicable privileges, statutes, regulations
12 or authorities by which Defendants may be bound. The terms of this Stipulated Protective
13 Order shall also govern the safeguarding of such information by all individuals referenced
14 herein.

15       3.       As used in this Protective Order, the term "Confidential
16 Information" constitutes the following: (a) the names, whole or partial alien
17 numbers, locations of, or any other identifying information which would allow the
18 identification of the particular individual(s) to whom the information relates; (b) individual
19 medical information, including but not limited to competency evaluations; (c) names,
20 locations of, any other identifying information which would allow the identification of the
21 particular individual(s) to whom the information relates, or testimony on the record, of
22 individuals not related to this litigation; and (d) any information that is protected or
23 restricted from disclosure by statute or regulation, but which the Court may order to be
24 produced. If a designating party determines that information not described in this
25 paragraph should be designated "Confidential Information," the parties shall negotiate the
26 appropriateness of that designation in good faith and endeavor to resolve any dispute prior
27 to the production of that information. Information that is publicly available, aggregate
28

SULLIVAN
&
CROMWELL LLP

information concerning class members, and information that does not permit the identification of the particular individuals to whom the information relates is not considered "Confidential Information."

4. "Confidential Information" may be designated by the parties in one or more of the following ways:

(a) Any and all confidential information contained in documents produced by Defendants to Plaintiffs as a result of discovery governed by this Protective Order shall be designated "Defendants' Confidential Information."

(b) Any and all confidential information produced by Plaintiffs to Defendants as a result of discovery governed by this Protective Order shall be designated "Plaintiffs' Confidential Information."

(c) "Confidential Information" may be so designated by the Parties simply by inserting the word "Confidential" in a conspicuous place on any documents produced as a result of discovery governed by this Protective Order. "Confidential Information" contained in any statement made during an oral deposition may be designated as "Confidential" through a statement made on the record.

(d) If a Party disagrees with a designation of "Confidential Information," it shall provide the Producing Party written notice of its challenge. If the Parties cannot resolve this dispute, they may proceed under the Federal and Local Rules of Civil Procedure addressing discovery disputes. The Producing Party bears the burden of showing that information is "Confidential" as defined herein. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

(e) Information designated as "Confidential Information," including the portion of any document containing "Confidential Information," may be disclosed only to the following Qualified Persons:

(1) Defendants' Counsel in this action and any

SULLIVAN
&
CROMWELL LLP

support staff and other employees of such counsel or Defendants assisting in this action with an appropriate need to know;

(2) Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any Plaintiffs' Counsel cease to represent plaintiffs or class members in this action for any reason, such counsel shall no longer have access or be authorized to receive any "Confidential Information";

(3) any experts retained for this action by counsel to a party or support staff or employees for such an expert with an appropriate need to know;

(4) any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know;

(5) potential percipient witnesses with an appropriate need to know;

(6) the Court and its personnel, including court reporters.

(f) All persons listed in subparagraphs 4(e)(2)-(5) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit C. This requirement does not apply to the disclosure of "Confidential Information" to the Court and its personnel, including court reporters.

5. Nothing in this Protective Order shall limit or in any way restrict DHS and DOJ Counsel from discussing the cases of these individuals in order to carry out their operations and proceedings. Nothing in this Protective Order shall limit or in any

Sullivan & Cromwell LLP

way restrict Defendants' use of information obtained through a source other than through discovery production. Further, nothing in this Protective Order shall restrict Defendants from performing statutorily authorized functions as they pertain to such individuals, and they may not be held liable for fully executing such authority in ordinary course, notwithstanding this Protective Order.

6. All discovery labeled "Confidential Information" shall be disclosed or made available only to Qualified Persons and shall be restricted in circulation to said Qualified Persons.

7. All persons listed in paragraph 4 to whom "Confidential Information" is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 4, any information designated as "Confidential Information," except as provided in this Protective Order.

8. In the event a party wishes to use any "Confidential Information" produced under this Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5. The Clerk of this Court is directed to maintain under seal all documents and other pleadings filed under seal with the Court in this litigation which has been designated in whole or in part as containing "Confidential Information" produced pursuant to this Protective Order.

