STUART F. DELERY
United States Department of Justice
Civil Division
Acting Assistant Attorney General
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
SAMUEL P. GO
Senior Litigation Counsel
NEELAM IHSANULLAH
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Fax: (202) 616-8962
Email: Neelam.Ihsanullah@usdoj.gov

Attorneys for Defendants-Respondents

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | | |
|---|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*, | ) | No. CV 10-2211-DMG (DTBx) |
| | ) | |
| Plaintiffs-Petitioners, | ) | DEFENDANTS' |
| | ) | OPPOSITION TO PLAINTIFFS' |
| v. | ) | MOTION TO AMEND ORDER |
| | ) | RE PLAINTIFFS' *EX PARTE* |
| JANET NAPOLITANO, *et al.*, | ) | APPLICATION FOR NOTICE |
| | ) | |
| Defendants-Respondents. | ) | Judge: The Honorable Dolly M. Gee |
| | ) | Hearing Date: February 1, 2013 |
| _____ | ) | Hearing Time: 11:00 a.m. |

# TABLE OF CONTENTS

Introduction ...................................................................................................1

Background on Notice Requirements .........................................................2

Argument......................................................................................................7

    1.    Federal Rule Of Civil Procedure 23 Does  Not Provide Authority For Plaintiffs' Request For Competency Hearing Dates. ........................................................7

    2.    Even If Their Motion Is Considered A Discovery Request, Plaintiffs Have Already Received Substantial Discovery Concerning Competency Hearings, And This Request Should Be Denied..................................................9

    3.    Plaintiffs' Request For Competency Hearing Dates Is A Veiled Request For Final Injunctive Relief In The Form Of Monitoring. ....................................12

    4.    Defendants Are Unable To Provide The Advance Notice Of *M-A-M-* Hearings That Plaintiffs Seek. .......................................................15

CONCLUSION .........................................................................................17

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

*Allen v. City of Oakland*,
   No. C-00-4599-TEH, 2009
   U.S. Dist. LEXIS 109962 (N.D. Cal. Nov. 24, 2009) ................................... 13

*Barahona-Gomez v. Reno*,
   167 F.3d 1228 (9th Cir. 1999) ................................................................ 13, 14

*FTC v. John Beck Amazing Profits, LLC*,
   No. 2:09-cv-4719-FMC-FFMx, 2009
   U.S. Dist. LEXIS 130923 (C.D. Cal. Nov. 17, 2009) ................................... 13

*Matter of M-A-M-*,
   25 I. & N. Dec. 474 (BIA 2011) ....................................................... 1, ***passim***

*Oppenheimer Fund Inc. v. Sanders*,
   437 U.S. at 350 ...................................................................................... 7, 9

*Youngblood v. Family Dollar Stores, Inc.*,
   No. 09 Civ. 3176 (RMB) ............................................................................. 8

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 23 ............................................................................................ 1, 7

Fed. R. Civ. P.  23(b)(2)................................................................................. 3, 13

Fed. R. Civ. P. 23 (b)(3)...................................................................................... 3

Fed. R. Civ. P. 23(c)(2)...................................................................................... 13

Fed. R. Civ. P.  23(c)(2)(A) .............................................................................. 3, 7

Fed. R. Civ. P. 23(d)(1)(B)(I) ........................................................................12, 13

Fed. R. Civ. P. 23(d)(2).............................................................................. 4, 7

Fed. R. Civ. P. 26 ............................................................................ 1, ***passim***

Fed. R. Civ. P. 26(b)(1).............................................................................1, 8

# **INTRODUCTION**

The Order requested by Plaintiffs requiring Defendants to provide one week's advance notice of all competency hearings held in immigration courts throughout California, Arizona, and Washington should be denied for at least four reasons.

First, contrary to Plaintiffs' assertions, Federal Rule of Civil Procedure 23 does not provide authority for the information Plaintiffs seek.  Supreme Court precedent makes clear that when a request for class member information will be used for purposes other than merely providing notice to class members and seeks information "relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1), it is properly treated as a form of discovery under Rule 26, and not as a request for class notice under Rule 23.

Second, even if the Court considers Plaintiffs' request as a properly framed discovery request under Rule 26 (which would require Plaintiffs to file this motion with Magistrate Judge Bristow), the discovery request should still be denied. Plaintiffs have been given more than adequate access to discovery information about Defendants' competency procedures, including the alien files and records of proceedings for over 200 of the individuals they claim to be a part of the class. From the over 250,000 pages of documents they have been allotted in discovery, Plaintiffs have more than enough discovery on this issue.  The information requested is duplicative, cumulative, and as explained below, unduly burdensome.

