STUART F. DELERY
Principal Deputy Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
Office of Immigration Litigation
SAMUEL P. GO
Senior Litigation Counsel
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 353-9923
    Facsimile: (202) 305-7000
    Email: Samuel.Go@usdoj.gov
NEELAM IHSANULLAH
Trial Attorney

Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, *et al.*,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>JANET NAPOLITANO, *et al.*<br><br>    Defendants-Respondents. | NO. CV 10-2211-DMG (DTBx)<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Judge: Honorable David T. Bristow<br><br>No Discovery Deadline/Schedule Set<br><br>No Trial Date Set<br><br>Hearing date: January 28, 2013<br>              10:00 a.m. |

Plaintiffs' motion to compel should be denied, as Defendants' production of documents satisfies the requirement of Fed. R. Civ. P. 34(b)(2)(E).  In fact, Defendants' production exceeds what is required.  Specifically, Defendants are only required to produce the A-File records, Records of Proceedings (ROPs), and certain medical records as kept in the usual course of business – that is in hard copy; nevertheless, at a cost of substantial time and effort, Defendants converted these documents to an electronic format.  Furthermore, Defendant U.S. Department of Justice (DOJ) transcribed all of the recorded hearings at considerable expense and outside of the normal course of its business records operations.

Contrary to Plaintiffs' allegations, the A-File records produced to Plaintiffs are grouped together, in sequential bates ranges, for each alien and medical records are similarly grouped together, in sequential bates ranges, for each alien.  Because a limited number of records produced to Plaintiffs in November 2012 are produced in more than one bates range, Defendant Department of Homeland Security (DHS) also provided a log sheet to identify the specific bates ranges for documents that related to each alien.  *See* ECF No. 522-7, Ex. 1 to Joint Stipulation.  Furthermore, DHS separated the responsive documents by document request, and created bookmarks in each large PDF file produced to Plaintiffs to identify specific documents/files within the larger PDF.  *See id.*, Ex. 2.  All of the documents DHS produced were bates-stamped with unique bates numbers.

Plaintiffs base their motion to compel on their inability to optimize the files for review or to easily extract relevant pages for class members.  *See* ECF No. 522-2, Joint Stipulation, at 8.  These requests by Plaintiffs certainly do not fall within the purview of producing documents as kept in the usual course of business.  Plaintiffs also claim that with regard to the medical files for Subclass One members, they have no way to identify which PDF file, files or portions of files relate to each class member.  *See id.*  However, Plaintiffs in fact have the most

1

logical way to determine which files belong to which class members; each class member's documents are grouped together in sequential order, and numbered as such.  Finally, regarding Plaintiff's complaints about the ROPs, *see id.* at 9, Defendant DOJ produced each ROP separately, individually identified by A# and name in the title of each electronic file, in order to facilitate review.  Plaintiffs' exhibit of a non-Bates numbered document is of a hearing transcript bearing a title clearly identifying its contents, including the name and A# of the individual concerned, so no reasonable confusion could occur.  Thus, Defendants not only produced documents in the manner they were maintained in the usual course of business, but Defendants took additional steps beyond their obligations under the Federal Rules to make them easier for Plaintiffs to access and review.

Plaintiffs also contend that the privilege logs produced by Defendants are deficient.  Defendants, however, have shown good faith in producing privilege logs with sufficient detail for Plaintiffs to assess the applicability of the privileges asserted.  *Ramirez v. Olympic Health Management Systems, Inc.,* No. 07-3044, 2008 WL 5377882, at *4 (E.D. Wash. Dec. 23, 2008); *Jumping Turtle Bar and Grill v. City of San Marcos*, No. 10-0270, 2010 WL 4687805, at *3 (S.D. Cal. Nov. 10, 2010).  A categorical privilege log, rather than document-by-document privilege logs, is appropriate when voluminous records are produced.  *See* 1993 Amendments to Rule 26, Subdivision (b) ("[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.").  *See also Burlington Northern*, 408 F.3d at 1148 (the advisory committee notes

provide that "there are circumstances in which [details] would be unduly burdensome."); Adv. Comm. Notes to 1993 Amendments to Rule 26(b)).[1]

In *Imperial Corp. of America v. Durkin*, 174 F.R.D. 475, 479 (S.D. Cal. 1997), the court found that requiring a party to create a document-by-document privilege log in response to documents protected by the attorney-client or attorney work-product privilege would be unreasonable and burdensome, and authorized the party to produce a categorical privilege log. Similarly, the district court considering *In re Motor Fuel Temperature Sales Practices Litigation*, No. 07-1840, 2009 WL 959491, at *3 (D. Kan. Apr. 3, 2009) permitted a party to categorically group post-litigation attorney communications that are privileged on the ground that "individually logging thousands of privileged attorney communications would be immensely burdensome and have little, if any, benefit to plaintiffs." Accordingly, Defendants' privilege logs accompanying the thousands of pages of redacted documents comply with the Federal Rules, as Plaintiffs seek post-litigation information that, in most respects, is privileged. The categorical privilege logs identify the documents by Bates stamp, privilege, author, and recipient, and summarize the content of the communication without disclosing the privileged material itself. Defendants' privilege logs meet the requisite criteria to enable Plaintiffs' counsel to assess the privileged nature of the redacted documents.[2]

---

[1] The 1993 Advisory Committee Notes underscore that "[d]etails concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be *unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories*." *Id.* (italics in decision).

