STUART F. DELERY
Principal Deputy Assistant Attorney General, Civil Division
DAVID J. KLINE
Director
Office of Immigration Litigation
District Court Section
VICTOR M. LAWRENCE
Principal Assistant Director
Office of Immigration Litigation
SAMUEL P. GO
Senior Litigation Counsel
Office of Immigration Litigation
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Telephone: (202) 353-9923
    Facsimile: (202) 305-7000
    Email: Samuel.Go@usdoj.gov
NEELAM IHSANULLAH
Trial Attorney
Attorneys for Defendants-Respondents

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JOSE FRANCO-GONZALEZ, et al., <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> JANET NAPOLITANO, et al. <br><br> Defendants-Respondents. | NO. CV 10-2211-DMG (DTBx) <br><br> **DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** <br><br> Judge: Honorable David T. Bristow <br><br> No Discovery Deadline/Schedule Set <br><br> No Trial Date Set <br><br> Hearing date: January 28, 2013 <br>                10:00 a.m. |

Plaintiffs contend that Defendants' policies and procedures with respect to detainees suffering from serious mental disorders or defects result in harms that Plaintiffs seek to redress through this litigation. Yet, in response to Defendants' most basic interrogatories – to specifically identify those harms – Plaintiffs provided only generalities. "Everyone in the class has been harmed," Plaintiffs responded. "Defendants already have this information in their possession. And if we have to tell you more, we can only do so at the close of discovery."

Not only are Plaintiffs' responses inaccurate, but they are insufficient and should be treated as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). Plaintiffs have not provided Defendants a single page of merits discovery, and have completely avoided providing sufficient interrogatory responses that are necessary to Defendants' defense of this action. Yet, Plaintiffs have represented since the beginning of this action that, "[t]he members of the Plaintiff Class can be readily identified through notice and discovery." *See* Third Amended Complaint, Dkt # 333-2, ¶ 149.

In the body of the Joint Stipulation (Dkt # 520-1) prepared by the Parties for this motion, Defendants demonstrated that they have a right to know the identity of the class members Plaintiffs believe have been harmed, as well as the specifics of the harm alleged. To the extent that Plaintiffs can identify any harm against particular class members, Defendants need to know what those harms in order to investigate them and assert appropriate defenses. To litigate without that information, or to have to rely solely on Plaintiffs' conclusory allegations, substantially handicaps Defendants from mounting a defense to Plaintiffs' allegations. To show harm, Plaintiffs must

do more than allege a possibility of future harm or to allege it in conclusory terms. *See Winter v. Natural Resources Defense Council*, 555 U.S. 7, at 20 (2008). Rather, Plaintiffs must allege that concrete, imminent harm is likely with particularized facts. *Id.; see also Flexible Lifeline Systems, Inc. v. Precision Lift, Inc.,* 654 F.3d 989, 1000 (9th Cir. 2011).

Plaintiffs advance three myths throughout their portions of the Joint Statement as a defense to this motion to compel:

*Plaintiffs' Myth # 1*: *The information sought is exclusively in the possession of Defendants.*

Through the taking of significant discovery, Plaintiffs' access to information relevant to their class is nearly equivalent to that of Defendants. Plaintiffs presumably brought this class action believing that a certain number of people were harmed as a result of Defendants' policies and procedures. To add to this body of information, Plaintiffs propounded on Defendants nearly 300 discovery requests and scores of interrogatories. At great burden, Defendants responded with over 250,000 pages of responsive documents.

However, Defendants are unable to ascertain, by looking at the discovery produced or otherwise, who *Plaintiffs believe* have suffered prejudice and what *Plaintiffs believe* that prejudice to be. Over the course of this litigation that Plaintiffs have overstated harms of their own class members for litigation advantage. A detainee who Defendants believe suffered no prejudice becomes a *cause celeb* for Plaintiffs based upon greatly exaggerated harms. Thus, the information as to who Plaintiffs believe suffered prejudice (and the specifics of that prejudice) are actually in Plaintiffs' sole possession, not Defendants'.

*Plaintiffs' Myth # 2*: *A grant of Defendants' motion to compel would*

2

*somehow be inconsistent with Judge Gee's prior rulings.*

Contrary to Plaintiffs' representations and insinuations, Judge Gee never entered an order indicating that discovery should be stayed at this time. Furthermore, Judge Gee never entered an order establishing for merits purposes that Plaintiffs have been prejudiced. Plaintiffs' representation is belied by their own behavior in seeking a motion to compel – Plaintiffs cannot reasonably believe that Judge Gee stayed discovery for Defendants, but intended to allow Plaintiffs to unilaterally march forward in discovery.

