AHILAN T. ARULANANTHAM (State Bar No. 237841)
aarulanantham@aclu-sc.org
CARMEN IGUINA (State Bar No. 277369)
ciguina@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5211
Facsimile: (213) 417-2211

MICHAEL H. STEINBERG (State Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile:  (310) 712-8800

Attorneys for Plaintiffs
(additional counsel listed on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, *et al.*, <br><br> *Plaintiffs & Petitioners*, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, *et al.*, <br><br> *Defendants & Respondents*. | Case No. 10-CV-02211 DMG (DTBx) <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** <br><br> Judge: Honorable David T. Bristow <br><br> No Discovery Deadline/Schedule Set <br><br> No Trial Date Set <br><br> Hearing date: January 28, 2013, 10:00 a.m. |

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile:  (213) 385-9089

JUDY RABINOVITZ (*pro hac vice*)
jrabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618

DAVID LOY (State Bar No. 229235)
dloy@aclusandiego.org
SEAN RIORDAN (State Bar No. 255752)
sriordan@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile:  (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile:  (213) 389-2595

MATT ADAMS (*pro hac vice*)
matt@nwirp.org
RIDDHI MUKOPADHYAY (*pro hac vice*)
riddhi@nwirp.org
NORTHWEST IMMIGRANTS' RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile:  (206) 587-4025

JAMES LYALL (*pro hac vice*)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile:  (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

Defendants' papers ignore the federal rules, the cases cited by Plaintiffs, and the many examples of their obstructionist conduct, only to defend their actions by advancing a novel set of discovery rules applicable, apparently, only to them.[1] In Defendants' world, they can produce documents in any format they please, omit crucial information by use of widespread redactions on privilege and non-responsiveness grounds, issue conclusory privilege logs (if any), and pretend that pointing Plaintiffs to ranges of over *one hundred thousand pages* amounts to answering an interrogatory. In Defendants' world, they can also limit Plaintiffs to depose only the witnesses that they hand-pick. Defendants' world is not one mandated by the federal rules.

## *File Discovery Production Format*

Plaintiffs request that Defendants abide by the rules and produce detainee files and medical files as they are "kept in the usual course of business[,]" separated and labeled by the name of each detainee. Fed. R. Civ. P. 34(b)(2)(e); *see* Dkt. 522-2 at 7-10; Dkt 522-4, Exhs. I-J. Defendants never objected to this request, but intentionally did not comply with it. Dkt. 522-2 at 11. Although Defendants pretend they have "gone above and beyond" their obligations by producing all documents in an electronic format of their choosing, they actually took usable pieces of paper and converted them into an electronic nightmare. To rectify Defendants' formatting, Plaintiffs have so far spent two months and over one hundred hours in efforts to organize Defendants' production, and Plaintiffs still

---

[1] Defendants' actions speak louder than their words. On January 17, 2013— *after* the parties completed the Joint Stipulation—Defendants claimed that they were producing "supplemental filings under *Matter of M-A-M-*" and re-producing "previously redacted documents without redactions." *See* Iguina Decl., Exh. B. Incredibly, Defendants produced even these documents in an unworkable, password-protected format and thus Plaintiffs have not had an opportunity to determine whether this production satisfies any of their concerns. But what Plaintiffs do know is that Defendants' last-minute reversal *after* months of negotiations and *after* the expense of briefing this motion demonstrates their conduct was not "substantially justified" under Fed. R. Civ. P. 37(a)(5)(A)(ii).

do not have workable sets. (Iguina Decl. ¶¶ 8-9.) Defendants' technical manipulation ensures that many of the PDF files cannot easily be uploaded for review, extracted by detainee, or OCR'd. (Iguina Decl. ¶¶ 5-15, Exhs. A, C; Cornell Decl. ¶¶ 2-7, Exhs. E-H.) Even for files where Plaintiffs are not barred from organizing the data, Plaintiffs cannot be sure they have organized Defendants' files correctly or completely, and Defendants offer no response on this score. Worse, the claim that "each large PDF file" contains "bookmarks" to identify specific documents is false. Dkt. 522-2 at 11. Many do not. (*E.g.*, Iguina Decl. ¶¶ 12-15.) Others that contain identifiers are still not usable because they are locked with passwords that the Government refuses to provide. (Iguina Decl. ¶¶ 5, 12, 14, Exhs. A, C; Cornell Decl. ¶¶3-4.) Defendants *nowhere* specify any burden in rectifying these problems (other than to dismiss it as "make-work", Dkt. 522-2 at 12), nor do they explain why they changed to this formatting from how they previously produced documents, both here and in the *Rodriguez* litigation.[2] *See German* v. *Micro Elecs., Inc.*, 2013 U.S. Dist. LEXIS 4594, at *26-28 (S.D. Ohio. Jan. 11, 2013); Dkt. 522-2 at 8-10; Cornell Decl. ¶ 3; Arulanantham Decl. ¶¶ 2-6.

