1  AHILAN T. ARULANANTHAM (State Bar No. 237841)
   aarulanantham@aclu-sc.org
2  CARMEN IGUINA (State Bar No. 277369)
   ciguina@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, California 90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 417-2211

6  MICHAEL H. STEINBERG (State Bar No. 134179)
   steinbergm@sullcrom.com
7  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
8  Los Angeles, California 90067-1725
   Telephone: (310) 712-6600
9  Facsimile:  (310) 712-8800

10 Attorneys for Plaintiffs
   (additional counsel listed on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, *et al.*, <br><br> *Plaintiffs & Petitioners*, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, *et al.*, <br><br> *Defendants & Respondents*. | Case No. 10-CV-02211 DMG (DTBx) <br><br> **SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** <br><br> Judge: Honorable David T. Bristow <br><br> No Discovery Deadline/Schedule Set <br><br> No Trial Date Set <br><br> Hearing date: January 28, 2013, 10:00 a.m. |

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile:  (213) 385-9089

JUDY RABINOVITZ (*pro hac vice*)
jrabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618

DAVID LOY (State Bar No. 229235)
dloy@aclusandiego.org
SEAN RIORDAN (State Bar No. 255752)
sriordan@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile:  (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile:  (213) 389-2595

MATT ADAMS (*pro hac vice*)
matt@nwirp.org
RIDDHI MUKOPADHYAY (*pro hac vice*)
riddhi@nwirp.org
NORTHWEST IMMIGRANTS' RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile:  (206) 587-4025

JAMES LYALL (*pro hac vice*)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile:  (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

Under Defendants' peculiar view of the federal rules, Plaintiffs are required to respond to discovery on issues where Judge Gee's rulings have shown that the discovery is irrelevant, and on which Judge Gee has asked the parties—*at Defendants' request*—to halt.  Then, when the parties disagree about the propriety of those requests, Defendants believe they can submit the dispute *both* to Judge Gee (first) and then to this Court (second), and, while Judge Gee is still considering the issue, can obtain some sort of advisory ruling from this Court.  Putting aside the substantial relevancy questions, in these requests, Defendants pretend that Plaintiffs can review documents they do not have, or which have been produced to them in a format that is not reasonably usable, and use these documents to answer irrelevant, confusing, compound, and hypothetical questions that purport to require Plaintiffs to speculate, over and over again, about unknown facts, such as the results of various hypothetical immigration proceedings, and the failings of Defendants' system for identifying Class members (which Defendants shield behind unexplained privileges).  Of course, under Defendants' view, Defendants can demand that Plaintiffs do all this using information that *Defendants already have*, because Defendants possess these documents in a usable fashion.  And if Plaintiffs are unable or unwilling to do any of the above, Defendants believe that all of Plaintiffs' claims should be dismissed or stricken—despite what the federal rules say, and despite that Defendants never moved for such relief before the District Court, and even though this Court has never ordered production of the information Defendants seek.

Unsurprisingly, Defendants' requests lack support in authority as well as logic, and must be rejected.

## I. DEFENDANTS' INTERROGATORIES ARE FLAWED IN NUMEROUS RESPECTS.

The Court should deny Defendants' motion to compel interrogatory responses for many independent reasons:

-1-

*First*, Judge Gee has already decided that all Class members suffer prejudice and Plaintiffs have notified Defendants of all Class members of whom they are aware. Dkts. 348; 455; 520-5; 520-6. Plaintiffs provide Defendants with bi-weekly lists providing the names of all class members of whom they are aware, all of whom suffer prejudice under Judge Gee's rulings. Dkts. 520-5; 520-6. Judge Gee has also held—three times—that various Named Plaintiffs were likely to succeed on the merits of their claims for legal representation and bond hearings, all without considering Defendants' skewed version of "prejudice." Dkts. 107; 215; 285. Despite a right to do so, Defendants never appealed those rulings, and they cannot seek discovery based on a theory that the District Court has already rejected. *See*, *e.g.*, *Setzler* v. *City and County of San Francisco*, 2008 WL 2264481, at *8 (N.D. Cal. June 2, 2008); *Cruz* v. *U.S.*, 2005 WL 2206481, at *1 (N.D. Cal. Sept. 9, 2005).[1]

