1  AHILAN T. ARULANANTHAM (State Bar No. 237841)
   aarulanantham@aclu-sc.org
2  CARMEN IGUINA (State Bar No. 277369)
   ciguina@aclu-sc.org
3  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
   1313 West 8th Street
4  Los Angeles, California 90017
   Telephone: (213) 977-5211
5  Facsimile: (213) 417-2211

6  MICHAEL H. STEINBERG (State Bar No. 134179)
   steinbergm@sullcrom.com
7  SULLIVAN & CROMWELL LLP
   1888 Century Park East, Suite 2100
8  Los Angeles, California 90067-1725
   Telephone: (310) 712-6600
9  Facsimile:  (310) 712-8800

10 Attorneys for Plaintiffs
   (additional counsel listed on following page)
11

12                 UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14 JOSE ANTONIO FRANCO-             )   Case No. 10-CV-02211 DMG (DTBx)
   GONZALEZ, *et al.*,              )
15                                  )   **SUPPLEMENTAL**
                                    )   **MEMORANDUM IN OPPOSITION**
16       *Plaintiffs & Petitioners*, )   **TO DEFENDANTS' MOTION TO**
                                    )   **COMPEL**
17            v.                    )
                                    )   Judge: Honorable David T. Bristow
18 ERIC H. HOLDER, JR.,             )
   Attorney General, *et al.*,      )
                                    )   No Discovery Deadline/Schedule Set
19                                  )
       *Defendants & Respondents*.  )   No Trial Date Set
20                                  )
                                    )
21                                  )
                                        Hearing date: January 28, 2013,
22                                               10:00 a.m.

23

24

25

26

27

28

1  JUDY LONDON (State Bar No. 149431)
   jlondon@publiccounsel.org
2  TALIA INLENDER (State Bar No. 253796)
   tinlender@publiccounsel.org
3  PUBLIC COUNSEL
   610 South Ardmore Avenue
4  Los Angeles, California 90005
   Telephone: (213) 385-2977
5  Facsimile:  (213) 385-9089

6  JUDY RABINOVITZ (*pro hac vice*)
   jrabinovitz@aclu.org
7  ACLU IMMIGRANTS' RIGHTS PROJECT
   125 Broad Street, 18th Floor
8  New York, New York 10004-2400
   Telephone: (212) 549-2618
9
   DAVID LOY (State Bar No. 229235)
10 dloy@aclusandiego.org
   SEAN RIORDAN (State Bar No. 255752)
11 sriordan@aclusandiego.org
   ACLU OF SAN DIEGO & IMPERIAL COUNTIES
12 P.O. Box 87131
   San Diego, California 92138
13 Telephone: (619) 232-2121
   Facsimile:  (619) 232-0036
14
   JAMES PREIS (State Bar No. 82690)
15 jpreis@mhas-la.org
   MENTAL HEALTH ADVOCACY SERVICES
16 3255 Wilshire Boulevard, Suite 902
   Los Angeles, California 90010
17 Telephone: (213) 389-2077
   Facsimile:  (213) 389-2595
18
   MATT ADAMS (*pro hac vice*)
19 matt@nwirp.org
   RIDDHI MUKOPADHYAY (*pro hac vice*)
20 riddhi@nwirp.org
   NORTHWEST IMMIGRANTS' RIGHTS PROJECT
21 615 2nd Avenue, Suite 400
   Seattle, Washington 98104-2244
22 Telephone: (206) 957-8611
   Facsimile:  (206) 587-4025
23
   JAMES LYALL (*pro hac vice*)
24 jlyall@acluaz.org
   ACLU FOUNDATION OF ARIZONA
25 3707 N. 7th Street, Suite 235
   Phoenix, Arizona 85014
26 Telephone: (602) 773-6001
   Facsimile:  (602) 650-1376
27
   *Attorneys for Plaintiffs-Petitioners*
28

1    Under Defendants' peculiar view of the federal rules, Plaintiffs are required

2    to respond to discovery on issues where Judge Gee's rulings have shown that the

3    discovery is irrelevant, and on which Judge Gee has asked the parties—*at*

4    *Defendants' request*—to halt.  Then, when the parties disagree about the propriety

5    of those requests, Defendants believe they can submit the dispute *both* to Judge

6    Gee (first) and then to this Court (second), and, while Judge Gee is still

7    considering the issue, can obtain some sort of advisory ruling from this Court.

8    Putting aside the substantial relevancy questions, in these requests, Defendants

9    pretend that Plaintiffs can review documents they do not have, or which have been

10   produced to them in a format that is not reasonably usable, and use these

11   documents to answer irrelevant, confusing, compound, and hypothetical questions

12   that purport to require Plaintiffs to speculate, over and over again, about unknown

13   facts, such as the results of various hypothetical immigration proceedings, and the

14   failings of Defendants' system for identifying Class members (which Defendants

15   shield behind unexplained privileges).  Of course, under Defendants' view,

16   Defendants can demand that Plaintiffs do all this using information that *Defendants*

17   *already have*, because Defendants possess these documents in a usable fashion.

