UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, ET AL.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>ERIC H. HOLDER, JR., ATTORNEY GENERAL, ET AL.,<br><br>                    Defendants. | Case No. CV 10-02211 DMG (DTBx)<br><br>**PARTIAL JUDGMENT AND PERMANENT INJUNCTION** |

In accordance with the Order issued concurrently herewith, the Court **GRANTS** in part and **DENIES** in part Plaintiffs' motion for partial summary judgment. Accordingly, the Court orders the following:

(1)   Judgment is entered in favor of Plaintiffs Martinez, Khukhryanhskiy, Chavez, Zhalezny, and other members of Sub-Class One, and against Defendants, on Count Four.  Judgment is entered in favor of Plaintiffs Martinez, Khukhryanskiy, Zhalezny, Sepulveda, and other members of Sub-Class Two, on Count Eight;

(2) The Court hereby declares that Defendants have violated Section 504 of the Rehabilitation Act by failing to provide Sub-Class One members with a reasonable accommodation, i.e., a Qualified Representative in all aspects of their immigration proceedings;

(3) The Court further declares that Defendants have violated the Immigration and Nationality Act by failing to provide Sub-Class Two members with a bond hearing after a presumptively reasonable period of 180 days in detention at which the Government bears the burden of justifying continued detention by clear and convincing evidence;

(4) Defendants, and their officers, agents, servants, employees and attorneys, and all those who are in active concert or participation with them, are hereby enjoined from pursuing further immigration proceedings against Plaintiffs Martinez, Khukhryanskiy, Chavez, Zhalezny, and other members of Sub-Class One, who have been identified on or before the date of this Order and Judgment, unless within 60 days from the date of this Order and Judgment, Sub-Class One members are afforded Qualified Representative(s) as defined in the concurrently issued Order who are willing and able to represent them during all phases of their immigration proceedings, including appeals and/or custody hearings, whether *pro bono* or at Defendants' expense;

(5) Defendants, and their officers, agents, servants, employees and attorneys, and all those who are in active concert or participation with them, are hereby enjoined from detaining members of Sub-Class Two unless, within 40 days of this Order and Judgment, they provide Sub-Class Two members with a bond hearing before an Immigration Judge with the authority to order their release on conditions of supervision, unless the Government shows by clear and convincing evidence that their ongoing detention is justified. Within 30 days from the date of this Order and Judgment, members of Sub-Class Two who are also members of Sub-Class One shall be provided a Qualified Representative to represent them during such bond hearing. In all cases, at least seven days prior to any bond hearing, Defendants shall provide these sub-class members and/or

their Qualified Representatives with adequate notice of a bond hearing scheduled pursuant to this Order and Judgment.

(6) For all individuals identified as Sub-Class One members after the date of this Order and Judgment, Defendants, and their officers, agents, servants, employees and attorneys, and all those who are in active concert or participation with them, are hereby enjoined from pursuing further immigration proceedings against these Sub-Class One members unless, within 60 days of their having been identified by an Immigration Judge as a Sub-Class One member, such individuals are afforded Qualified Representatives who are willing and able to represent them during all phases of their immigration proceedings, including appeals and/or custody hearings, whether *pro bono* or at Defendants' expense;

(7) For individuals identified as Sub-Class Two members after the date of this Order and Judgment, Defendants, and their officers, agents, servants, employees and attorneys, and all those who are in active concert or participation with them, are hereby enjoined from detaining newly identified Sub-Class Two members for more than 180 days unless they provide such sub-class members with a bond hearing before an Immigration Judge with the authority to order their release on conditions of supervision, unless the Government shows by clear and convincing evidence that the Sub-Class Two members' ongoing detention is justified. Such hearing shall be provided as soon as is practicable, but no more than 15 days, after the Sub-Class Two member has been detained for 180 days. All future members of Sub-Class Two who are also identified as members of Sub-Class One shall be provided with a Qualified Representative to represent them during such bond hearing.

(8) For purposes of this order, the requirement that all Sub-Class One Members be afforded a Qualified Representative will be deemed satisfied only if at least one Qualified Representative has entered a notice of appearance, in the form of a Form EOIR-27 or EOIR-28, in every forum in which the Sub-Class One member is eligible to have proceedings. The Sub-Class One member may be represented by the same or a different Qualified Representative in each forum, so long as a Qualified Representative

has entered an appearance in each forum in which the Sub-Class One member is eligible to have proceedings.

(9) That a Sub-Class Two member has had a prior bond hearing shall not be sufficient to satisfy the requirements of this Order and Judgment unless that bond hearing complied with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). For Sub-Class Two members who are also Sub-Class One members, the individual must also have been represented by a Qualified Representative at that hearing.

(10) Within 45 days of this Order and Judgment, Defendants shall submit to the Court a plan and status report describing the steps taken to implement this Order and Judgment and future plans for implementation, including (1) identification of current and future class members and Sub-Class members, (2) provision of Qualified Representatives for Sub-Class One members, and (3) provision of timely bond hearings as required by this Order.

(11) This Court retains jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Order and Judgment.

**IT IS SO ORDERED.**

DATED: April 23, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE