AHILAN T. ARULANANTHAM (State Bar No. 237841)
aarulanantham@aclu-sc.org
CARMEN IGUINA (State Bar No. 277369)
ciguina@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5211
Facsimile: (213) 417-2211

MICHAEL H. STEINBERG (State Bar No. 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Plaintiffs-Petitioners*
(additional counsel listed on the following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, *et al.*, <br> *Plaintiffs & Petitioners*, <br> v. <br> ERIC H. HOLDER, JR., Attorney General, *et al.*, <br> *Defendants & Respondents*, | Case No. 10-CV-02211 DMG (DTBx) <br><br> **JOINT REPORT ON STATUS OF OUTSTANDING CLAIMS** <br><br> Honorable Dolly M. Gee |

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385 2977
Facsimile: (213) 385-9089

JUDY RABINOVITZ (*pro hac vice*)
JRabinovitz@aclu.org
ESHA BHANDARI (*pro hac vice*)
ebhandari@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

DAVID LOY (State Bar No. 229235)
dblairloy@aclusandiego.org
SEAN RIORDAN (State Bar No. 255752)
sriordan@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile: (213) 389-2595

MATT ADAMS (State Bar No. 28287)
matt@nwirp.org
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

JAMES LYALL (State Bar No. 330045)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

# JOINT REPORT ON STATUS OF OUTSTANDING CLAIMS

The parties met and conferred telephonically on May 7 and May 9, 2013 and corresponded further after that time. They now file this joint report regarding the status of the outstanding claims pursuant to the Court's order of May 2, 2013. Dkt. 602.

For ease of reference, the parties first address the remaining class-wide claims and then the remaining claims of Mr. Franco, and note where the parties agree and disagree.

## I. *Class Wide Claims (Counts 1-8)*

### A. Claims for Appointed Counsel (Counts Three through Five)

Plaintiffs' claims for appointed counsel are found in the Third Amended Complaint at Causes of Action Three through Five. Dkt # 333-2 at 47-49. The parties agree that with judgment entered on Count Four, the claims found in Counts Three and Five will become moot if the Government does not appeal this Court's Fed. R. Civ. P. 54(b) judgment.

### B. Claims for Bond Hearings (Counts Eight through Ten)

Plaintiffs' claims for bond hearings are found in the Third Amended Complaint at Causes of Action Eight through Ten. Dkt # 333-2 at 49-51. The parties agree that with judgment entered on Count Eight, the claims found in Counts Nine and Ten will become moot if the Government does not appeal this Court's Fed. R. Civ. P. 54(b) judgment.

### C. Claims for Competency Hearings (Counts One and Two)

With respect to the competency evaluation claims, during the meet and confer Defendants stated their intention to provide competency evaluations to some subset of *Franco* class members. Defendants also stated their intention to address this issue as part of the Implementation Plan this Court ordered them to submit within 45 days of the Court's Permanent Injunction of April 23, 2013, Dkt.

593. That order requires, *inter alia*, that Defendants provide a plan for identifying class and subclass members.

### *Plaintiffs' position*:

The competency evaluation claim can only be resolved when Defendants have an identification and evaluation system *in place* that comports with their statutory and Constitutional obligations. Plaintiffs believe that the question whether Defendants' newly-announced competency evaluation system would, if implemented, satisfy federal statutory and Constitutional requirements is intertwined with the question whether their system for identifying class and subclass members complies with the Court's Permanent Injunction, Dkt. 593.

To the extent that Defendants have suggested that the only significant remaining question with respect to the competency evaluation claim is "when such evaluations are necessary," Plaintiffs disagree. Rather, the question remains whether the evaluation system that Defendants now claim to be developing satisfies their legal obligations. For example, in the past Defendants have "evaluated" class members' competency without examining them, have used legal standards for competency that are inapplicable in this context, and have had literally no system for identifying class members (that is, who should be screened for evaluation) in facilities not staffed by Immigration Health Service Corps personnel (including at the facility where Mr. Zhalezny was detained).

Plaintiffs are prepared to work with Defendants to shape a legally adequate identification and evaluation system which would allow for dismissal of these claims pursuant to a settlement agreement with an enforcement mechanism necessary to ensure compliance. Plaintiffs are willing to engage in mediation to pursue such an agreement. However, for reasons explained below, Plaintiffs would strongly oppose any stay of the litigation — which would be at least the fourth such stay — while such mediation takes place. Plaintiffs suggest that the

Parties meet and confer to determine a list of mediators that they will then suggest to the Court.

### *Defendants' position*:

Counts One and Two of the Third Amended Complaint, the right to adequate competency evaluations, contain the principal remaining claim in this litigation. Dkt # 333-2 at 46-47. However, as Defendants explained in an April 22, 2013 filing with the Court, Defendants have changed their policy to provide for "the availability of competency hearings and independent psychiatric of psychological exams for unrepresented detainees" with serious mental disorders or conditions. Dkt # 583 at 2. Thus, Defendants have determined as a matter of policy that some form of the relief Plaintiffs requested for the three states of California, Arizona, and Washington, will now be provided nationwide.

Defendants believe their new policy will significantly facilitate resolution of this claim in the litigation. The key in resolving this litigation would be to determine when such evaluations are necessary. Defendants believe that Plaintiffs' reliance on evidence from procedures used by Defendants in the past is of limited relevance to the policy Defendants will use to implement the injunction and intend to use in the future. Defendants believe this claim can successfully be mediated if Plaintiffs are amenable to settlement discussions on the issue. Defendants' request for a stay is reasonable, and is only intended to allow the agencies to fully focus on developing an Implementation Plan that would considerably narrow issues in the litigation.