9. If counsel for any party is required by law or court order to disclose, disseminate, or transmit "Confidential Information" produced under this Protective Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for the Parties no less than 14 days prior to disclosure/dissemination/transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until this matter has been resolved unless disclosure, dissemination, or transmission is required by

SULLIVAN
&
CROMWELL LLP

law or court order. Any person, entity or organization who receives "Confidential Information" shall be provided with a photocopy of the Protective Order and shall abide by all terms and conditions set forth herein unless otherwise permitted by Court Order.

10. Except as provided in this paragraph or elsewhere in this Protective Order, all "Confidential Information" produced or exchanged pursuant to this Protective Order shall be used solely for the purposes of litigating or resolving this Action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms of this Protective Order.

(a) The limitations and restrictions on "Confidential Information" in this Protective Order shall not apply with respect to information obtained through a source other than through discovery production.

(b) This Protective Order shall not preclude any party from disclosing publicly-available information.

(c) This Protective Order shall not preclude Plaintiffs' counsel from using the information obtained through discovery production to contact class and subclass members.

11. The parties shall maintain "Confidential Information" as follows:

(a) Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with paragraph 4 shall maintain "Confidential Information" pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters). Within ten (10) days after the final disposition of this action, including any and all appeals, all "Confidential Information" and copies thereof in the possession of Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with

SULLIVAN & CROMWELL LLP

paragraph 4, shall be returned to the producing parties or destroyed, at the option of the disclosing party, except as this Court may otherwise order, and if destroyed, certify in writing to the Producing Party that such information has been destroyed. Nothing in this provision shall require the redaction of briefing, but shall relate to the maintenance of discovery materials.

       (b)    Notwithstanding subparagraph 11(a), counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order.

       12.    If a Party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall take reasonable steps to notify all Receiving Persons of its failure within five business days of discovery. The Producing Party shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials, and certify in writing to the Producing Party that such information has been destroyed.

       13.    Nothing in this Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Protective Order affect the right of either Party to seek additional protection against the disclosure of any documents or materials, or of the Parties to seek additional disclosures.

       14.    Nothing in this Protective Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.4.

       15.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order, if all parties consent to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

SULLIVAN
&
CROMWELL LLP

16. Nothing in this Protective Order prohibits either party from sharing with the Court information concerning anyone named as a result of this production, provided such information is filed pursuant to the rules governing the filing of Confidential Information.

17. The Parties may modify this Protective Order through a written agreement signed by counsel for all parties.  In the event that all parties do not agree to a proposed modification, each party reserves the right to seek leave of the Court to modify this Protective Order.

18. This Protective Order shall be binding upon any present or future party to the *Franco, et al. v. Napolitano, et al.,* No. 10-cv-2211- DMG (DTBx) (C.D. Cal.), litigation as it relates to the production of information as a result of discovery productions governed by this Order.

19. The terms of this Protective Order shall survive the termination of the above-captioned proceeding after its final disposition for purposes of enforcing this Protective Order.

IT IS SO ORDERED.

DATED:  11/2/12

_____
THE HON. DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

- 9 -

# EXHIBIT C

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER FOR DISCOVERY

I, _____, am aware of the litigation in *Franco-Gonzalez, et al., v. Napolitano, et al.*, No. CV 10-2211-DMG (DTBx) (C.D. Cal.) in the capacity of _____.  I do solemnly swear or aver that I am fully familiar with the terms of the Protective Order for Discovery ("Protective Order") in the above referenced matter on_____, and hereby agree to comply with and be bound by its terms and conditions Order unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court").

I also acknowledge that I have reviewed the provisions of the Protective Order governing "Confidential Information", and understand that this information, which may include information contained in or pertaining to asylum claims or applications, including records pertaining to credible fear and reasonable fear determinations, interviews or reviews; applications for relief under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"); and refugee information, may be disclosed to me.  I understand that such information shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with paragraph 4 of the Protective Order.

**For these reasons, I specifically acknowledge, consent and agree to the disclosure requirements, limits and restrictions of the Protective Order** and hereby consent to the jurisdiction of the Court for purposes of enforcing this order.

Executed this _____day of ____ at_____.

Signature: _____

SULLIVAN & CROMWELL LLP