Third, the type of relief Plaintiffs seek is akin to final injunctive relief where the Court has already made a determination that Defendants' procedures are inadequate and need to be monitored.  There has been no such finding in this case, and Plaintiffs' motion inappropriately places the cart before the horse.  In fact, Plaintiffs' claim that they seek the competency hearing dates to "protect class members from unlawful deportations" is inaccurate in several respects.  *See* Plaintiffs' Notice of Motion and Motion to Amend Order Re Plaintiffs' *Ex Parte*

1

Application for Notice, ECF No. 512-1 ("Pl. Mem.") at 1.  When Defendants asked Plaintiffs to identify all individuals who were prejudiced by not having a competency evaluation, Plaintiffs could not (or would not) identify a single individual.  Moreover, the few examples provided by Plaintiffs of instances where they contend their intervention saved the day are all exaggerated.  And the Order sought by Plaintiffs could potentially prejudice their own class members by protracting their immigration proceedings.

Finally, Defendants are unable to comply with the suggested notice in any event.  As explained below, Defendants are able and willing to provide next hearing date information, but are typically unaware in advance as to when an Immigration Judge will make a competency inquiry pursuant to *Matter of M-A-M-*, 25 I. & N. Dec. 474 (BIA 2011), and then render a competency determination. Plaintiffs have nearly equal access to next hearing date information through the Immigration Court Information System, a publicly available telephone system run by Defendant Executive Office for Immigration Review (EOIR), which provides such information.  Plaintiffs offer no reason as to why they cannot obtain sufficient hearing date information through that system or the reasonable alternatives described in this opposition.

## BACKGROUND ON NOTICE REQUIREMENTS

Following the certification of this class action, Plaintiffs filed an *Ex Parte* Application for Notice, ECF No.  349-1, requesting an order from this Court requiring "Immigration Judges, Department of Homeland Security ('DHS') personnel, and detainees to be notified about this action, given information to identify class members, and instructed to send information about class members to Plaintiffs' counsel."  Order Re Plaintiffs' *Ex Parte* Application for Notice, ECF No. 360.  Plaintiffs proposed three separate notices – one directed to immigration detainees, another to Immigration Judges, and the last to Immigration and Customs Enforcement ("ICE") Field Office Directors, Assistant Field Office Directors,

Officers in Charge, and Health Service Corps Personnel (hereinafter collectively referred to as "ICE personnel").

In their *ex parte* application, Plaintiffs asserted that their primary goal in disseminating the three proposed notices was to identify the members of their class, and once this identification occurred, to assist in protecting the rights of the class members in their pending removal proceedings.  *See, e.g.,* Memorandum of Points and Authorities in Support of Plaintiffs-Petitioners' *Ex Parte* Application for Notice, ECF No. 349-1 at 4 (arguing that "now that the class has been certified, each unnamed class member is a client of class counsel and, as such, class counsel has a right to know who their clients are and how to contact them"); *id.* at 11-12 (arguing that "the only way to reach [unidentified class members] is through a notice plan such as the one Plaintiffs have suggested").   Plaintiffs styled their *ex parte* application as a request for class notice pursuant to Rule 23 or, in the alternative, as a request for discovery under Rule 26.  *Id.* at 7-8.

On December 7, 2011, Defendants filed an opposition to Plaintiffs' *Ex Parte* Application for Notice, in which they objected to Plaintiffs' proposed class notices on several grounds.  Among other things, Defendants pointed out that, under Rule 23(c)(2)(A), notice for Rule 23(b)(2) class actions is discretionary, in contrast to the mandatory notice required for Rule 23(b)(3) class actions, where class members must be given the opportunity to opt-out from seeking class-based relief.

> In the context of Rule 23(b)(2) class actions, "[n]otice really serves only to allow those members the opportunity to decide if they want to intervene or to monitor the representation of their rights."  7 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice & Procedure* § 1786 (3d ed.).  As the Advisory Committee Notes to Rule 23 explain, "The authority to direct notice to class members in a . . . (b)(2) class action should be exercised with care" and take into account that "there may be less need for notice than in a (b)(3) class action" and that "[t]he characteristics of the class may reduce the need for

3

> formal notice." Notes of the Advisory Committee on Rules,
> 2003 Amendments, Subdivision (c)(2).   "In the degree that
> there is cohesiveness or unity in the class and the representation
> is effective, the need for notice to the class will tend toward a
> minimum."  Notes of the Advisory Committee on Rules, 1966
> Amendment, Subdivision (d)(2).

ECF No. 356 at 4.  Defendants also contested Plaintiffs' assertion that class notice

under Rule 23(d)(2) could be used to protect the rights of class members in

removal proceedings where those rights were unrelated to the class action litigation

itself.  *Id.* at 5.