[2] As Plaintiffs' discovery focuses on post-lawsuit communications between the U.S. Immigration and Customs Enforcement (ICE) litigation office, the Office of the Principal Legal Advisor (OPLA) and ICE's operational clients regarding this

Despite Plaintiffs' allegations, Defendants' non-responsive (NR) redactions are appropriate.  Defendants only used NR redactions for e-mail addresses, telephone numbers, computer database language code, and, in some instances, the names of ICE OPLA and/or ICE Health Service Corp. (IHSC) officials who transmitted or received requests regarding mental health reviews of aliens detained at ICE detention facilities.  The redactions protect the privacy of agency employees, including law enforcement personnel, from unnecessary disclosure. *See Vodak v. City of Chicago*, No. 03-2463, 2004 WL 2032147, at *5 (N.D. Ill. Sept. 9, 2004) (sustaining redactions of law enforcement personnel "as well as any identifying information" contained in disputed records); *Schiller v. City of New York*, 244 F.R.D. 273, 277 n.8 (S.D.N.Y. 2007) (redaction appropriate "if it may be accomplished without destroying the sense of the information left unredacted."). Defendants are willing to unredact such information on an as-needed basis, but almost all of the redacted information is irrelevant to this litigation.  The issue may also be moot because on January 17, 2012, Defendants produced in good faith supplemental filings under *Matter of M-A-M-* unredacted (ICE0000057236A– ICE0000057507A) but for government personnel email addresses and telephone numbers irrelevant to this litigation.  Plaintiffs have not established that the remaining NR redacted records are relevant to the pending litigation.  *See DeCamp v. City of Vallejo*, No. 06-1283, 2007 WL 1589541, at *5 (E.D. Cal. Jun. 1, 2007).

Regarding Plaintiffs' request for unlimited depositions, Defendants will agree to a modest increase of the presumptive 10-deposition limit, but an "open-

---

litigation, privilege logs for these materials may not be required under the Federal Rules. *See also Ryan Investment Corp. v. Pedregal De Cabo San Lucasa*, No. 06-3219, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) ("counsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log.").

4

ended" minimum of 20 additional depositions in unwarranted and excessive. Defendants propose that they shall make available the three Field Medical Coordinators (FMCs) that cover non-IHSC facilities in California and Arizona. These FMCs are the individuals that liaison with the non-IHSC facilities regarding medical issues and Defendants' role and interplay in screening / identifying detainees at non-IHSC facilities who may have serious mental illnesses.  They are the individuals most familiar with the Government's current practices.  Rule 30(b)(6) depositions of these FMCs will cover the same information sought by Plaintiffs' request for 20 additional depositions.  At a minimum, Plaintiffs should depose these FMCs before the Court determines whether additional depositions are warranted.

Finally, Defendants have sufficiently responded to Plaintiffs' interrogatories concerning their implementation of *Matter of M-A-M-* by producing business records from which the answers to the interrogatories may be determined per Rule 33(d).  Plaintiffs' numerous production requests seek similar information, and Defendants have identified the corresponding responsive documents to Plaintiffs. *See* Joint Stipulation at 43-44, 48-49, 53-54, 59-60, 63-64, 69-70, 73-74, 79-80, 83-84, 88-89, 92-93, 97-98, 102-03, 107-08, 111-12.  *See Haworth v. Patel*, No. 06-1373, 2007 WL 1834696, at *2 (E.D. Cal. Jun. 26, 2007) (a party must provide "true, explicit, responsive, complete, and candid answers to [the] interrogatories".).

For all the foregoing reasons, the Court should deny Plaintiffs' motion to compel in its entirety.

Dated:  January 22, 2013                    Respectfully submitted,

                              By:   /s/Victor M. Lawrence
                                    VICTOR M. LAWRENCE
                                    Office of Immigration Litigation
                                    District Court Section
                                    U.S. Department of Justice
                                    Washington, D.C.  20530
                                    Telephone: (202) 305-8788
                                    Facsimile: (202) 305-7000

                                    Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

Case No. CV 10-2211-DMG (DTB)

    I hereby certify that one copy of the foregoing DEFENDANTS'

SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO

PLAINTIFFS' MOTION TO COMPEL was served pursuant to the district court's

ECF system as to ECF filers on January 22, 2013, to the following ECF filers:


Ahilan T. Arulanantham
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-417-2211
Email: aarulanantham@aclu-sc.org


                                   <u>/s/ Samuel P. Go</u>
                                   Samuel P. Go
                                   Senior Litigation Counsel
                                   District Court Section
                                   Office of Immigration Litigation
                                   Civil Division
                                   U.S. Department of Justice
                                   P.O. Box 868, Ben Franklin Station
                                   Washington, D.C. 20044
                                   Tel: (202) 353-9923
                                   Fax: (202) 616-8962