Similarly, Plaintiffs attempt to twist Judge Gee's prior rulings to suggest that Judge Gee has already ruled that Defendants' discovery is unnecessary. This is not true. Judge Gee's prior ruling on standing issues (*i.e.,* whether Plaintiffs have argued enough "injury in fact" to invoke the Court's Article III jurisdiction) is a completely different matter from whether Plaintiffs have shown – on the merits – that Plaintiffs' classes have suffered prejudice such that injunctive relief should be awarded. *See Caribbean Marine Serv. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."). Judge Gee's opinions with regard to standing in no way permit Plaintiffs to avoid discovery aimed at identifying the specific harms that Plaintiffs believe they have suffered.

"Injunctive relief must be tailored to remedy the specific harm alleged." *See Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011). In the disputed discovery, Defendants seek Plaintiffs' views of the specific harms alleged to each class member they believe suffered prejudice. Undoubtedly, Plaintiffs will seek to present such evidence at trial. Thus, the information is necessary for Defendants to

3

defend against Plaintiffs' claim for injunctive relief, and no prior order of Judge Gee can be interpreted to preclude Defendants from obtaining information necessary to adequately assert their defenses.

The requested discovery is also critical to Defendants' defense against Plaintiffs' motion for partial summary judgment, filed on July 9, 2012. *See* Dkt # 398. Defendants opposed Plaintiffs' motion and advised the Court that they were currently seeking discovery from Plaintiffs which was relevant to Plaintiffs' claims. *See* Dkt # 441 at 43 n.18. Defendants also provided Notice to Judge Gee that they were pursuing this motion to compel. *See* Dkt # 513. The Court has yet to rule on Plaintiffs' motion for partial summary judgment. While Plaintiffs take the position that the requested discovery is not relevant to consideration of their motion, if Plaintiffs cannot demonstrate significant harm to their class, Plaintiffs will be unable to obtain the injunctive relief they seek because of Supreme Court precedent requiring Plaintiffs to show irreparable harm before obtaining a permanent injunction. *See Amoco Production Co. v. Village of Gambell, AK,* 480 U.S. 531 at 546 n.12 (1987) (requiring Plaintiffs to show they are likely to suffer irreparable harm to obtain permanent injunctive relief). Thus, the requested discovery is critical to Defendants to defend against Plaintiffs' motion for partial summary judgment.[1]

*Plaintiffs' Myth #3*: *Even if Plaintiffs were compelled to respond, they cannot do so as a result of Defendants' discovery production.*

Plaintiffs' claim that the organization of Defendants' discovery

---

[1] As Defendants also pointed out in their portion of the Joint Statement, if Plaintiffs are unable to show a "persistent pattern" of individuals being irreparably harmed as a result of Defendants' policies, Plaintiffs are also unable to obtain injunctive relief. *See* Joint Statement at 39 and citations therein.

production prevents them from being able to respond to Defendants' discovery is without merit. Defendants remind the Court that Plaintiffs have produced absolutely no information to Defendants about their class in response to Defendants' discovery. Even if Defendants provided discovery to Plaintiffs in a disorganized fashion – a charge that is belied by the evidence – that would not prevent Plaintiffs from producing the information they have now, even if incomplete, and supplementing additional information later.

In any event, Plaintiffs' claims about Defendants' discovery production are entirely unfounded, and Plaintiffs should be required to produce all responsive information to Defendants' requests within 14 days of an Order of this Court. As explained in the Joint Statement prepared for Plaintiffs' motion to compel, Defendants actually went above and beyond what they were required to do by producing electronic files of documents normally found in hardcopy. Plaintiffs' complaints that they are unable to manipulate the files in the manner they prefer is not a fault of Defendants. Plaintiffs retain the ability to print out the files and re-image them in any manner they prefer to satisfy their database compatibility needs.

- - -

In sum, the Court should recognize that *none* of Plaintiffs' objections to Defendants' discovery are based on privilege assertions; they are all based on a strained reading of Judge Gee's prior orders and their own reluctance to be forthcoming in discovery by letting Defendants know the identity of their own class members and the harms they are alleged to have endured. Defendants respectfully request that the Court enter Defendants' proposed Order so that they can finally assess Plaintiffs' allegations of prejudice and prepare for trial.

Dated:  January 22, 2013                    Respectfully submitted,

               By:  /s/Victor M. Lawrence
                  VICTOR M. LAWRENCE
                  Office of Immigration Litigation
                  District Court Section
                  U.S. Department of Justice
                  Washington, D.C.  20530
                  Telephone: (202) 305-8788
                  Facsimile: (202) 305-7000

                  Attorneys for Defendants

# CERTIFICATE OF SERVICE

Case No. CV 10-2211-DMG (DTB)

I hereby certify that one copy of the foregoing DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL was served pursuant to the district court's ECF system as to ECF filers on January 22, 2013, to the following ECF filers:

Ahilan T. Arulanantham
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213-977-5211
Fax: 213-417-2211
Email: aarulanantham@aclu-sc.org

/s/ Samuel P. Go
Samuel P. Go
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 353-9923
Fax: (202) 616-8962