### *Missing and Deficient Privilege Logs*

Of the *seven* missing logs Plaintiffs identify, Defendants address only *one* (and claim it is still not complete). *See* Dkt. 522-2 at 12-13, 23. Similarly, they do not meaningfully address Plaintiffs' arguments concerning their failure to produce logs relating to their compliance with *M-A-M-* or the Notice Order.[3]

---

[2] Defendants also admit producing documents without assigning them unique Bates. Dkt. 522-2 at 5, 11-12; *see* Dkt. 522-5, Exhs. DD, EE; Iguina Decl. ¶ 16. Plaintiffs cannot understand why Defendants refuse to complete this simple task to avoid confusing the parties and the Court, or interfering with Plaintiffs' ability to authenticate the documents.

[3] Defendants do not have the courage of their convictions in asserting the already weak point that that they "may not be required" to provide privilege logs for "post-lawsuit communications between OPLA, ERO, and IHSC[.]" Dkt. 522-2 at 22 n.14. This may be because they have already provided such logs, albeit inadequate ones. *See* Dkt. 522-4, Exhs. L-M. It should be obvious that Defendants must produce these logs so that Plaintiffs can assess whether the communications

1   With respect to the deficient logs, Defendants recite case law about
2   "categorical" logs, but they (1) ignore all of Plaintiffs' arguments concerning the
3   impropriety of such logs *here* and (2) do not explain how *any* of their logs
4   (categorical or otherwise) contain *nonconclusory* descriptions sufficient to "assess
5   the claim" of privilege. Dkt. 522-2 at 19. This is not just some oversight. Here is
6   one more example: a privilege log entry for an "E-Mail – RE: XXXXXXX,
7   KHUKHRYANSKIY, ALKSANDR" cites three pages from "various dates" by
8   "various authors" with "various addressees" and asserts the deliberative process
9   privilege with the conclusory statement: "internal pre-decisional discussions
10  regarding case strategies, recommendations, or opinions." *See* Dkt. 522-4, Exh. Q,
11  at 11; Exhs. L-V. The federal rules require far more. *See* Dkt. 522-2 at 16-17.

12  ***Non-Responsive or "NR" Redactions***

13  Defendants now concede that they redacted as non-responsive ("NR")
14  information that is obviously responsive. *See* Dkt. 522-2 at 25; *see, e.g.*, Iguina
15  Decl., Exh. D (redacting as "non-responsive" the individual to whom OPLA
16  attorneys are instructed to address "issues arising out of the application of the *M-A-*
17  *M-* decision"). The identities of those who implement the very system for
18  evaluating competency that Plaintiffs' challenge in this lawsuit are discoverable.
19  Courts routinely reject widespread NR redactions like those used here; uttering the
20  word "privacy" is no excuse for such redactions, particularly given the protective
21  order in this case, Dkt. 507. *See* Dkt. 522-2 at 23-25; Dkt. 522-4.[4] Predictably,

---

are privileged. *See* Dkt. 522-2 at 14. Incredibly, some of Defendants' logs even note that communications were logged, *but then deleted*, a point devastating to their claim of burden. *E.g.*, Dkt. 522, Exhs. T, V ("post-litigation communications" were "[d]eleted" from logs).

[4] Defendants' bizarre suggestion that disclosing phone number and email addresses to Plaintiffs could somehow "collapse" the Government's communication system highlights both the nature of Defendants' insults and the lengths to which Defendants will go to defend their inappropriate redactions. Dkt. 522-2 at 26 n.17. Of course, Plaintiffs just want the identities of the individuals

-3-

Defendants say it would be a "waste of resources" to unredact these documents, but they created this burden by violating the rules. Dkt. 522 at 24-25. In their belated January 17 letter, Defendants agreed to reproduce *some* documents without redactions, but that letter makes clear from the limited Bates ranges that they are not reproducing *all* documents previously produced with "NR" redactions.[5] (Iguina Decl., Exh. B.) They should be ordered to do so.