*Second*, it is untoward for Defendants to submit this same dispute to two courts at the same time. Defendants fail to address the argument, raised by Plaintiffs during the December 6, 2012 meet and confer discussion, that Defendants have already submitted this dispute for resolution to Judge Gee. It is undisputed that the parties briefed the relevance of "prejudice" before Judge Gee in connection with Plaintiffs' motion for partial summary judgment, *see* Dkt. 398-1 at 32 n.16; 441 at 28-32; 453 at 19-25, and Defendants obtained permission to supplement the record on Plaintiffs' motion for partial summary judgment with briefing concerning the impact of Plaintiffs' objections to these requests. Dkts. 484; 487; 500; 503-04. Thus, the relevance of the discovery regarding prejudice, the sufficiency of Plaintiffs' objections, and the objections' impact on Plaintiffs'

---

[1] In light of these rulings, the parties' submissions preceding them, and the parties' summary judgment submissions, it is difficult to comprehend Defendants' related suggestion that Plaintiffs somehow never set forth *prima facie* claims under the Rehabilitation Act solely because they objected to these interrogatories. *See* Dkt. 520-1 at 55-60.

-2-

1  claims are all issues pending before Judge Gee.  Defendants now ask this Court to
2  rule on the same question and, worse, to *dismiss or strike Plaintiffs' claims*, even
3  though most of them are pending on summary judgment before Judge Gee.

4      *Third*, these requests largely relate to the claims under submission in the
5  pending motion for summary judgment.  Defendants' papers ignore the fact that
6  they requested a stay on discovery related to that motion and Judge Gee
7  admonished the parties to limit discovery relating to issues under submission.  Dkt.
8  485 at 69-70, 74.  Plaintiffs have complied with this request.  Defendants have not.

9      *Fourth*, Defendants' well-documented discovery abuses, *see* Dkts. 522; 532,
10 prevent Plaintiffs from responding to these requests.  Defendants may argue, as
11 they have elsewhere, that they went "above and beyond" in complying with these
12 requests, resulting in Plaintiffs having information "nearly identical" to the
13 Government's files.  Dkt. 520-1 at 25-26; 522-2 at 11.  But their "above and
14 beyond" efforts had the almost singular result of causing Plaintiffs to be unable to
15 make reasonable use of the A-file documents Defendants produced, along with the
16 production of documents littered with unexplained redactions (without adequate, or
17 any, privilege logs).  Dkt. 522 at 8-26; 532 at 1-2.[2]  Plaintiffs have spent over one
18 hundred hours trying to organize Defendants' recent detainee A-file production,
19 without success, and with no guarantee that their work thus far is accurate or that
20 any detainee's file is complete.  Dkts. 532 at 1-2; 532-1 ¶8; 532-3 ¶¶3-7.
21 Defendants, on the other hand, possess unshuffled and unredacted, non-password-
22 protected copies of every document, with complete A-file documents organized by
23 detainee.  Defendants ask Plaintiffs to review Defendants' files and do Defendants'
24 homework, but they have not given Plaintiffs the tools to do so – making this
25 request, at best, premature.  *E.g.*, Dkt. 520-1, at 15-16 (citing *Gen-Probe Inc.* v.

---

[2] These problems are further discussed in Plaintiffs' Supplemental Memorandum concerning their own motion to compel, filed today.

-3-

*Bechton, Dickinson & Co.*, 2010 U.S. Dist. LEXIS 49436, at *3-5 (S.D. Cal. May 19, 2010).