18   And if Plaintiffs are unable or unwilling to do any of the above, Defendants believe

19   that all of Plaintiffs' claims should be dismissed or stricken—despite what the

20   federal rules say, and despite that Defendants never moved for such relief before

21   the District Court, and even though this Court has never ordered production of the

22   information Defendants seek.

23       Unsurprisingly, Defendants' requests lack support in authority as well as

24   logic, and must be rejected.

25   I.    DEFENDANTS' INTERROGATORIES ARE FLAWED IN NUMEROUS
26         RESPECTS.

27       The Court should deny Defendants' motion to compel interrogatory

28   responses for many independent reasons:

-1-

1    *First*, Judge Gee has already decided that all Class members suffer prejudice

2    and Plaintiffs have notified Defendants of all Class members of whom they are

3    aware.  Dkts. 348; 455; 520-5; 520-6.  Plaintiffs provide Defendants with bi-

4    weekly lists providing the names of all class members of whom they are aware, all

5    of whom suffer prejudice under Judge Gee's rulings.  Dkts. 520-5; 520-6.  Judge

6    Gee has also held—three times—that various Named Plaintiffs were likely to

7    succeed on the merits of their claims for legal representation and bond hearings, all

8    without considering Defendants' skewed version of "prejudice."  Dkts. 107; 215;

9    285.  Despite a right to do so, Defendants never appealed those rulings, and they

10   cannot seek discovery based on a theory that the District Court has already

11   rejected.  *See*, *e.g.*, *Setzler* v. *City and County of San Francisco*, 2008 WL

12   2264481, at *8 (N.D. Cal. June 2, 2008); *Cruz* v. *U.S.*, 2005 WL 2206481, at *1

13   (N.D. Cal. Sept. 9, 2005).[1]

14   *Second*, it is untoward for Defendants to submit this same dispute to two

15   courts at the same time.  Defendants fail to address the argument, raised by

16   Plaintiffs during the December 6, 2012 meet and confer discussion, that

17   Defendants have already submitted this dispute for resolution to Judge Gee.  It is

18   undisputed that the parties briefed the relevance of "prejudice" before Judge Gee in

19   connection with Plaintiffs' motion for partial summary judgment, *see* Dkt. 398-1 at

20   32 n.16; 441 at 28-32; 453 at 19-25, and Defendants obtained permission to

21   supplement the record on Plaintiffs' motion for partial summary judgment with

22   briefing concerning the impact of Plaintiffs' objections to these requests.   Dkts.

23   484; 487; 500; 503-04.  Thus, the relevance of the discovery regarding prejudice,

24   the sufficiency of Plaintiffs' objections, and the objections' impact on Plaintiffs'

25   ─────────────────

[1]      In light of these rulings, the parties' submissions preceding them, and the

26   parties' summary judgment submissions, it is difficult to comprehend Defendants'
     related suggestion that Plaintiffs somehow never set forth *prima facie* claims under

27   the Rehabilitation Act solely because they objected to these interrogatories. *See*
     Dkt. 520-1 at 55-60.

28

-2-

1   claims are all issues pending before Judge Gee.  Defendants now ask this Court to

2   rule on the same question and, worse, to *dismiss or strike Plaintiffs' claims*, even

3   though most of them are pending on summary judgment before Judge Gee.

4          *Third*, these requests largely relate to the claims under submission in the

5   pending motion for summary judgment.  Defendants' papers ignore the fact that

6   they requested a stay on discovery related to that motion and Judge Gee

7   admonished the parties to limit discovery relating to issues under submission.  Dkt.

8   485 at 69-70, 74.  Plaintiffs have complied with this request.  Defendants have not.

9          *Fourth*, Defendants' well-documented discovery abuses, *see* Dkts. 522; 532,

10  prevent Plaintiffs from responding to these requests.  Defendants may argue, as

11  they have elsewhere, that they went "above and beyond" in complying with these

12  requests, resulting in Plaintiffs having information "nearly identical" to the

13  Government's files.  Dkt. 520-1 at 25-26; 522-2 at 11.  But their "above and

14  beyond" efforts had the almost singular result of causing Plaintiffs to be unable to

15  make reasonable use of the A-file documents Defendants produced, along with the

16  production of documents littered with unexplained redactions (without adequate, or

17  any, privilege logs).  Dkt. 522 at 8-26; 532 at 1-2.[2]  Plaintiffs have spent over one

18  hundred hours trying to organize Defendants' recent detainee A-file production,

19  without success, and with no guarantee that their work thus far is accurate or that

20  any detainee's file is complete.  Dkts. 532 at 1-2; 532-1 ¶8; 532-3 ¶¶3-7.

21  Defendants, on the other hand, possess unshuffled and unredacted, non-password-

22  protected copies of every document, with complete A-file documents organized by

23  detainee.  Defendants ask Plaintiffs to review Defendants' files and do Defendants'

24  homework, but they have not given Plaintiffs the tools to do so – making this

25  request, at best, premature.  *E.g.*, Dkt. 520-1, at 15-16 (citing *Gen-Probe Inc.* v.