II.   ***Franco Detention Claims (Counts 6-7)***

### *Plaintiffs' position:*

Plaintiffs maintain that the claim – which seeks a ruling that Mr. Franco is entitled to outright release due to his indefinite detention -- remains live so long as Mr. Franco's removal case has not been terminated. As of this time Defendants continue to seek Mr. Franco's deportation – having filed a vigorous opposition to

3

his motion for administrative closure of his removal case this past week -- and the legal basis for their decision to release him remains unexplained. Thus, Defendants' voluntary cessation of their detention of Mr. Franco has not resolved his claims for release. This Court has already determined that the claims brought by Mr. Franco regarding his detention are not moot given Defendants' purely discretionary decision to release him. *See* Dkt. 54. To the extent that Defendants concede that the claims have instead been resolved in Mr. Franco's favor, Plaintiffs respectfully request that the Court enter judgment accordingly.

*Defendants' position:*

Mr. Franco has now been released from custody for over three years, and, to the extent he is ever detained again, he will get the benefit of the permanent injunction issued by the Court. Thus, Defendants maintain that the claims related to Mr. Franco either have been resolved in his favor or are moot. Defendants note that Plaintiffs' claim in their Complaint does not require the dismissal of Franco's proceedings, just that he receive representation in those proceedings if he remained detained.

III. *APA Claim (Count 11)*

*Plaintiffs' position:*

With respect to Plaintiffs' claim under the Administrative Procedure Act (Eleventh Cause of Action), Plaintiffs maintain that Defendants have failed to "prescribe safeguards" to protect class and subclass members. Plaintiffs believe that claim can be resolved at the time that this Court resolves the remaining competency evaluation claims.

*Defendants' position:*

Defendants believe that this Court lacks jurisdiction to enter the relief requested by Plaintiffs (*i.e.,* to require Defendants to promulgate regulations).

4

Nevertheless, Defendants agree that this claim can likely be resolved at the same time the Court resolves the remaining competency evaluation claims.

### IV. *Other Issues*

A. **Implementation Plan and Scheduling**.

*Plaintiffs' position:*

Plaintiffs are amenable to the schedule for submission of the Implementation Plan that Defendants have suggested below. However, Plaintiffs strongly object to any stay of the litigation, given that Defendants have provided no substantive information about the new system they intend to implement in the future and no protections for class members in the interim. Contrary to Defendants' claims, class members remain at risk of removal under the current deficient system because Defendants have no legally sufficient mechanism for identifying individuals who are entitled to the protections mandated under the injunction entered by this Court, and in particular Subclass One members. Plaintiffs have identified such individuals to Defendants over the past year.

Plaintiffs respectfully request that the Court therefore enter the schedule set forth as an attachment to this Joint Statement.

*Defendants' position:*

Defendants are currently working on a plan to implement the Court's judgment. The plan is currently due on June 7, 2013. Defendants suggest that the Court adopt the following schedule:

June 7, 2013 – Defendants submit Implementation Plan

June 21, 2013 – Plaintiffs provide comment/objections on Defendants' Implementation Plan

July 5, 2013 – Defendants reply to Plaintiffs' comments/objections

July __, 2013 – Court holds hearing on Implementation Plan, and determines whether a scheduling order is necessary to resolve remaining claims in the litigation.

5

Defendants suggest that the litigation on remaining claims be stayed up and until the July __ 2013 hearing. Defendants' Implementation Plan will discuss Defendants' plan for identifying Subclass One members. Plaintiffs would suffer no prejudice during the proposed stay because Sub-Class One members will have appointed Qualified Representatives, and Sub-Class Two members will have bond hearings as ordered by the Court.

Plaintiffs' suggestion that they will be prejudiced by a modest stay of approximately eight weeks is unfounded. The eight-week period will allow Defendants to focus on the Implementation Plan without the distraction of discovery which possibly will be unnecessary if Defendants can further narrow the issues. Defendants believe that, given the injunction, it is highly unlikely that prejudice would result during this short period with respect to the competency examination claim and note that claims of that sort of prejudice are not reflected in the record over the past year. In light of the briefing that will occur with respect to the Implementation Plan, Defendants believe that the schedule Plaintiffs suggest for the remainder of the litigation with a trial date in March 2014 is premature.

**B. Class Identification.**

*Plaintiffs' position:*

There are considerable problems – both legal and practical – in Defendants' existing system for identifying class and subclass members. To the extent that information already obtained through discovery makes it possible to shed light on those problems, Plaintiffs intend to bring that information to the Court's attention through their response to Defendants' Implementation Plan.

*Defendants' position:*

Considerable issues remain in determining who is and who is not a member of the class, but disagree with Plaintiffs' contention that Defendants' existing system for identifying class members is in violation of any law. Nevertheless, Defendants believe the process described above with respect to the drafting and

commenting on the Implementation Plan will narrow or resolve these issues. Defendants believe the process described above with respect to the Implementation Plan will narrow or resolve these issues.

Dated: May 13, 2013        By:    s/ Ahilan T. Arulanantham
                                  AHILAN T. ARULANANTHAM
                                  Attorney for Plaintiffs-Petitioners

                           By:    s/ Victor M. Lawrence (with permission)
                                  VICTOR M. LAWRENCE
                                  Attorney for Defendants-Respondents