On December 13, 2011, the Court granted, in part, Plaintiffs' *Ex Parte*

Application for Notice.  *See* ECF No. 360.  However, the Court modified

Plaintiffs' proposed notices to Immigration Judges and ICE personnel, which had

directed Immigration Judges and ICE personnel to report class members' names to

class counsel directly.  Under the Court's modification, the Government agency

personnel were instead obligated to report the identities of possible class members

to Defendants' counsel, who would then disseminate this information to class

counsel through regular reporting.

Following the Court's order, the parties agreed to exchange information

about all possible class members who had come to their respective attentions on a

bi-weekly basis.  Although the Court's approved notices only required Government

agency personnel to report the name, A-number, and detention facility of each

identified class member, the parties agreed to also provide the next hearing date

scheduled in the class member's immigration court case.  *See* Plaintiffs ("Pl.")

Exhibit ("Exh.") 322 at 2 (Email from Ahilan Arulanantham dated January 9,

2012) ("we recognize the benefit in a mutual exchange of class member

information for our clients, and therefore are willing to agree to provide the Name,

A#, Detention Facility, and Next Hearing Date (if we can obtain it) for any

individual who contacts us, provided that Defendants are willing to provide us with

the same information.  On your end, that would mean supplementing the
information required by the Court's order with the hearing date information").

Defendants began providing next hearing date information in their bi-weekly
reports.  However, in October 2012, Defendants notified Plaintiffs that they would
no longer be providing this information for each potential class member due to (1)
the burden of gathering next hearing dates for hundreds of aliens on a bi-weekly
basis that fell on the two agency counsel chiefly responsible for putting together
the class member lists; and (2) the public availability of much of this data.[1]
Instead, Defendants offered to provide next hearing date information for those
aliens for whom Plaintiffs identified that "next hearing date" information was
unavailable through EOIR's public hotline.  *See* Pl. Exh. 317, ECF No. 495-1 at 3.

However, Plaintiffs were unsatisfied by this offer, and instead made a
counterproposal; in lieu of providing next hearing dates for all class members,
Plaintiffs requested that Defendants provide: a) next hearing dates for all Subclass
One members, and 2) the date of any competency hearings held pursuant to *Matter
of M-A-M-* for class members.  *See* Pl. Exh. 324 at 2.

While Defendants were – and continue to be – willing to provide next
hearing dates for all Subclass One members, *see* Pl. Exh. 326 at 4, practical
concerns make it impossible for Defendants to provide the dates of "competency
hearings" held for *Franco* class members.  Most notably, *Matter of M-A-M-* does
not obligate Immigration Judges to hold *separate* competency hearings.  Instead,
"[i]f there are indicia of incompetency, the Immigration Judge must make further
inquiry to determine whether the alien is competent for purposes of immigration
proceedings."  *Matter of M-A-M-*, 25 I. & N. Dec. at 484.  The Immigration Judge
must then make a determination as to the alien's competency and articulate the

---

[1] EOIR maintains a toll-free public hotline (1-800-898-7180) that provides
information about immigration court proceedings – including next hearing date –
upon input of an alien's A-number.  *See infra* pp.10-11.

5

rationale for his or her determination.  *See id.*  As a result, such competency determinations can occur at various points during the course of removal proceedings without any advance notice.  Moreover, even if an Immigration Judge specifically schedules a future date to conduct an inquiry pursuant to *Matter of M-A-M-* and then render a competency determination, only through the extremely cumbersome process of listening to hearing recordings on an individual, case-by-case basis would it be possible to obtain notice of such dates.

Defendants explained these facts to Plaintiffs in a meet-and-confer on December 6, 2012 as well as via email.  *See, e.g.,* Defendants' ("Def.") Exh. A (Email from Victor Lawrence dated December 21, 2012 and January 3, 2013).  Defendants offered to provide the next hearing date for any class member for whom they were notified that "next hearing date" information was unavailable on the EOIR hotline within 48 hours of such notification.  *See* Pl. Exh. 323 at ¶ 29 (Declaration of Carmen Iguina of December 20, 2012).  Alternatively, Defendants promised to provide the next hearing date for *all* class members within five business days of the normal class reporting deadline.  This five-day lag would significantly ease the burden on the two agency attorneys chiefly responsible for assembling the data for Defendants' class member lists, without prejudicing class members.  *See, e.g.,* Def. Exh. A (Email from Victor Lawrence dated December 21, 2012 and January 3, 2013).[2]

---

[2] As Defendants' counsel Victor Lawrence explained in a December 21, 2012 email to class counsel, "Defendants would be willing to produce the next hearing date information (for all potential class members) on staggered weeks.  What I mean by this is that we would do the biweekly reporting one Friday, and the following Friday, we would provide the next hearing dates information for the individuals listed in prior week's biweekly reporting.  A staggered schedule is necessary because it is too burdensome to provide all the information in a consolidated report every other Friday."  *See* Def. Exh. A.