### *Deposition Limit*

Instead of allowing Plaintiffs to pick their own deponents, Defendants propose that Plaintiffs only be able to depose those witnesses selected by the Government, thus making completely unavailable many of these witnesses for trial. Of course, it is not for Defendants to determine how to try Plaintiffs' case. Plaintiffs have identified a reasonable number of deponents who are both employed by IHSC *and* who are working on-the-ground at non-IHSC facilities (and not simply IHSC *liaisons* to such facilities, as Defendants propose) to assess the Government's system for evaluating competency throughout its network of detention centers. *See* Dkt. 522-2 at 27-2; Dkt. 522-4, Exh. Y. Defendants offer no legal challenge to Plaintiffs' plan under the relevant factors. *See* Fed. Rule 26(b)(2)(i)-(iii). Nor can they, as Plaintiffs have shown good cause to allow the discovery in this complex class action and, based on the information available to them, have appropriately identified the deponents. *See* Fed. R. Civ. P. 30(b)(1).

### *Zhalezny Interrogatories*

Stunningly, Defendants claim they have responded to Mr. Zhalezny's interrogatories by producing documents under Federal Rule 33(d). *E.g.*, Dkt. 522-

---

involved to understand the importance of their communications and determine whether to depose them.

[5] In fact, the document contained in Iguina Decl., Exh. D, is *not* among those listed for reproduction, despite its blatantly inappropriate "NR" redaction. Nor are the examples Plaintiffs cited in this motion. Dkt. 522-4, Exh. W.

-4-

2 at 43. But Defendants waived any such objection by failing to raise it in their original responses to Mr. Zhalezny's interrogatories. *See* Dkt. 522-2 at 36-42; *Safeco Ins. Co.* v. *Rawstrom*, 183 F.R.D. 668, 671-72 (C.D. Cal. 1998).

Even if considered, this argument fails. *First,* Defendants fail to "*specify[] the records* that must be reviewed, *in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1) (emphases added). Here is the sum total of Defendants' supposedly helpful "identification" of the documents answering 15 interrogatories:

> [T]he following documents provide responses to the information requested: ICE0000032741-ICE0000039514, ICE0000057236A-ICE0000057507A, ICE 0000054519A-ICE0000056229A, ICE0000062025-ICE0000062580, ICE0000067969-ICE0000090126, and the A-File Records and ROPs provided to Plaintiffs via DVDs on November 26, 2012; December 4, 2012; and December 11, 2012.[6]

*Defendants' "hide and go seek" range amounts to at least 135,123 pages*, and Defendants provide no indication of what information relevant to what interrogatory may be found on any of these pages. Not even Defendants' authority says this is appropriate. *See Cambridge Elecs. Corp.* v. *MGA Elecs., Inc.*, 227 F.R.D. 313, 322-23 (C.D. Cal. 2004) (quoting *In re G-1 Holdings, Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003)) ("'[T]he responding party has a duty to specify, by category and location the records from which he knows the answers to the interrogatories can be found.'"). *Second*, "the burden of deriving or ascertaining the answer" here *is not* "substantially the same for either party" because these interrogatories are derived from Defendants' statements, Dkt. 389 at 16, about *documents Defendants claim to have filed* and *competency hearings Defendants claim to have requested or held.*[7]

---

[6] *See* Dkt. 522-2 at 43-44, 48-9, 53-5, 59-60, 63-5, 69-70, 74-5, 79-80, 83-4, 88-9, 93-4, 98-9, 102-03, 107-08, 111-12.

[7] Defendants recently agreed to "produce supplemental filings under *Matter of M-A-M-*." Iguina Decl, Exh. B. If Defendants intend to invoke Rule 33(d) using these documents, Defendants would have to supplement their responses to the interrogatories, specifically "identify[ing] where in the records the answers [to each specific interrogatory] could be found." *See Cambridge*, 227 F.R.D. at 323.

-5-

| | |
|---|---|
| Dated: January 22, 2013 | Respectfully submitted, |
| | By:  */s/ Michael H. Steinberg*<br>MICHAEL H. STEINBERG<br>steinbergm@sullcrom.com<br><br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East, Suite 2100<br>Los Angeles, California 90067-1725<br>Telephone: (310) 712-6600<br>Facsimile:  (310) 712-8800<br><br>Attorneys for Plaintiffs |

-6-