*Fifth*, many of Defendants' interrogatories require Plaintiffs to answer hypothetical questions by speculating about various unknown facts and opining on "what could have been." For example, certain of Defendants' interrogatories ask whether Subclass Two members might have prevailed in their bond hearings or could have paid a bond and, if so, who might have taken them in to care for them (all of which is irrelevant and rests on a misreading of the law, *see* Dkt. 520-1 at 40-42, 53-54). Such compound hypothetical questions are nonsensical and irrelevant, and require Plaintiffs to speculate about proceedings that Defendants themselves are litigating and conducting. Plaintiffs should not be required to answer them. *E.g.*, Dkt. 520-1 at 19-21 (citing, *inter alia*, *Williams* v. *Dial*, 2011 U.S. Dist. LEXIS 137532, at * 6 (E.D. Cal. Nov. 29, 2011).[3]

*Finally*, Defendants filed a proposed order—which they never provided to Plaintiffs prior to filing their motion, *cf.* L.R. 37-2.2—requesting that Plaintiffs' claims be stricken or dismissed. Dkt. 520-15. Rule 37 does not permit an adverse inference *in advance* because of discovery objections, particularly where some of the claims at issue are being adjudicated by the District Court. *See* Dkts. 520-1 at 3-4, 69-70; 487 at 6-7. This request should be ignored.

In sum, Plaintiffs have many independent reasons not to respond to any of these interrogatories. But even if the Court disagrees, these interrogatories are premature due to Defendants' rampant discovery abuses.

---

[3] Defendants also fail to mention that they are withholding untold numbers of documents concerning the Notice Order on the grounds of privilege, without any privilege log, withholdings which are themselves subject of Plaintiffs' motion to compel. Dkts. 522-2 at 13-15; 532 at 2 n. 3. Plaintiffs obviously cannot point out flaws in a system the details of which have not yet been disclosed.

-4-

## II. DEFENDANTS' REQUEST FOR PRODUCTION REMAINS UNCLEAR AND PREMATURE, AT BEST.

Defendants seek to compel production of a set of documents that Plaintiffs have not yet identified, because of Defendants' failure to produce them in a coherent fashion, and then a waiver of any privileges that Plaintiffs may assert over those documents. This request can only sensibly be understood to require that, in the event Plaintiffs had responded to Defendants' interrogatories by providing the information requested, Plaintiffs would also have to have provided either copies of the documents relied on by Plaintiffs to support their assertions, or a list of their Bates ranges. But Plaintiffs did not respond to the discovery. Rather, they objected to the interrogatories and neither produced documents, nor withheld otherwise responsive documents on privilege grounds. Yet, surprisingly, *before* obtaining *answers* to their interrogatories, Defendants prematurely moved to compel the documents *relied on in answering them*.

As Plaintiffs explained, "it is not clear what Defendants are trying to compel here." Dkt. 520-1 at 78. Accordingly, Plaintiffs requested "an opportunity to further respond after Defendants clarify what documents they are trying to compel because, as discussed above, this very important part of their document request remains unclear." Dkt. 520-1 at 80. In the two weeks since Plaintiffs requested clarification, Defendants have offered none, yet they seek "dismissal of all causes of action relevant to the discovery," Dkt. 520-1 at 78, due to Plaintiffs' supposed failure to produce these unspecified documents. To the extent Defendants still seek to pursue this request, the Court should either deny this portion of the motion to compel or, at least, give Plaintiffs an opportunity to supplement their briefing on this issue after Defendants explain their request.[4]

---

[4] The Court should disregard Defendants' suggestion that Plaintiffs somehow waived privileges over this unknown set of documents. Plaintiffs' objected on privilege grounds because of the absurdly broad scope of this request, which by its terms extended to privileged documents, but Plaintiffs provided *no responses* to the questions and *withheld no responsive documents* on privilege grounds.

-5-

1
2  Dated: January 22, 2013         Respectfully submitted,
3
4                                  By:    */s/ Michael H. Steinberg*
                                          MICHAEL H. STEINBERG
5                                         steinbergm@sullcrom.com
6                                         SULLIVAN & CROMWELL LLP
                                          1888 Century Park East, Suite 2100
7                                         Los Angeles, California 90067-1725
                                          Telephone: (310) 712-6600
8                                         Facsimile: (310) 712-8800
9
                                          Attorneys for Plaintiffs-Petitioners
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                         -6-