26

27  [2]     These problems are further discussed in Plaintiffs' Supplemental
    Memorandum concerning their own motion to compel, filed today.

28
                                          -3-

1   *Bechton, Dickinson & Co.*, 2010 U.S. Dist. LEXIS 49436, at \*3-5 (S.D. Cal. May

2   19, 2010).

3          *Fifth*, many of Defendants' interrogatories require Plaintiffs to answer

4   hypothetical questions by speculating about various unknown facts and opining on

5   "what could have been."  For example, certain of Defendants' interrogatories ask

6   whether Subclass Two members might have prevailed in their bond hearings or

7   could have paid a bond and, if so, who might have taken them in to care for them

8   (all of which is irrelevant and rests on a misreading of the law, *see* Dkt. 520-1 at

9   40-42, 53-54). Such compound hypothetical questions are nonsensical and

10  irrelevant, and require Plaintiffs to speculate about proceedings that Defendants

11  themselves are litigating and conducting.  Plaintiffs should not be required to

12  answer them. *E.g.*, Dkt. 520-1 at 19-21 (citing, *inter alia*, *Williams* v. *Dial*, 2011

13  U.S. Dist. LEXIS 137532, at \* 6 (E.D. Cal. Nov. 29, 2011).[3]

14         *Finally*, Defendants filed a proposed order—which they never provided to

15  Plaintiffs prior to filing their motion, *cf.* L.R. 37-2.2—requesting that Plaintiffs'

16  claims be stricken or dismissed.  Dkt. 520-15. Rule 37 does not permit an adverse

17  inference *in advance* because of discovery objections, particularly where some of

18  the claims at issue are being adjudicated by the District Court.  *See* Dkts. 520-1 at

19  3-4, 69-70; 487 at 6-7.  This request should be ignored.

20         In sum, Plaintiffs have many independent reasons not to respond to any of

21  these interrogatories.  But even if the Court disagrees, these interrogatories are

22  premature due to Defendants' rampant discovery abuses.

23

24

25  _____

    [3]      Defendants also fail to mention that they are withholding untold numbers of
26  documents concerning the Notice Order on the grounds of privilege, without any
    privilege log, withholdings which are themselves subject of Plaintiffs' motion to
27  compel.  Dkts. 522-2 at 13-15; 532 at 2 n. 3. Plaintiffs obviously cannot point out
    flaws in a system the details of which have not yet been disclosed.
28

                                        -4-

II.    DEFENDANTS' REQUEST FOR PRODUCTION REMAINS UNCLEAR AND PREMATURE, AT BEST.

Defendants seek to compel production of a set of documents that Plaintiffs have not yet identified, because of Defendants' failure to produce them in a coherent fashion, and then a waiver of any privileges that Plaintiffs may assert over those documents.  This request can only sensibly be understood to require that, in the event Plaintiffs had responded to Defendants' interrogatories by providing the information requested, Plaintiffs would also have to have provided either copies of the documents relied on by Plaintiffs to support their assertions, or a list of their Bates ranges.  But Plaintiffs did not respond to the discovery.  Rather, they objected to the interrogatories and neither produced documents, nor withheld otherwise responsive documents on privilege grounds.  Yet, surprisingly, *before* obtaining *answers* to their interrogatories, Defendants prematurely moved to compel the documents *relied on in answering them.*

As Plaintiffs explained, "it is not clear what Defendants are trying to compel here."  Dkt. 520-1 at 78.  Accordingly, Plaintiffs requested "an opportunity to further respond after Defendants clarify what documents they are trying to compel because, as discussed above, this very important part of their document request remains unclear."  Dkt. 520-1 at 80.   In the two weeks since Plaintiffs requested clarification, Defendants have offered none, yet they seek "dismissal of all causes of action relevant to the discovery," Dkt. 520-1 at 78, due to Plaintiffs' supposed failure to produce these unspecified documents.  To the extent Defendants still seek to pursue this request, the Court should either deny this portion of the motion to compel or, at least, give Plaintiffs an opportunity to supplement their briefing on this issue after Defendants explain their request.[4]

---

[4]     The Court should disregard Defendants' suggestion that Plaintiffs somehow waived privileges over this unknown set of documents.  Plaintiffs' objected on privilege grounds because of the absurdly broad scope of this request, which by its terms extended to privileged documents, but Plaintiffs provided *no responses* to the questions and *withheld no responsive documents* on privilege grounds.

-5-

1

2   Dated:  January 22, 2013          Respectfully submitted,

3

4                                           By:        */s/ Michael H. Steinberg*
                                                       MICHAEL H. STEINBERG
5                                                      steinbergm@sullcrom.com

6                                                      SULLIVAN & CROMWELL LLP
                                                       1888 Century Park East, Suite 2100
7                                                      Los Angeles, California 90067-1725
                                                       Telephone: (310) 712-6600
8                                                      Facsimile:  (310) 712-8800

9
                                                       Attorneys for Plaintiffs-Petitioners
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-