However, Plaintiffs rejected both offers.  Instead, they asserted that the EOIR hotline lacked next hearing date information for a significant number of detainees, and claimed that allowing five days to pass between Defendants' reporting and providing the next hearing date information would prejudice their clients, who potentially faced removal in the meantime.  *See* Pl. Exh. 324 at 1-2; Def. Exh. A at 2 (Email from Ahilan Arulanantham).  On December 20, 2012, Plaintiffs moved to amend the Court's December 13, 2011 order on class notice to require Defendants to provide at least *one week's* advance notice of any competency hearings held for class members pursuant *to M-A-M-*.  *See* Proposed Order to Plaintiffs' Notice of Motion and Motion to Amend Order Re Plaintiffs' Ex Parte Application for Notice, ECF No. 512-3.  Defendants hereby oppose Plaintiffs' motion.

## ARGUMENT

### 1. Federal Rule Of Civil Procedure 23 Does Not Provide Authority For Plaintiffs' Request For Competency Hearing Dates.

This Court granted Plaintiffs' *Ex Parte* Application for Notice under Rule 23(c)(2)(A) and Rule 23(d)(2), directing Defendants to report the names, A-numbers, and detention locations of any class members to class counsel.  Now, class counsel seeks to modify the Court's order to require Defendants to report additional data: the dates of any competency hearings held in class members' cases.  Plaintiffs' motion must be denied because Rule 23 does not contemplate that class notice be used to obtain such information, and Plaintiffs' request for competency hearing dates clearly falls within the scope of a Rule 26 discovery request.

In *Oppenheimer Fund, Inc. v. Sanders,* the Supreme Court examined the issue of when a request to identify class members should be properly treated as discovery rather than as a step in furtherance of providing class notice under Rule 23.  437 U.S. 340 (1978).  The Court found that the respondents' attempt to obtain

7

class members' names and addresses was governed by Rule 23, and not the
discovery rules, because "the information [was] sought to facilitate the sending of
notice rather than to define or clarify issues in the case." *Id.* at 350.  As the Court
explained, "Discovery of matter not 'reasonably calculated to lead to the discovery
of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 351-52.
In contrast, seeking the identities of class members in order to "define or clarify
issues in the case" *would* be within the scope of Rule 26, because such information
meets the definition of relevance.  *Id.* at 352-53.

The information requested by Plaintiffs – the competency hearing dates for
class members –is not "identifying information" that can assist Plaintiffs in
providing notice to class members; rather, it is relevant information subject to the
discovery rules.[3]  *See, e.g., Youngblood v. Family Dollar Stores, Inc.,* No. 09 Civ.
3176 (RMB) (FM), 10 Civ. 7580 (RMB) (FM), 2011 U.S. Dist. LEXIS 52821, at
*11-12 (S.D.N.Y. Jan. 5, 2011) (holding that production of class members' contact
information should be treated as discovery request under Rule 26 where "Plaintiffs
plainly intend[ed] to use the names and addresses for purposes other than merely
providing notice to putative class members").

It is clear that Plaintiffs' request for competency hearing dates is an attempt
to yield information "relevant to the subject matter involved in the pending action,"
and thus a form of discovery under Rule 26.  *See* Fed. R. Civ. P. 26(b)(1).  First,
competency hearing dates fall squarely outside the scope of the information the
Court ordered Defendants to provide class counsel – the names, A-numbers, and
locations of class members – to permit class counsel to identify their class.  Indeed,
Plaintiffs have admitted as much.  *See* Pl. Exh. 322 at 2 ("On your end, that would
mean *supplementing* the information required by the Court's order with the hearing
date information") (emphasis added).  Moreover, Plaintiffs have made clear that

---

[3] This Court ordered that all discovery motions in this matter be filed with
Magistrate Judge Bristow.  *See* ECF No. 5.

they seek to use the competency hearing date information at least in part to "define or clarify issues in the case" relating to the effectiveness of *M-A-M-* hearings in safeguarding the rights of incompetent aliens– in other words, to obtain additional discovery. *See Oppenheimer Fund,* 437 U.S. at 350.  Plaintiffs assert in their motion that they seek the competency hearing dates because "Defendants have repeatedly made the safeguards provided by *M-A-M-* hearings central to their defense in this action,"  Pl. Mem. at 1, and Plaintiffs desire the opportunity to gain information in countering Defendants' arguments that *M-A-M-* hearings are an effective safeguard.  *Id.* at 1-2, 12.  *See also* Pl. Exh. 327, Declaration of Ahilan T. Arulanantham of December 20, 2012 at ¶ 5 ("If we had information specifying when class members were scheduled for their next M-A-M- hearings, we would use it to monitor those hearings").  Consequently, in seeking information that goes to the heart of this litigation – and not just for the purpose of identifying class members for notice purposes – Plaintiffs' request falls outside the scope of Rule 23 and must be treated as a discovery request subject to Rule 26 requirements.

> **2.  Even If Their Motion Is Considered A Discovery Request, Plaintiffs Have Already Received Substantial Discovery Concerning Competency Hearings, And This Request Should Be Denied.**

Even if treated as a discovery request, Plaintiffs' motion should still be denied because Plaintiffs have already been given ample opportunity to conduct discovery regarding competency inquiries and determinations made by Immigration Judges pursuant to *M-A-M-*.

Among the reasons offered by Plaintiffs for the need for advance notice of competency hearings is that such information would "serve the . . . purpose of shedding light on [Defendants' competency hearing] process."  Pl. Mem. at 2. Plaintiffs state that Defendants need to provide this information to "allow Plaintiffs to learn more about the system upon which Defendants' . . . defense rests," and that the information is relevant "for purposes of discovery concerning how the *M-A-M-*

system works." *Id.* at 12. In other words, Plaintiffs suggest that they currently have an insufficient amount of discovery into issues relevant to the competency inquiries and determinations made in immigration court. Nothing is further from the truth.

Plaintiffs in this case have been given the leeway to conduct an extraordinary amount of discovery, much of which goes directly to the issue of competency inquiries and determinations made by Immigration Judges pursuant to *M-A-M-,* and all aspects of the process of determining competency and/or identifying individuals who may be rendered incompetent due to mental health conditions. *See*, *e.g.*, Def. Exh. B (Plaintiffs' Third Set of Requests for Production to Defendant U.S. Department of Justice, Requests 6-29); Def. Exh. C (Plaintiffs' Fourth Set of Requests for Production to Defendant Department of Homeland Security, Requests 12-31). In addition, Judge Bristow entered an order requiring Defendants to provide medical files, alien files, database information, and records of proceedings for over 200 individuals whom Plaintiffs believe to be class members. *See* September 20, 2012 Order. ECF No. 483. Defendants' response to this order, and their responses to Plaintiffs' other 287 document requests, has resulted in the Government's production of approximately 250,000 pages of documents. This documentation is more than sufficient for Plaintiffs' stated purpose of "shedding light" on Defendants' competency hearing process.

Here, Plaintiffs' counsel request information that is equally accessible by them. Defendant EOIR maintains a toll-free hotline, 24 hours a day, 7 days a week, from which the public can obtain information regarding cases before EOIR, including the next hearing date, time and location. The hotline also provides case processing information; Immigration Judge decision outcome and date; Board of Immigration Appeals case appeal information, including appeal due date, brief due

10

date, decision outcome and date; and filing information.[4]  Defendants encourage the Court to try it.[5]  Through the hotline, Plaintiffs can obtain the next hearing date of any individual in their class or otherwise simply by pressing "1" after they enter the A-number at the prompt.  Given the 24/7 availability of this system, Plaintiffs are able to obtain the hearing information they seek while Defendants are not forced to shoulder the additional, undue burden of finding and obtaining hearing dates for scores of potential class members every two weeks, along with Defendants' already routine, biweekly production of the A-numbers, names and detention locations of Plaintiffs' potential class members.

Nevertheless, as Defendants have explained to Plaintiffs on numerous occasions, Defendants are willing to provide the next hearing date information in the form of a chart, so long as it is not required to be produced on the same date that Defendants compile and forward information about potential class members. *See* Def. Exh. A (Email from Victor Lawrence dated December 21, 2012 and January 3, 2013).  Although Defendants attempted to provide charts with next hearing date information for several months as a courtesy, the process for providing such information simultaneous with biweekly notice of potential class members proved too burdensome.  The next hearing date information was not required by the Court, and the initial reason for agreeing to provide the information – to facilitate settlement discussions – had expired.  So, Defendants stopped providing the information for *all* potential class members.

---

[4] In limited circumstances, case information, including next hearing date, may be unavailable via the hotline for cases designated as containing confidential information.

[5] Defendants are prepared to provide, under separate cover, a sample A-number for this purpose.

11

To resolve the current issue, however, Defendants are open to providing the information on next hearing dates for all potential class members that are identified in the Notice reporting.  To relieve the burden, however, Defendants propose to provide the notice of potential class members on one Friday, and the next hearing date for those potential class members within five business days of the dissemination of notice.

**3. Plaintiffs' Request For Competency Hearing Dates Is A Veiled Request For Final Injunctive Relief In The Form Of Monitoring.**

Plaintiffs' request fails for yet another reason.  Throughout their motion, Plaintiffs describe their request for competency hearing dates as an opportunity to "monitor" or "observe" *M-A-M-* hearings and assess the effectiveness of these procedures.  *See, e.g.,* Pl. Mem. at 1-2 (arguing, *inter alia,* that requiring Defendants to provide competency hearing date information would "also serve the secondary purpose of shedding light on a process that the Government has hailed as the panacea to all of the harms alleged in the complaint"); Pl. Exh. 327, Declaration of Ahilan T. Arulanantham of December 20, 2012 at ¶ 5 ("If we had information specifying when class members were scheduled for their next *M-A-M-* hearings, we would use it to monitor those hearings").  This language hints at a fundamental error in Plaintiffs' logic.  In seeking competency hearing dates, Plaintiffs put the proverbial cart before the horse, as there is no authority for class counsel to "monitor" a challenged procedure prior to final judgment.

Plaintiffs nevertheless attempt to root their request to monitor *M-A-M-* hearings in Rule 23(d)(1)(B)(i), which permits the Court to order "appropriate" notice "to protect class members."  *See* Pl. Mem. at 9; *see also* Fed. R. Civ. P. 23(d)(1)(B)(i).  But instead of using class notice to notify class members "of any step in the [class] action," as the Rule envisions, class counsel seek a modification of the class notice so that *class counsel* will be apprised of any *administrative actions* in class members' removal proceedings.  Such monitoring is not the

12

purpose served by Rule 23(d)(1)(B)(i).  Rather, monitoring is a form of final injunctive relief.  *See, e.g., Allen v. City of Oakland,* No. C-00-4599-TEH, 2009 U.S. Dist. LEXIS 109962 (N.D. Cal. Nov. 24, 2009); *FTC v. John Beck Amazing Profits, LLC,* No. 2:09-cv-4719-FMC-FFMx, 2009 U.S. Dist. LEXIS 130923 (C.D. Cal. Nov. 17, 2009).

Moreover, Plaintiffs are incorrect in asserting that that they are entitled to the competency hearing information to protect class members from "the irreparable harm of an erroneous deportation."  Pl. Mem. at 10 (quoting *Barahona-Gomez v. Reno,* 167 F.3d 1228, 1237 (9th Cir. 1999)).  The rights protected under Rule 23 are the rights at stake in the class action litigation itself – that is, the claims for competency evaluations, bond hearings, and qualified representatives for the class as a whole.  Plaintiffs do not – and cannot – explain how failure to obtain competency hearing dates for individual class members would prejudice these claims, which are currently being litigated in the class action litigation itself.  Thus, in seeking to modify the Court's order on class notice to require Defendants to provide competency hearing date information, Plaintiffs stretch class notice beyond its permissible uses within the context of Rule 23(b)(2) class actions.  *See, e.g.,* 7 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice & Procedure* § 1786 (3d ed.) ("Notice [for Rule 23(b)(2) class actions] really serves only to allow those members the opportunity to decide if they want to intervene or to monitor the representation of their rights").

Contrary to Plaintiffs' assertions, the Ninth Circuit has *not* authorized the use of class notice under Rule 23(c)(2) for the purpose of preventing unlawful removal, and Plaintiffs' reliance on the Ninth Circuit's decision in *Barahona-Gomez v. Reno,* 167 F.3d 1228, 1236 (9th Cir. 1999), for this proposition is misplaced.  *Barahona-Gomez* involved a class of aliens who challenged the enforcement of a newly-enacted statutory cap on applications for suspension of deportation.  *Id.* at 1233.  The Ninth Circuit affirmed the district court's order

13

requiring the legacy-INS to provide notice of the class action with any deportation
order denying a class member's suspension application, in part, because the notice
would ensure that INS did not unlawfully deport class members. *Id.* at 1237.
However, the reason for this notice was that the district court had granted a class-
wide preliminary injunction *staying the removal of class members*. *Id.* at 1233. In
contrast, no such class-wide injunction staying the removal of all class members
has been issued in this case. If anything, *Barahona-Gomez* suggests that, because
there is no order enjoining removal of class members, class counsel here lack the
ability to use class notice procedures to protect class members against removal.

Plaintiffs claim that their "primary reason" for needing information about
competency hearing dates is to protect their class members. *See* Pl. Mem. at 7.
Plaintiffs' additional claim that their intervention "has already allowed several
class members whom Defendants failed to identify to avoid unlawful
determination" is unsupported by the facts. *Id.* at 2. In their motion, Plaintiffs
provide the circumstances of three aliens, Mr. Tashegar Tadess, Mr. Benito Lopez,
and Mr. Keovathana Mak. *Id.* at 8-9. Plaintiffs provide no evidence that they
could not have taken the same remedial actions absent the Government's provision
of hearing date information which, as explained above, is publicly available in any
event. Notably, Plaintiffs incorrectly allege that Mr. Mak was not identified by
Defendants prior to November 30, 2012. In fact, Defendants identified Mr. Mak
on November 15, 2012, and information related to the Immigration Judge's
decision in Mr. Mak's case is publicly available via the EOIR hotline. Plaintiffs
provide no evidence with respect to these three aliens that their intervention
resulted in any change that the Government would not have taken on its own
accord.

In fact, rather than "protecting their class members," the relief Plaintiffs seek
could have the opposite result of protracting their immigration proceedings,
thereby resulting in greater lengths of detention. Because *Matter of M-A-M-* does

14

not require separate competency hearings, Immigration Judges have sufficient flexibility to make competency inquiries and then to render competency determinations at appropriate, but varied, points during the course of removal proceedings, depending on the specific circumstances presented by the cases before them.  For example, upon submission of evidence by DHS, family members or other interested parties at a previously scheduled hearing, an Immigration Judge may decide impromptu to make further inquiry into an alien's competency and to render a competency determination.  If Defendants were required, as Plaintiffs seek, to provide at least seven days advance notice of such a "competency hearing," the Immigration Judge would be forced to continue the case to the next available date on the docket, instead of being able to render a determination that same day.  Any such delay could needlessly prolong proceedings where already heavy immigration court dockets are more likely to push out next available dates.  Similarly, other detained cases on the Immigration Judge's docket not involving competency issues would be unfairly displaced by rescheduling in order to accommodate resets for competency inquiries that satisfy both the Plaintiffs' desire for a minimum seven-days notice, and Plaintiffs' concerns about prolonging the adjudication of the class members' cases.

### 4. Defendants Are Unable To Provide The Advance Notice Of *M-A-M-* Hearings That Plaintiffs Seek.

Finally, it must be stressed that, as a practical matter, Defendants simply cannot provide Plaintiffs with the relief they now seek: seven-days advance notice of any and all "competency hearings" held for the class members.  *See* Proposed Order, ECF No. 512-3.  Although Plaintiffs assert that their proposal requiring Defendants to provide next hearing dates for all Subclass One members and competency hearing dates for all class members "would require Defendants to produce far less information than that the parties had originally agreed upon," Pl. Mem. at 6, in reality, Defendants' burden is even greater under this "compromise."

As an initial matter, Immigration Judges have no obligation under existing law to schedule separate competency hearings.  "Immigration Judges need to consider indicia of incompetency throughout the course of proceedings," and "[t]he approach taken in any particular case will vary based on the circumstances of the case." *Matter of M-A-M-*, 25 I. & N. Dec. at 480-81.  While "[p]roceedings *may* [] be continued to allow the parties to gather and submit evidence relevant to these matters, such as medical treatment reports, documentation from criminal proceedings, or letters and testimony from other third party sources that bear on the respondent's mental health[,]" *id.* at 481 (emphasis added), there is no requirement that a separate hearing be held and, irrespective of whether Defendant DHS files a pleading to request a hearing on the issue, Immigration Judges do not routinely issue orders directing the parties to appear for a "competency hearing." Accordingly, competency determinations are rendered within the context of regularly scheduled hearings and frequently without advance notice.  In fact, Immigration Judges may make competency inquiries and then render competency determinations at various points during the course of removal proceedings. Therefore, it would be necessary for agency counsel to review pending cases one-by-one by listening to hearing recordings to determine if and when an Immigration Judge schedules a date to conduct a competency inquiry and render a competency determination pursuant to *M-A-M-* .  This results in an undue burden.  Thus, as a practical matter, it is simply not possible for Defendants to provide seven days of advance notice for competency determinations that may occur in the middle of regularly scheduled hearings.

Consequently, Defendants have offered two reasonable alternatives to providing "competency hearing" dates that lessens the onerous burden on the agency counsel who assemble the class member lists for each reporting and must also obtain next hearing date information at the same time.  Under the first proposal, Defendants will provide the next hearing date for any class member for

16

whom Plaintiffs indicate that "next hearing date" information is unavailable on the EOIR hotline, within 48 hours of such notification.  Under the second proposal, Defendants will provide the next hearing date for *all* class members within five business days of the normal class reporting deadline.  These are both reasonable compromises that Plaintiffs have unreasonably refused[6] in an attempt to obtain information to which they are not entitled.  To put it simply, there is no basis under either Rule 23 or Rule 26 for Plaintiffs to obtain advance notice of the competency determination date they now request, particularly when such data is impossible or extremely burdensome to provide.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Modify the Notice Order in its entirety.

---

[6] Indeed, Plaintiffs have previously indicated that they would be satisfied with receiving "hearing information within one business day in cases where that information is unavailable through the EOIR's public system."  *See* Pl. Exh. 324 at 4 (January 12, 2012 email from Ahilan Arulanantham).

17

DATED:  January 11, 2013                     Respectfully submitted,


                                             STUART F. DELERY
                                             U.S. Department of Justice
                                             Civil Division
                                             Acting Assistant Attorney General


                                             DAVID J. KLINE
                                             Director
                                             Office of Immigration Litigation
                                             District Court Section


                                             VICTOR M. LAWRENCE
                                             Principal Assistant Director


                                             SAMUEL P. GO
                                             Senior Litigation Counsel


                                             *s/Neelam Ihsanullah*
                                             NEELAM IHSANULLAH
                                             Trial Attorney
                                             U.S. Department of Justice
                                             Civil Division
                                             Office of Immigration Litigation
                                             District Court Section
                                             P.O. Box 868, Ben Franklin Station
                                             Washington, DC 20044
                                             Telephone: (202) 532-4269
                                             Facsimile: (202) 616-8962
                                             Email:Neelam.Ihsanullah@usdoj.gov

                                             Attorneys for Defendants

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 11, 2013, one copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which sent notice to the following counsel of record:

John David Blair-Loy
ACLU of San Diego &    Imperial
Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4496
Fax: 619-232-0036
Email: dblairloy@aclusandiego.org

Michael H. Steinberg
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067-1725
310-712-6600
Fax: 310-712-8800
Email: steinbergm@sullcrom.com

Ahilan T. Arulanantham
ACLU Foundation of Southern
California
1313 West Eighth Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-977-5297
Email: aarulanantham@aclu-sc.org

Alexa M. Lawson-Remer
Sullivan & Cromwell LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067
310-712-6600
Fax: 310-712-8800
Email: lawsonr@sullcrom.com

Antonio Stamenova-Dancheva
Sullivan & Cromwell LLP
1888 Century Park East
Los Angeles, CA 90067
310-712-6600
Email: stamenovaa@sullcrom.com

Asel Aliyasova
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303
650-461-5600
Fax: 650-461-5700
Email: aliyasovaa@sullcrom.com

Esha Bhandari
ACLU Immigrants Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-284-7359
Fax: 212-549-2654
Email: ebhandari@aclu.org

19

James Duff Lyall
ACLU Foundation of Arizona
3707 North Seventh Street Suite 235
Phoenix, AZ 85014
602-773-6001
Fax: 602-650-1376
Email: jlyall@acluaz.org

James J. Preis
Mental Health Advocacy Services
Inc.
3255 Wilshire Boulevard Suite 902
Los Angeles, CA 90010
213-389-2077
Fax: 213-389-2595
Email: jpreis@mhas-la.org

Marisol Orihuela
ACLU Foundation of Southern
California
1313 West 8th Street
Los Angeles, CA 90017
Tel: 213.977.5211
Fax: 213.977.5299
Email: morihuela@aclu-sc.org

Judy London
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977
Fax: 213-385-9089

Judy Rabinovitz
American Civil Liberties Union
Immigrants' Rights Project
125 Broad Street 18th Floor
New York, NY 10004
212-549-2618
Fax: 212-549-2654
Email: jrabinovitz@aclu.org

Matt Adams
Northwest Immigrant Rights Project
615 Second Avenue Suite 400
Seattle, WA 98104-2244
206-957-8611
Fax: 206-587-4025
Email: matt@nwirp.org

Sean Riordan
ACLU Foundation of San Diego &
Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-398-4485
Fax: 619-232-0036
Email: sriordan@aclusandiego.org

Shawn Joe Lichaa
Sullivan & Cromwell LLP
1870 Embarcadero Road
Palo Alto, CA 94303-3308
650-461-5662
Fax: 650-461-5700
Email: lichaas@sullcrom.com

Talia R. Inlender
Public Counsel
610 South Ardmore Avenue
Los Angeles, CA 90005
213-385-2977
Fax: 213-385-9089
Email: tinlender@publiccounsel.org

/s/ Neelam Ihsanullah
NEELAM IHSANULLAH
Trial Attorney
Office of Immigration Litigation
District Court Section
U.S. Department of Justice
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 532-4269
Facsimile: (202) 616-8962
Email:Neelam.Ihsanullah@usdoj.gov

21