Exhibit 1

# AGREEMENT REGARDING PROCEDURES FOR NOTIFYING AND REOPENING CASES OF *FRANCO* CLASS MEMBERS WHO HAVE RECEIVED FINAL ORDERS OF REMOVAL

This Agreement is entered into by all Plaintiffs and all Defendants in this class action lawsuit (collectively, "the Parties"). Plaintiffs are individuals who are, or were during the relevant period, detained in the custody of U.S. Immigration and Customs Enforcement ("ICE") in Arizona, California, or Washington, who have serious mental disorders, and who lack or lacked counsel in their immigration proceedings. Defendants are Eric H. Holder, United States Attorney General, Juan Osuna, Director of the Executive Office for Immigration Review ("EOIR"), Jeh Johnson, Secretary of Homeland Security, Thomas S. Winkowski, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), and David Jennings, Field Office Director for the Los Angeles District of ICE.

## RECITALS

WHEREAS, on March 26, 2010, Plaintiff Jose Antonio Franco-Gonzalez filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, *Franco-Gonzalez, et al. v. Holder, et al.*, 10-CV-02211-DMG (DTBx) (C.D. Cal.), alleging violations of the Immigration and Nationality Act, Section 504 of the Rehabilitation Act, and the Fifth Amendment to the U.S. Constitution;

WHEREAS, on November 2, 2010, Plaintiffs filed a first amended class action complaint, alleging that Defendants unlawfully require individuals detained for immigration proceedings in California, Arizona, and Washington, who are incompetent by reason of their mental disabilities, to represent themselves in their

1

000015

immigration proceedings, in violation of the Immigration and Nationality Act, Section 504 of the Rehabilitation Act, and the Fifth Amendment to the U.S. Constitution;

WHEREAS, on November 21, 2011, the Court granted Plaintiffs' motion for class certification and certified the Main Class and two Sub-Classes in this case, Dkt. 348, which are described as follows:

*Plaintiff (or "Main") Class:* All individuals who are or will be in DHS custody for immigration proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in immigration proceedings, and who presently lack counsel in their immigration proceedings.

*Sub-Class 1:* Individuals in the above-named Plaintiff Class who have a serious mental disorder or defect that renders them incompetent to represent themselves in immigration proceedings.

*Sub-Class 2:* Individuals in the above-named Plaintiff Class who have been detained for more than six months.

Dkt. 786, Implementation Plan Order at 24;

WHEREAS, on April 23, 2013, the Court granted in part and denied in part Plaintiffs' motion for partial summary judgment, and held that:

(1) Section 504 of the Rehabilitation Act requires Defendants to provide Qualified Representatives to represent Sub–Class One members in all aspects of their removal and detention proceedings ("Count Four"), and

(2) the [Immigration and Nationality Act] requires the provision of a custody redetermination hearing for individuals in Sub–Class Two who have been

000016

detained for a prolonged period of time greater than 180 days ("Count Eight").

Dkt. 592 at 34;

WHEREAS, on April 23, 2013, the Court entered partial judgment and a permanent injunction against Defendants, in accordance with its summary judgment order, and further ordered that:

Defendants shall submit to the Court a plan and status report describing the steps taken to implement this Order and Judgment and future plans for implementation, including (1) identification of current and future class members and Sub–Class members, (2) provision of Qualified Representatives for Sub–Class One members, and (3) provision of timely bond hearings as required by this Order,

Dkt. 593 at 4;

WHEREAS, on December 11, 2013, the Parties stipulated to clarify that the term "serious mental disorder or defect" in the class definition referred to individuals for whom certain specified diagnostic, medical or other criteria were met, *see* Dkt. 673 at 2-3;

WHEREAS, the Parties subsequently engaged in settlement discussions to negotiate the terms of the Implementation Plan Order, including whether a remedy should be afforded to individuals identified as *Franco* Class members while they were in ICE custody, but who, while this case was pending, were ordered removed from the United States;

WHEREAS, on October 16, 2013, the Court appointed a Special Master to resolve the Parties' outstanding disputes as to the terms of the Implementation Plan Order, including their dispute as to the remedy that should be afforded to *Franco* Class members who were ordered removed from the United States while this case was pending, Dkt. 662;

000017

WHEREAS, the Parties submitted briefing to the Special Master on this dispute, including the Parties' respective proposals as to the remedy that should be afforded to Class members who were ordered removed from the United States while this case was pending;

WHEREAS, on March 12, 2014, the Special Master issued his Report, which stated, *inter alia*, that these former Class members were entitled to a remedy under the Injunction, but recommending, in substantial part, that the Court adopt Defendants' proposal as to what remedy should be ordered, Dkt. 709 at 27-37;

WHEREAS, the parties submitted their respective objections to the Special Master's Report to the Court;

WHEREAS, Plaintiffs believe that the Class members who were ordered removed from the United States while this case was pending are entitled to a remedy under the Court's Permanent Injunction, and that the procedures set forth in the proposal they submitted to the Special Master comprise a reasonable and appropriate form of relief for the removed Class members, but, taking into account the extensive burdens and expense of litigation, including the risks and uncertainties associated with requesting a ruling from the Court on this matter, Plaintiffs' counsel have concluded that the Agreement provides substantial benefits to these *Franco* Class members, and is fair, reasonable, adequate, and in the best interests of Plaintiffs and these Class members;

WHEREAS, Defendants believe that these Class members are not entitled to any remedy under the Court's Permanent Injunction, and that even assuming they are, the proposal Defendants submitted to the Special Master is a reasonable and appropriate one, but Defendants also have taken into account the uncertainty, risk, delay and costs inherent in litigation and agreed to enter into the Agreement to avoid any further litigation expenses and inconvenience, and to remove the distraction of burdensome and protracted litigation;

000018

NOW, THEREFORE, in full settlement of the Parties' dispute as to the proper remedy that should be afforded to individuals identified as *Franco* Class members, and who were subsequently ordered removed, the Reopening Settlement Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that:

(a) upon approval of the Court after the hearing(s) provided for in the Reopening Settlement Agreement, the claims of the Removal Order Class Members, as defined in Section I.B, *infra*, to relief under the Permanent Injunction shall be settled and compromised as between Plaintiffs and Defendants; and

(b) upon Court approval of the Agreement, the [Proposed] Order Approving Settlement, substantially in the form attached as Exhibit A hereto, shall be entered dismissing the claims of the Removal Order Class Members in this case, all on the following terms and conditions:

## TERMS

I.   Definitions. For purposes of this Agreement, these terms are defined as follows:

A.   "Class Members" are defined as those individuals in the Main Class, Sub-Class One and Sub-Class Two (as described in Dkt. 786, Implementation Plan Order at 24).

B.   "Removal Order Class Members" are defined as individuals who:

(i)   received a final order of removal during the relevant period in Section I.C or I.D, *infra*;

(ii)   were identified by Plaintiffs as specified in Section VI.C-D, *infra*, by the Parties as specified in Section VI.E, *infra*, or by

Defendants on lists exchanged pursuant to the Court's order at Dkt. 360; and

(iii)   meet the criteria in *either* (1) or (2) below:

(1) remained detained and unrepresented when they received orders of removal before an Immigration Judge without one of the following: (a) the safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, or (b) the procedural safeguards implemented pursuant to Defendants' Phase I Guidance, *see* Dkt. 663-4; *or*

(2) were released from detention following an Immigration Judge's determination that they were not competent to represent themselves (*i.e.*, "Released Sub-Class One Members") and remained unrepresented when they received orders of removal before an Immigration Judge.[1]

C. "Post-Injunction Removal Order Class Members" are defined as all Removal Order Class Members who had final orders of removal entered in their proceedings on or after April 23, 2013, the date of the Court's order granting partial summary judgment and a permanent injunction for Plaintiffs, Dkts. 592, 593, and before the Implementation Plan Effective Date, as defined in Section I.K, *infra*.

D. "Pre-Injunction Removal Order Class Members" are defined as Removal Order Class Members who had final orders of removal entered in their proceedings on or after November 21, 2011, but before April 23, 2013.

---

[1]    Pursuant to Section XVIII, *infra*, other Class Members who were released from detention prior to receiving a final order of removal in their immigration proceedings remain entitled to pursue reopening of their immigration proceedings pursuant to the regular motion to reopen procedures already available under the immigration statues and regulations.

000020

E. "Private Agreement Removal Order Class Members" are defined as Removal Order Class Members, whether Post-Injunction or Pre-Injunction, whom the parties have agreed should be eligible for the joint motion to reopen procedures described in Section VIII, *infra*.

F. "Approval Hearing" shall mean and refer to the hearing by this Court to determine whether this Agreement should be approved in accordance with the relevant legal standards.

G. "Class Notices" shall mean and refer to the notices attached hereto at Exhibit B (the Summary Class Notice), C (the Detention Facility Summary Notice), D (the Joint Motion Notice and Instructions) and E (the Unilateral Motion Notice and Instructions).

H. "Notice Date" shall mean and refer to the date forty-five (45) days after the "Identification Deadline," as defined in Section I.L, *infra*, which is the last date by which the "Class Notices" as defined in Section I.G, *supra*, must be initially provided.

I. "Notice Program" shall refer to the notice procedures described in Section III, *infra*.

J. "Parties" are defined as the Plaintiffs and Defendants in this Action.

K. "Implementation Plan Effective Date" is defined as the date ninety (90) days after the Court enters the Implementation Plan Order in this case (absent an extension granted by the Court or agreed to by the Parties).

L. "Identification Deadline" is defined as the date ninety (90) days after the Court grants Preliminary Approval of this Agreement (absent an extension granted by the Court or agreed to by the Parties).

M. "Reopening Agreement," "Reopening Settlement Agreement," or "Agreement" are defined as this agreement, together with all of its attachments.

II.    Preliminary Approval. Within three (3) court days after execution of the Reopening Agreement, the Parties shall file the Reopening Agreement with the Court to seek preliminary approval and shall jointly move the Court for entry of an order, substantially in the form of Exhibit A hereto, which by its terms shall:

A. Determine, preliminarily, that the Reopening Settlement Agreement and its terms fall within the range of reasonableness, merits possible approval, and that Notice of the Agreement should be provided to the Class Members and to the Removal Order Class Members;

B. Approve the proposed Class Notices and Notice Program;

C. Determine that there are no rights to "opt-out" of the Reopening Settlement Agreement and that the proposal would bind Class Members and Removal Order Class Members;

D. Schedule the Approval Hearing to consider the fairness, reasonableness and adequacy of the Reopening Settlement Agreement;

E. Direct the Parties or their designee(s) to cause the Class Notice to be disseminated in the manner set forth in the Notice Program on or before the Notice Date;

F. Determine that the Class Notice and the Notice Program: (i) meets the requirements of Rule 23(e)(1) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise the Class, Sub-Classes and Removal Order Class Members of their right to object to the proposed Settlement; and (iv) is reasonable and constitutes due, adequate, and sufficient notice to all those entitled to receive notice.

G. Require any Class Member or Removal Order Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement to submit his or her objection ("Objection") to the Court in writing, via

000022

regular mail on or before the Objection Date, with copies to counsel for the parties. Such Objection shall include a statement of his or her objection, as well as the specific reason, if any, for each objection, including any legal support the Class Member or Removal Order Class Member wishes to bring to the Court's attention and any evidence the Class Member or Removal Order Class Member wishes to introduce in support of his or her objection, and to state whether the Class Member and/or his or her counsel wishes to make an appearance at the Approval Hearing, or be barred from separately objecting;

H. Establish the following:

   a. The date and time of the Approval Hearing.

   b. The Notice Date: The Parties propose that the Notice Date be sixty (60) days before the Approval Hearing.

   c. The Objection Date: The Parties propose that the objection date be twenty-one (21) days before the Approval Hearing.

III.   Notice Program. The parties will propose to the Court that the Class Notice shall be given to the Class Members and Removal Order Class Members via the following means:

A. The publication of the Summary Class Notice shall be distributed by:

   a. Defendants sending the Summary Class Notice to all Removal Order Class Members via U.S. Mail at the Removal Order Class Members' last known address (if any) associated with their removal case recorded within ICE's ENFORCE Alien Removal Module (EARM), whether inside or outside the United States;[2]

---

[2]    All mailed Notices shall include the Spanish translations provided by Plaintiffs and agreed to by the Parties.

    b. Defendants providing the Summary Class Notice to all Legal Orientation Providers with offices in California, Arizona, and Washington;

    c. Defendants posting the Summary Class Notice in a reasonably accessible location on a website controlled by Defendants;

    d. Plaintiffs posting the Summary Class Notice on the websites of the ACLU Immigrants' Rights Project, ACLU of Southern California, the ACLU of San Diego and Imperial Counties, the ACLU of Arizona, Northwest Immigrant Rights Project, and Public Counsel, in accessible formats in English and Spanish;

B. The Detention Facility Summary Notice shall be posted by Defendants at all immigration detention facilities[3] in California, Arizona, and Washington, in areas prominently visible to immigration detainees, and accessible in English and Spanish;

C. The Joint Motion Notice and Instructions shall be provided by:

    a. Defendants distributing the Joint Motion Notice and Instructions and accompanying request letter template via U.S Mail, as specified in Section IX, in accordance with its terms; and

    b. Defendants posting the Joint Motion Notice and Instructions and accompanying request letter template on the ICE and EOIR websites in a reasonably accessible location, accessible in English and Spanish.

D. The Unilateral Motion Notice and Instructions shall be provided by:

---

[3]    The term "immigration detention facilities" shall mean and refer to facilities used by, contracted with, or acting on behalf of ICE to hold detainees for more than 72 hours. *See* Dkt. 786 at 1 n.1.

000024

      a. Defendants providing the Unilateral Motion Notice and Instructions and cover letter to all Pre-Injunction Removal Order Class Members via U.S. Mail to their last known address (if any) as specified in Section XI, *infra*; and

      b. Defendants posting the Unilateral Motion Notice and Instructions and accompanying cover letter on the ICE and EOIR websites in a reasonably accessible location, accessible in English and Spanish.

E. Notice will be posted and distributed by the Notice Date. When sending notice via U.S. Mail to each Removal Order Class Member pursuant to the Reopening Settlement Agreement, Defendants shall send the Summary Class Notice together with either the Joint Motion Notice and Instructions or the Unilateral Motion Notice and Instructions, depending on which set of notice/instructions is applicable to the Removal Order Class Member.

F. Any notices posted on websites or in immigration detention facilities shall remain posted for no less than sixty (60) days. The Parties will advise the Court as part of the motion for Final Approval confirming that notice has been issued according to this Section.

G. The Parties will make best efforts to agree to amend the Class Notice and notice procedures as required by the Court in order to obtain Court approval and adoption of the terms of this Agreement in a final order in this case.

IV.   <u>Final Approval</u>. Except for the Parties' duties that precede and continue through any final approval by the Court, this Agreement is subject to and conditioned upon the issuance by the Court of an order finally approving the settlement contained herein in accordance with the relevant legal standards. In the event that the Court preliminarily or finally refuses approval based upon an

objection, whether filed by a Class Member or Removal Order Class Member or raised by the Court, the Parties shall use their best efforts to address such objection in a manner designed to accomplish implementation of the Reopening Settlement Agreement.

V.     Cooperation. The Parties shall use their best efforts to obtain an Approval Hearing Date set by the Court by no later than 195 days after the Court grants Preliminary Approval of the Settlement, and to proceed with the Approval Hearing on that date. The Parties acknowledge that each intends to implement the terms of the Reopening Settlement Agreement upon its execution. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Reopening Settlement Agreement. Nothing in this provision, however, requires either Party to waive its rights herein.

VI.    Identification of Certain Removal Order Class Members.[4] On or before the Identification Deadline, the Parties will identify certain Removal Order Class Members[5] pursuant to the following provisions:

---

[4]     The parties agree that information and documents exchanged pursuant to this Agreement will be subject to the protective order governing this litigation, Dkt. 507.

[5]     Plaintiffs will cooperate and assist in the identification of potential beneficiaries by providing Defendants with their consolidated list of individuals identified pursuant to Dkt. 360. For purposes of identifying potential beneficiaries and providing notice of the procedures contained in this Agreement, Defendants may identify and/or notify individuals irrespective of whether they ultimately qualify for relief under the Agreement (e.g., irrespective of whether they remained detained and unrepresented when they received orders of removal before an Immigration Judge or whether they received one of the following: (a) the safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, or (b) the procedural safeguards implemented pursuant to Defendants' Phase I Guidance, Dkt. 663-4).

000026

A. Defendants shall identify all Post-Injunction Removal Order Class Members who were identified on lists provided by Defendants to Plaintiffs pursuant to Dkt. 360, who were detained at ICE Health Service Corps ("IHSC") facilities and the Adelanto Correctional Facility in Adelanto, California, and who were contemporaneously identified by or to U.S. Immigration and Customs Enforcement ("ICE") personnel as meeting the "serious mental illness" criteria, as set forth in Defendants' Guidelines, Dkt. 611.

B. Defendants shall identify all Post-Injunction Removal Order Class Members who were identified on lists provided by Defendants to Plaintiffs pursuant to Dkt. 360, who were detained at non-IHSC facilities other than the Adelanto Correctional Facility, and who were contemporaneously identified by ICE in immigration court filings as possible Class Members based on one or more of the following diagnoses:

    1.    Psychosis or Psychotic Disorder;

    2.    Bipolar Disorder;

    3.    Schizophrenia or Schizoaffective Disorder;

    4.    Major Depressive Disorder with Psychotic Features;

    5.    Dementia and/or a Neurocognitive Disorder; or

    6.    Intellectual Development Disorder (moderate, severe or profound).

C. Separately, Plaintiffs shall provide a list to Defendants of Post-Injunction Removal Order Class Members who were identified only on Plaintiffs' Class Member lists within fifteen (15) days after Preliminary Approval. Within forty-five (45) days of the receipt of that list, Defendants shall then identify which of those Post-Injunction Removal Order Class

000027

Members were either contemporaneously identified by or to ICE personnel as meeting the "serious mental illness" criteria, as set forth in Defendants' Guidelines, Dkt. 611, or would have qualified, based on a review of their medical records and any other relevant evidence, as Class Members under the newly-narrowed Class definition, *see* Dkt. 690 at 1-2.

D. The Parties have also come to an agreement on the Plaintiffs' list of individuals to be included as "Private Agreement Removal Order Class Members," attached as Exhibit F hereto (filed under seal).

E. The Parties shall identify all Pre-Injunction Removal Order Class Members who were identified on lists exchanged by the Parties pursuant to Dkt. 360.

VII. <u>Removal Order Class Members Who Qualify for Joint Motion to Reopen Procedures</u>. The following Removal Order Class Members shall be eligible for the Joint Motion to Reopen Procedures described in Section VIII of this Agreement, *infra,* and shall benefit from the favorable exercise of discretion provisions described in that Section:

A. All Post-Injunction Removal Order Class Members whom Defendants identify pursuant to Sections VI.A-C of this Agreement, *supra*, who remained detained and unrepresented when they received orders of removal before an Immigration Judge without one of the following: (a) the safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, or (b) the procedural safeguards implemented pursuant to Defendants' Phase I Guidance, Dkt. 663-4;

B. All Released Sub-Class One Members, as defined in Section I.B.iii.2, (*i.e.,* who remained unrepresented when they received orders of removal before an Immigration Judge);

000028

C. All Removal Order Class Members, including Pre-Injunction Removal Order Class Members, who submit evidence that they were determined to be incompetent by any administrative or judicial tribunal in the United States within the three years preceding the date they had the final order of removal entered in their proceeding; and

D. All Private Agreement Removal Order Class Members.

VIII.  <u>Joint Motion to Reopen Procedures</u>. For all eligible Removal Order Class Members described in Section VII, *supra*, ICE agrees to favorably exercise its discretion pursuant to 8 C.F.R. §§ 1003.23(b)(4)(iv) or 1003.2(c)(3)(iii) to join and file the Removal Order Class Member's motion to reopen his or her immigration proceedings, subject to the following provisions:

A. If Defendants identify the Removal Order Class Member as inadmissible or deportable as described in 8 U.S.C. §§ 1182(a)(3) or 1227(a)(4), ICE may decline to favorably exercise its discretion to join the Removal Order Class Member's motion to reopen.

B. If Defendants determine that the Removal Order Class Member is subject to Section VIII.A, *supra*, or is ineligible because he or she received the safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, or the procedural safeguards implemented pursuant to Defendants' Phase I Guidance, Dkt. 663-4, ICE shall send a written notice to the Removal Order Class Member's last known address setting forth the basis for the declination or ineligibility. Defendants shall also send a copy of this written notice to Plaintiffs' counsel. Absent compelling reasons justifying Defendants' delay, Defendants shall send this written notice and copy within thirty (30) days of the date of receipt of the Removal Order Class Member's request for a joint motion.

000029

C. Any Removal Order Class Member for whom ICE declines to submit a joint motion to reopen pursuant to this Section shall retain the right to file a motion to reopen before the Board of Immigration Appeals ("BIA") or the Immigration Court pursuant to the provisions of Section X, *infra*, depending on the forum in which the Removal Order Class Member's order of removal became final.

D. If ICE favorably exercises its discretion to file a joint motion to reopen pursuant to this Section, ICE shall file any such motion with either the BIA or the Immigration Court, depending on the forum in which the Removal Order Class Member's order of removal became final.

E. ICE's favorable exercise of discretion to file a joint motion to reopen pursuant to this Section shall not preclude ICE from contesting any issue of fact, law, or discretion in any reopened proceedings, including, but not limited to, the Removal Order Class Member's competency or incompetency.

IX.   Notice of Joint Motion to Reopen Procedures. The parties agree to provide notice of the joint motion to reopen procedures described in Section VIII of this Agreement, *supra*, as follows:

A. By the Notice Date, Defendants shall send the Joint Motion Notice and Instructions to each Removal Order Class Member who is identified in Sections VII.A-B and VII.D, *supra*, at the Removal Order Class Member's last known address (if any) associated with their removal case recorded within ICE's EARM,[6] whether inside or outside the United States.

---

[6]   Defendants will provide Plaintiffs with the names, alien numbers, and referenced EARM address information (if any) for these individuals in the following format structure: Address Type; Street Line 1; Street Line 2; Street Line

B. The Joint Motion Notice and Instructions shall inform the Removal Order Class Member that he or she may request that ICE join a motion to reopen his or her proceedings before the BIA or the Immigration Court. This notice shall also describe the procedure through which the Removal Order Class Member should make such a request, and include an accompanying request template, attached as Exhibit G, that the individual should send to ICE in order to request a motion to reopen.

C. Defendants shall post the notice and request template in a reasonably accessible location on the EOIR and ICE websites, pursuant to Section III, *supra*.

X.   <u>Unilateral Motion to Reopen Procedures</u>. Any individual who was detained and unrepresented in Arizona, California, and Washington on or after November 21, 2011 (the date the Court certified the class in this case), remained detained and unrepresented when they received an order of removal before an Immigration Judge, and received neither (a) the safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, nor (b) the procedural safeguards implemented pursuant to Defendants' Phase I Guidance, *see* Dkt. 663-4, shall have the ability to file a motion to reopen with the BIA or the Immigration Court, pursuant to the following provisions:

A. A motion to reopen filed by such an individual must demonstrate with evidence that the individual meets the newly-narrowed Main Class membership criteria set forth in Dkt. 690 at 1-2, and that the individual was not represented at the time the order of removal was entered before the Immigration Judge.

---

3; Apartment Number; PO Box; City; County; State Code; State; Postal Code; Country Code; Country.

B. A motion to reopen by such an individual must set forth argument or evidence showing that the individual has a plausible defense to removability and/or plausible grounds for relief.

C. ICE shall have the right to oppose a motion to reopen filed by an individual pursuant to this Section. For motions filed by Removal Order Class Members pursuant to this Section, however, ICE's opposition shall be limited to the following grounds:

    1.    The Removal Order Class Member does not meet the newly-narrowed Main Class Definition, Dkt. 690 at 1-2, or did not meet such definition at the time they had their final order of removal entered in their proceedings;

    2.    The Removal Order Class Member received the procedural safeguards set forth in Section III of the Court's Implementation Plan Order, Dkt. 786, or Defendants' Phase I Guidance, Dkt. 663-4;

    3.    Reopening the Removal Order Class Member's proceedings would be futile because the Removal Order Class Member would remain removable and/or be ineligible for relief from removal in reopened immigration proceedings;

    4.    The Removal Order Class Member is described in 8 U.S.C. §§ 1182(a)(3) or 1227(a)(4).

D. If the Immigration Court or the BIA denies a motion to reopen filed by an individual pursuant to this Section solely on the basis that the individual would remain removable and/or be ineligible for relief from removal in reopened immigration proceedings, the following provisions shall apply:

    1.    Within fourteen (14) days of such denial, or as soon as practicable upon discovering the existence of such denial,

000032

Defendants shall notify Plaintiffs' counsel of the name and identity of the individual whose motion was denied, a copy of the order denying the motion to reopen, a copy of the individual's motion, and a copy of ICE's opposition (if any) to the individual's motion to reopen.

2.    Within thirty (30) days of such denial, or as soon as practicable upon obtaining the individual's A-file, Defendants shall provide Plaintiffs' counsel with a copy of relevant documents from the A-file, including any applications, decisions and related documents submitted to U.S. Citizenship and Immigration Services ("USCIS") or EOIR, of the individual whose motion was denied. Defendants retain the right to withhold or redact any confidential or privileged information in these documents. Notwithstanding this provision, Defendants will also consider reasonable requests for additional non-confidential or non-privileged records upon Plaintiffs' showing that the records are probative to the individual's defense to removability or claim for relief.

3.    Within thirty (30) days of Plaintiffs' receipt of the documents in Section X.D.2, *supra*, Plaintiffs may provide Defendants' counsel with supplemental evidence or arguments demonstrating a plausible defense to removability and/or plausible grounds for relief. Within thirty (30) days of receiving Plaintiffs' argument and evidence, Defendants shall review this evidence and argument and then determine whether they (a) will enter a joint motion to reopen; or (b) choose not to enter a

000033

joint motion to reopen, and shall inform Plaintiffs' counsel of their decision.

4.    If Defendants choose not to enter a joint motion to reopen pursuant to Section X.D.3, *supra*, the Removal Order Class Member may then file one additional motion to reopen with evidence or arguments demonstrating a plausible defense to removability, or plausible grounds for relief.

5.    The second motion to reopen must be filed within ninety (90) days of the date Defendants advise Plaintiffs' counsel in writing that they will not enter a joint motion to reopen. The time and numerical limitations on motions to reopen will not bar this second motion, if it complies with the 90-day deadline set forth in this subsection. *See* Section XII, *infra*.

E. If ICE does not oppose a motion to reopen filed by an individual pursuant to this Section, such declination shall not preclude ICE from contesting any issue of fact, law, or discretion in any reopened proceedings, including, but not limited to, the individual's competency or incompetency.

XI.    Notice of Unilateral Motion to Reopen Procedures.[7] The parties agree to provide notice of the unilateral motion to reopen procedures described in Section X of this Agreement, *supra*, as follows:

A. By the Notice Date, Defendants shall send the Unilateral Motion Notice and Instructions to each Removal Order Class Member identified

---

[7]    Nothing in this Agreement is intended to limit Plaintiffs' right to send a general notice, along with the Summary Class Notice, to the U.S. and foreign consular officials of any country to which a Removal Order Class Member was removed, describing the terms of this Agreement.

pursuant to Section VI who did not receive notice pursuant to Section IX (Notice of Joint Motion to Reopen Procedures), *supra*, at the Removal Order Class Member's last known address (if any) associated with their removal case recorded within ICE's EARM,[8] whether inside or outside the United States.

B. The Unilateral Motion Notice and Instructions shall inform the Removal Order Class Member that he or she may file a motion to reopen his or her proceedings before the BIA or the Immigration Court. This notice shall also describe the procedure through which the Removal Order Class Member should file such a motion, and include an accompanying cover letter, attached as Exhibit H, that the individual should send along with his or her motion to reopen.

C. Defendants shall post the notice and cover letter in a reasonably accessible location on the EOIR and ICE websites, pursuant to Section III, *supra*.

XII.   Tolling of Time and Numerical Limitations. The first motion to reopen filed by a Removal Order Class Member pursuant to this Agreement that is accepted for adjudication on the merits shall not be subject to the time or numerical limitations set forth in the Immigration and Nationality Act ("INA") and its implementing regulations, with the exception of the time deadline set forth in Section XV, *infra*. Similarly, a subsequent motion to reopen that is accepted for adjudication on the merits submitted pursuant to section X.D.4-5 shall not be subject to the time or

---

[8]    Defendants will provide Plaintiffs with the the names, alien numbers, and referenced EARM address information (if any) for these individuals in the following format structure: Address Type; Street Line 1; Street Line 2; Street Line 3; Apartment Number; PO Box; City; County; State Code; State; Postal Code; Country Code; Country.

000035

numerical limitations set forth in the INA and its implementing regulations. As part of this Agreement, the Court has entered an order equitably tolling the time and numerical limitations set forth in the INA and its implementing regulations for a Removal Order Class Member's first motion to reopen filed pursuant to this Agreement that is accepted for adjudication on the merits, or subsequent motion to reopen submitted pursuant to Section X.D.4-5 that is accepted for adjudication on the merits. *See* Dkt. 786 at 26.

XIII.   <u>Inapplicability of the Post-Departure Bar</u>. The Parties agree that, in the absence of contrary law in the applicable circuit, the so-called "post-departure bar" contained in 8 C.F.R. §§ 1003.2(d) and 1003.23(b)(1) shall not prohibit an Immigration Judge or the BIA from adjudicating a Removal Order Class Member's motion to reopen on the merits, where such motion is authorized under the terms of this Agreement.

XIV.   <u>Right of Appeal</u>. The Parties agree that any individual may appeal the denial of his or her motion to reopen filed before EOIR pursuant to this Agreement, whether joint or unilateral, to the BIA and the Court of Appeals, pursuant to the general laws or regulations that govern appeals of the orders of the BIA or Immigration Judges. Defendants may appeal an Immigration Judge's grant of any unilateral motion to reopen filed pursuant to this Agreement to the BIA, pursuant to the general laws or regulations that govern appeals of the orders of an Immigration Judge.

XV.   <u>Deadline to Request a Joint Motion or File a Unilateral Motion</u>. Any request to ICE to join a motion to reopen and any unilateral motion to reopen filed pursuant to this Agreement must be submitted within eighteen (18) months after the date of the Approval Hearing, except for subsequent motions to reopen filed pursuant to Section X.D, *supra*.

000036

XVI.  <u>Facilitation of Return to the United States</u>. In all cases concerning a Removal Order Class Member who has been physically removed from the United States and whose motion to reopen is granted by the BIA or the Immigration Judge pursuant to this Agreement, ICE agrees to take reasonable steps to facilitate the Removal Order Class Member's prompt return to the United States.

    A.  These reasonable steps may include, but are not limited to, reviewing and processing any paperwork necessary for the individual's return; working with the Department of State, through the U.S. Embassy or Consulate, to obtain a transportation/boarding letter on the individual's behalf; and working with U.S. Customs and Border Protection to assist in the individual's physical reentry upon arrival.

    B.  If a Removal Order Class Member whose motion to reopen is granted by the BIA or the Immigration Judge pursuant to this Agreement is residing in a location that is more than one hundred (100) miles away by land from any port of entry in the United States, ICE agrees to pay reasonable travel expenses for the Removal Order Class Member's return to the United States, provided that the individual is not entitled to choose the time and mode of transportation, as follows:

        1.  Defendants agree to pay reasonable travel expenses for all Post-Injunction Removal Order Class Members and Private Agreement Removal Order Class Members whose joint motions to reopen are granted.

        2.  In addition to the Removal Order Class Members described in Section XVI.B.1, *supra*, Defendants agree to pay reasonable travel expenses for the first one hundred (100) additional individuals residing in a location that is more than one hundred (100) miles away by land from any port of entry in the United

000037

States, who file motions to reopen pursuant to this Agreement, and whose motions are granted.[9]

C. The Removal Order Class Member, upon return to the United States, shall assume the immigration status, if any, he or she held prior to entry of the removal order. The Removal Order Class Member's return to the United States shall not confer either a new benefit (e.g., an individual who was present without admission or parole prior to the entry of their removal order and who is returned pursuant to the Secretary of Homeland Security's 8 U.S.C. § 1182(d)(5)(A) parole authority under this Agreement, shall not be considered to have been "paroled" for purposes of seeking adjustment of status) or a new disability that the Removal Order Class Member did not possess prior to the date he or she received a final order of removal, with the exception of the conditions set forth in Part XVI.D, *infra*.

D. Defendants shall retain the right to make a custody determination upon a Removal Order Class Member's return to the United States pursuant to this Agreement, and, if deemed necessary or compelled by law, to detain the Removal Order Class Member upon return.

   1. Any such custody determination and/or detention must comply with applicable laws and regulations. The Removal Order Class Member shall retain the right to request a new custody determination, seek a bond hearing or release from detention, or

---

[9] It is anticipated that there will be less than one hundred (100) individuals in the group described in Section XVI.B.2, *supra*. However, Defendants agree to consider, on a case-by-case basis, paying reasonable travel expenses for any other individuals whose motions to reopen are granted pursuant to this Agreement.

challenge the conditions of his or her detention, as any
applicable laws or regulations allow.

2.      If a Removal Order Class Member was detained prior to entry
of a final order of removal and departing from the United
States, and is detained upon his or her return to the United
States pursuant to this Agreement, then ICE shall not consider
the Removal Order Class Member's previous removal and
departure to constitute a break in custody for the purposes of
opposing a request for a bond redetermination hearing before an
Immigration Judge.

3.      If a Removal Order Class Member is not detained upon his or
her return to the United States pursuant to this Agreement, and
fails to appear at a scheduled hearing for an unexcused reason
or no reason, he or she shall not be ordered removed in absentia
in the reopened proceedings, unless or until (1) he or she is
represented in his or her immigration proceedings or (2) he or
she has been determined mentally competent by the
Immigration judge prior to the failure to appear. If such
Removal Order Class Member fails to appear at a scheduled
hearing for an unexecused reason or no reason, he or she may
be re-detained by ICE and, for purposes of any subsequent bond
hearings, the failure to appear shall constitute clear and
convincing evidence that the individual is a flight risk.

XVII. Enforceability and Mediation of Disputes. The Parties shall submit this
Agreement to the Court for its approval. The Court shall retain jurisdiction to
enforce the terms of this Agreement, and shall have the authority to order specific

000039

performance of the terms of this Agreement upon a showing of breach by either side, subject to the procedures set forth below.

A. Except as described below in the case of an exigent circumstance, if either Party alleges that the other Party has failed to comply with the terms of this Agreement, the allegedly aggrieved Party shall make such allegations in writing and submit such allegations to the other Party, who shall have twenty-one (21) days to respond after the date the written allegations are received. No later than twenty-one (21) days after receipt of this response, the Parties shall then meet and confer in good faith in an attempt to resolve the dispute.

B. If the Parties are unable to resolve the dispute via a meet-and-confer pursuant to Section XVII.A, *supra*, the allegedly aggrieved Party may file a motion for compliance with the Court.

C. Notwithstanding the foregoing, if a violation of this Agreement will likely result in imminent and irreparable harm to a Removal Order Class Member ("Exigent Violation"), Plaintiffs must provide a Notice of Non-Compliance that identifies the exigency and the Exigent Violation.[10] Notwithstanding the time periods set forth above, Defendants shall endeavor to respond to a Notice of Exigent Violation within 72 hours, except if exigent circumstances require a shorter response. If the Parties are unable to resolve the dispute taking into account a time frame that

---

[10]   Exigent Violations include violations that, due to their urgency, cannot effectively be remedied on the ordinary timetable for resolution of disputes set forth in Sections XVII.A-B. Examples of Exigent Violations include: a Removal Order Class Member with a final order who faces the imminent threat of physical deportation from the United States, as a result of Defendants' breach of this Agreement; and a Removal Order Class Member who has established an entitlement to return to the United States under this Agreement, and who is at imminent risk of harm, but whose return to the United States Defendants have not reasonably facilitated pursuant to this Agreement.

considers the relevant exigency, Plaintiffs' counsel may file an emergency motion before the Court to compel specific performance to remedy only the Exigent Violation without initiating any meet and confer process pursuant to the preceding subsections.

XVIII.    <u>Nondisplacement of Regular Motion to Reopen Procedures</u>.

Defendants agree that the procedures for reopening cases set forth in this Agreement are separate and apart from the regular motion to reopen procedures already available under the immigration statues and regulations. The procedures established by the Reopening Settlement Agreement are not intended to limit or otherwise replace a Removal Order Class Member's right to seek any other form of relief, including but not limited to a motion to reopen filed pursuant to the immigration statues and regulations, or a request that ICE join a motion to reopen the Removal Order Class Member's proceedings.

Dated:  2/23/15

By: _____
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
Counsel for Plaintiffs

2/24/15

By: _____
LEÓN FRESCO
leon.fresco@usdoj.gov
Counsel for Defendants

27

000041

Exhibit 1-A

1   AHILAN T. ARULANANTHAM (State Bar No. 237841)
    aarulanantham@aclusocal.org
2   CARMEN IGUINA (State Bar No. 277369)
    ciguina@aclusocal.org
3   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West 8th Street
4   Los Angeles, California 90017
    Telephone: (213) 977-5211
5   Facsimile: (213) 417-2211

6   MICHAEL H. STEINBERG (State Bar No. 134179)
    steinbergm@sullcrom.com
7   SULLIVAN & CROMWELL LLP
    1888 Century Park East, Suite 2100
8   Los Angeles, California 90067-1725
    Telephone: (310) 712-6600
9   Facsimile: (310) 712-8800

10
    *Attorneys for Plaintiffs-Petitioners*
11  (Additional Counsel for Plaintiffs
     on Following Page)

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16   JOSE ANTONIO FRANCO-                )   Case No. 10-CV-02211 DMG (DTBx)
     GONZALEZ, et al.,                   )
17                                       )   **[PROPOSED] ORDER GRANTING**
            *Plaintiffs-Petitioners,*    )   **PLAINITFFS' MOTION FOR**
18                                       )   **PRELIMINARY APPROVAL OF**
                v.                       )   **PARTIAL SETTLEMENT**
19                                       )   **AGREEMENT**
     ERIC H. HOLDER, Jr., Attorney       )
20   General, et al.,                    )   Hearing:
                                         )
21          *Defendants-Respondents.*    )   Honorable Dolly M. Gee
                                         )
22                                       )
                                         )
23

24

25

26

27

28

JUDY LONDON (State Bar No. 149431)
jlondon@publiccounsel.org
TALIA INLENDER (State Bar No. 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385 2977
Facsimile: (213) 385-9089

JUDY RABINOVITZ (State Bar No. JR-1214)
JRabinovitz@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

BARDIS VAKILI (State Bar No. 247783)
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

JAMES PREIS (State Bar No. 82690)
jpreis@mhas-la.org
MENTAL HEALTH ADVOCACY SERVICES
3255 Wilshire Boulevard, Suite 902
Los Angeles, California 90010
Telephone: (213) 389-2077
Facsimile: (213) 389-2595

MATT ADAMS (State Bar No. 28287)
matt@nwirp.org
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

JAMES LYALL (State Bar No. 330045)
jlyall@acluaz.org
ACLU FOUNDATION OF ARIZONA
3707 N. 7th Street, Suite 235
Phoenix, Arizona 85014
Telephone: (602) 773-6001
Facsimile: (602) 650-1376

*Attorneys for Plaintiffs-Petitioners*

1   The Court determines, preliminarily, that the Agreement Regarding

2   Procedures for Notifying and Reopening Cases of Franco Class Members Who

3   Have Received Final Orders of Removal ("Reopening Settlement Agreement") and

4   its terms fall within the range of reasonableness and merits possible final approval.

5   The Court also determines that the Class Notice and the Notice Program as

6   described in the Reopening Settlement Agreement: (i) meet the requirements of

7   Rule 23(e)(1) and due process; (ii) is the best practicable notice under the

8   circumstances; (iii) is reasonably calculated, under the circumstances, to apprise

9   the Class, Sub-Classes and Removal Order Class Members of their right to object

10  to the proposed Settlement; and (iv) is reasonable and constitutes due, adequate,

11  and sufficient notice to all those entitled to receive notice.

12  Having determined the above, the Court hereby GRANTS Plaintiffs' Motion

13  for Preliminary Approval of the Reopening Agreement, and orders the following:

14  A. The proposed Class Notices and Notice Program, as set forth in the

15  Reopening Settlement Agreement, are approved;

16  B. There are no rights to "opt-out" of the Reopening Settlement Agreement

17  and the proposed agreement would bind Class Members and Removal

18  Order Class Members;

19  C. The Parties or their designee(s) shall cause the Class Notice to be

20  disseminated in the manner set forth in the Notice Program on or before

21  the Notice Date;

22  D. Any Class Member or Removal Order Class Member who wishes to

23  object to the fairness, reasonableness, or adequacy of the Settlement must

24  submit his or her objection ("Objection") to the Court in writing, via

25  regular mail on or before the Objection Date, with copies to counsel for

26  the parties. Such Objection shall include a statement of his or her

27  objection, as well as the specific reason, if any, for each objection,

28  including any legal support the Class Member or Removal Order Class

1

1   Member wishes to bring to the Court's attention and any evidence the

2   Class Member or Removal Order Class Member wishes to introduce in

3   support of his or her objection, and to state whether the Class Member

4   and/or his or her counsel wishes to make an appearance at the Approval

5   Hearing, or be barred from separately objecting;

6   E.  The Notice Date is hereby set for [DATE 60 DAYS BEFORE

7   APPROVAL HEARING]

8   F.  The Objection Date is hereby set for [DATE 21 DAYS BEFORE

9   APPROVAL HEARING].

10  G.  The Final Approval Hearing to consider the fairness, reasonableness and

11  adequacy of the Reopening Settlement Agreement is hereby set for

12  [DATE 195 DAYS OR MORE AFTER THE DATE OF THIS ORDER]

13  at [TIME];

14  It is SO ORDERED.

15

16

17  Dated: _____, 2015            By:_____

18                                          Dolly M. Gee
                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

2

Exhibit 1-B

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

## NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENT FOR INDIVIDUALS WHO HAVE SERIOUS MENTAL DISORDERS AND HAVE BEEN ORDERED REMOVED FROM THE UNITED STATES

### Please read this notice carefully.

This notice is being given by order of the Court to individuals who:

- are members of a class of current and former individuals in immigration detention in Arizona, California, and Washington;
- who have certain serious mental disorders; and
- who have not had legal representation in their immigration cases

This notice is to inform you of a partial settlement of a class action lawsuit called *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG (DTBx) (C.D. Cal.). The *Franco* lawsuit alleged that individuals in immigration detention who are incompetent to represent themselves because of a serious mental disorder are entitled to legal representation in their immigration cases. The court in *Franco* has ruled that such individuals **are** entitled to legal representation in their immigration cases.

The U.S. government has agreed to procedures to allow certain *Franco* Class members to move to reopen their immigration cases ("*Franco* Reopening Agreement"). The Court must now consider whether to approve the *Franco* Reopening Agreement, and has scheduled a hearing on [DATE] at the United States District Court, [Spring Street Address], Los Angeles, California 90012. This hearing is called the "settlement hearing" or "fairness hearing."

Pursuant to the *Franco* Reopening Agreement, Plaintiffs' counsel has drafted this notice and the attached instructions.  The purpose of this notice is to inform you of:

- the nature of the lawsuit, and who is a member of the class;
- your right to object to the proposed *Franco* Reopening Agreement;
- a description of the terms of the *Franco* Reopening Agreement; and
- how to find out more information about the *Franco* Reopening Agreement.

Attached to this notice is a set of instructions on how to move to reopen your immigration case, if you may qualify for that benefit under the *Franco* Reopening Agreement. Please read the attached instructions if you are interested in reopening your case.

### *What is This Lawsuit About?*

This lawsuit began on March 26, 2010, when Plaintiff Jose Antonio Franco-Gonzalez filed a petition in the United States District Court for the Central District of California alleging that Defendants unlawfully required him to represent himself in his immigration proceedings when he was incompetent to do so because of his mental disabilities. Mr. Franco also alleged that he was being unlawfully detained in immigration detention for a prolonged period of time. On November 2, 2010, Plaintiffs filed an amended class action complaint, bringing similar claims seeking legal representation and bond hearings on behalf of an entire class of individuals in immigration detention in Arizona, California, and Washington. This lawsuit alleged violations of both the U.S. Constitution and various statutes.

On November 21, 2011, the Court certified a Main Class and two Sub-Classes in this case, as follows:

> All individuals who are or will be in [Department of Homeland Security ("DHS")] custody for [immigration] proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in [immigration] proceedings, and who presently lack counsel in their [immigration] proceedings.

>> Sub–Class 1: Individuals in the above-named Plaintiff Class who have a serious mental disorder or defect that renders them incompetent to represent themselves in [immigration] proceedings.

>> Sub–Class 2: Individuals in the above-named Plaintiff Class who have been detained for more than six months.

The Court also appointed lawyers from the ACLU of Southern California, Sullivan & Cromwell, the ACLU Immigrants' Rights Project, Mental Health Advocacy Services, Northwest Immigrant Rights Project, and Public Counsel to serve as counsel to the *Franco* class.

On April 23, 2013, the Court granted in part Plaintiffs' motion for partial summary judgment, and held that, among other things, "Section 504 of the Rehabilitation Act requires Defendants to provide Qualified Representatives to represent Sub–Class One members in all aspects of their removal and detention proceedings." This means that unrepresented individuals in immigration detention in Arizona, California, and Washington, who have serious mental disorders that make them incompetent to represent themselves in their immigration proceedings will be provided legal representation.

The U.S. government has agreed to procedures to allow certain *Franco* Class Members to move to reopen their immigration cases. If you are a *Franco* Class Member who has been ordered removed and your case is reopened, you may have the chance to return to the immigration courts so that they can determine whether you are competent to represent yourself in your immigration case. If you were physically removed from the United

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

States, you may have a chance to return to the United States if your case is reopened. If you are found to be not competent to represent yourself, you may be provided legal representation by the government in your immigration case.

### Who is a **Franco** Class Member Who May Have Their Case Reopened?

For a Class Member to reopen their case under the *Franco* Reopening Agreement, the Class Member must be an individual who:

- was detained by U.S. Immigration and Customs Enforcement ("ICE") in Arizona, California, or Washington on or after November 21, 2011;
- remained detained and did not have legal representation at the time they were ordered removed by an immigration judge, *or* was released from detention following an immigration judge's determination that they were not competent to represent themselves and remained unrepresented at the time they were ordered removed by an immigration judge;
- has a "serious mental disorder," as defined below; and
- did not receive certain procedures to determine whether they were competent to represent themselves in immigration proceedings.

### What Is a "Serious Mental Disorder"?

To reopen their case under the *Franco* Reopening Agreement, the Class Member must have a "serious mental disorder," meaning that they meet the criteria in either subsection (1) or (2) below:

(1)   a "qualified mental health provider"[1] determines that the detainee meets one or both of the following criteria:

    a.   has a mental disorder that is causing serious limitations in communication, memory or general mental and/or intellectual functioning (e.g., communicating, reasoning, conducting activities of daily living, social skills); or a severe medical condition(s) (e.g., traumatic brain injury or dementia) that is significantly impairing mental function; **OR,**

    b.   is exhibiting one or more of the following active psychiatric symptoms and/or behavior: severe disorganization, active hallucinations or delusions, mania, catatonia, severe depressive symptoms, suicidal ideation and/or behavior, marked anxiety or impulsivity.

**OR,**

(2)   a "qualified mental health provider," as defined in footnote 1, otherwise diagnoses the detainee as demonstrating significant symptoms of one of the following:

    a.   Psychosis or Psychotic Disorder;
    b.   Bipolar Disorder;
    c.   Schizophrenia or Schizoaffective Disorder;
    d.   Major Depressive Disorder with Psychotic Features;
    e.   Dementia and/or a Neurocognitive Disorder; or
    f.   Intellectual Development Disorder (moderate, severe or profound).

### What Are the Terms of the **Franco** Reopening Agreement?

Individuals who meet the criteria described above will have the opportunity to request reopening of their cases under the *Franco* Reopening Agreement. The procedures for reopening cases differ depending on the date that the Class Member was ordered removed.

***If the Class Member was ordered removed on or after April 23, 2013, the following procedures will apply:***

ICE will review the cases of *Franco* Class Members removed after April 23, 2013, to determine which of these individuals were identified as having certain serious mental illnesses. ICE will then send a notice, drafted by Plaintiffs' counsel, to the last known addresses (if any) of all such individuals. This notice will explain how to request reopening of the individuals' immigration cases. These individuals may send a letter/motion to ICE requesting reopening under the *Franco* Reopening Agreement. The request must be sent to ICE before [DATE].

Within thirty (30) days of receiving the Class Member's letter, ICE will confirm that they qualify for reopening under the *Franco* Reopening Agreement. If ICE agrees that the individual qualifies, ICE will join and file the request to reopen proceedings (unless the case presents national security or foreign policy issues). The immigration courts will then decide whether or not the Class Member's case should be reopened.

If ICE decides not to join in a Class Member's motion to reopen because their case presents certain national security or foreign policy-related issues or because ICE determines that the individual does not qualify, ICE must notify the Class Member within thirty (30) days of receiving the request. This notification will explain why ICE has declined the request for a joint motion to reopen. Such individuals will still be able to file their own motion to reopen, by following the process for all other *Franco* Class Members explained below.

---

[1] A "qualified mental health provider" is defined as a currently and appropriately licensed psychiatrists, physicians, physician assistants, psychologists, clinical social workers, licensed nurse practitioners, and registered nurses with appropriate training in mental health assessments.

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

**All other Franco *Class Members who were ordered removed on or after November 21, 2011, may seek to reopen their cases as follows:***

All other *Franco* Class Members who were ordered removed on or after November 21, 2011, can choose to file their own motion to reopen with the court that completed the Class Member's case (either the Immigration Judge or the Board of Immigration Appeals ("BIA")). The motion must be filed before [DATE]. This motion will be governed by certain rules that are different from the ordinary rules for reopening immigration cases.

The motion must include the following information. **First**, the motion must demonstrate that the person meets the definition of a *Franco* Class Member, described above, including that they have a "serious mental disorder." **Second**, the motion must show that if the person's proceedings were reopened, they would have a defense to removal or plausible grounds for relief. This means that if the immigration courts were to reopen the Class Member's case, they would be able to show that they should not have been ordered removed in the first place, **or** that they can apply for relief from removal, such as asylum, withholding, or cancellation of removal.

The first motion under the *Franco* Reopening Agreement, if filed before [DATE], does not have to meet the filing deadline and number limitation usually applicable to motions to reopen. However, ICE has the ability to oppose a motion to reopen for any other reason, including that the Class Member has not shown that they would have a defense or plausible grounds for relief (i.e., the Class Member is ineligible for relief). If the Immigration Court or the BIA denies the Class Member's motion to reopen, the Class Member has the right to appeal this denial to the BIA and/or the Court of Appeals.

Certain *Franco* Class Members who were ordered removed after November 21, 2011, but before April 23, 2013, may nevertheless be eligible for the joint motion to reopen procedures described above. **First**, any Class Member who can demonstrate that he or she was found to be incompetent by a court in the United States (e.g. criminal court) within three years prior to their final order of removal may be eligible for the joint motion to reopen procedures described above. Such individuals should submit such evidence of a prior incompetency finding to Plaintiffs' Counsel at [ADDRESS] and to ICE at the appropriate Office of the Chief Counsel address. A list of addresses is attached to this notice. **Second**, any Class Member who was determined to be incompetent by an immigration judge. Note that these Class Members remain entitled to the joint motion to reopen procedures even if they were released from detention prior to being ordered removed by an immigration judge, so long as they remained unrepresented at the time that they were ordered removed. **Third**, the parties have agreed on a short list of already-known cases of Class Members who were ordered removed prior to April 23, 2013, who will be eligible for the joint motion to reopen procedures described above.

**All Franco *Class Members whose cases are reopened, and who are currently outside the United States, may have the ability to return to the United States. The U.S. government may pay reasonable travel expenses for certain Class Members to return.***

If the Class Member succeeds in reopening his or her case under the *Franco* Reopening Agreement, and is currently outside the United States, the Class Member will be entitled to return to the United States. ICE will review and process any paperwork necessary for the Class Member's return, working with the U.S. Embassy or Consulate to obtain a transportation/boarding letter on the Class Member's behalf, and with U.S. Customs and Border Protection to help the Class Member return.

Under the *Franco* Reopening Agreement, the U.S. government will pay reasonable travel expenses for certain Class Members who were ordered removed on or after April 23, 2013, and for Class Members in the short list of already-known cases, who live more than 100 miles away from a port of entry in the United States, and who have their cases reopened under the *Franco* Reopening Agreement. The U.S. government will also pay reasonable travel expenses for up to another 100 individuals (as the parties believe there are likely to be less than 100 additional individuals) who have their cases reopened under the *Franco* Reopening Agreement, and who live more than 100 miles away from a port of entry in the United States.

Upon return to the United States, ICE has the right to detain the Class Member while their immigration case proceeds. The Class Member will have the right to request a bond hearing if detained upon return to the United States.

***How Will the Lawyers for the Franco Class Be Paid?*** Since March 2010, Plaintiffs' Counsel has been working on this lawsuit without compensation. You will not be charged any money for the lawyers' fees. Plaintiffs' Counsel will ask the Court to award them attorneys' fees and costs from the Defendants of up to a total amount of $15 MILLION, and the Court will decide how much to award. Defendants may appeal that decision, but whatever the outcome of any appeal, Defendants will pay the award and you will be charged nothing. The Court will evaluate the partial settlement independently of whether or not and how much to award fees. If you wish, you will have an opportunity to support or oppose the fees and costs requested by Plaintiffs' Counsel at the settlement hearing.

***What Will Happen to the Case?*** Because Plaintiffs believe that the District Court has granted all of the relief requested by the Plaintiff Class, Plaintiffs' Counsel and Defendants' Counsel will jointly ask the Court to dismiss the remaining claims and end the case. Plaintiffs' voluntary dismissal of the remaining claims is not dependent on any agreement between Plaintiffs and Defendants. If you wish, you will also have an opportunity to object to the voluntary dismissal of the remaining claims in this case at the settlement hearing.

***What Are My Rights as a Class Member?*** If you are satisfied with the proposed Agreement, you do not have to do anything. But if you are interested in reopening your immigration case, and you think you may qualify for the reopening remedy, you should review the instructions and follow them. If you are not satisfied with the proposed Agreement, you may object to the settlement, Plaintiffs' Counsel's request for fees, or Plaintiffs' voluntary dismissal of the remaining claims by submitting your objection to the Court in writing, via regular or electronic mail. If you choose to object to the settlement, you must direct your objection to: [COURT CONTACT INFO]

3

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

**What Are My Rights as a Class Member in Franco?**

If you <u>are</u> satisfied with the proposed *Franco* Reopening Agreement, you do not have to do anything. But if you are interested in reopening your immigration case, and you think you may qualify for the reopening remedy, you should review the instructions attached to this notice and follow them.

If you <u>are not</u> satisfied with the proposed *Franco* Reopening Agreement, you do not have a right to opt out of the settlement. However, you may object to the settlement or Plaintiff's Counsel's request for fees by submitting your objection to the Court in writing, via regular or electronic mail.

If you choose to object to the settlement, you must direct your objection to:

> [COURT CONTACT INFO]

To be timely, your objection must be received no later than [OBJECTION DEADLINE]. If you do not make your objection by that date, you will lose the right to object. If you do object, you have the right to appear personally or through an attorney at the settlement hearing to present your objection to the Court. Except with special permission of the Court, you will not be permitted to object at the hearing if your objection is not received on or before [FAIRNESS HEARING DATE]. If you object to the settlement but do not appear at the settlement hearing, nobody will be at the hearing to present your objection to the Court.

If, after the hearing, the Court rejects the settlement, the parties will continue to litigate this dispute in front of the Court. If that happens, there is no guarantee that: (1) the Court will rule in favor of the removed *Franco* Class Members; (2) a favorable Court decision, if any, would be as favorable to the removed *Franco* Class Members as this settlement; or (3) any favorable Court decision would be upheld if Defendants filed an appeal.

Finally, please note that procedures under the *Franco* Reopening Agreement are separate and apart from the regular motion to reopen procedures already available under the immigration statues and regulations. The *Franco* Reopening Agreement is not intended to limit or replace your right to seek any other form of relief available to you, including but not limited to a regular motion to reopen filed pursuant to the immigration statues and regulations, or requesting ICE to join a motion to reopen your proceedings.

***How Can I Get More Information About the Franco Reopening Agreement?***

You can read the full text of the *Franco* Reopening Agreement at the following websites: [WEBSITES].

If you have questions about the proposed settlement agreement, or would like to obtain a paper copy of it, you may contact the lawyers who represent the class, at the address below. Please note, however, that Plaintiffs' counsel in *Franco* is not able to represent you in your immigration case.

> [FRANCO CLASS COUNSEL CONTACT INFO]

Exhibit 1-C

*Please read this notice carefully.*

This notice is being given by order of the Court to individuals who: are members of a class of current and former individuals in immigration detention in Arizona, California, and Washington; who have certain serious mental disorders; and who have not had legal representation in their immigration cases. This notice is to inform you of a partial settlement of a class action lawsuit called *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG (DTBx) (C.D. Cal.). The *Franco* lawsuit alleged that individuals in immigration detention who are incompetent to represent themselves because of a serious mental disorder are entitled to legal representation in their immigration cases. The court in *Franco* has ruled that such individuals **are** entitled to legal representation in their immigration cases. The U.S. government has agreed to procedures to allow certain former *Franco* Class members to move to **reopen** their immigration cases ("*Franco* Reopening Settlement Agreement" or "Agreement"). The Court must now consider whether to approve the Agreement, and has scheduled a hearing on [DATE] at the United States District Court, [Spring Street Address], Los Angeles, California 90012. This hearing is called the "settlement hearing" or "fairness hearing."

**What is This Lawsuit About?** This lawsuit began on March 26, 2010, when Plaintiff Jose Antonio Franco-Gonzalez filed a petition in the United States District Court for the Central District of California alleging that Defendants unlawfully required him to represent himself in his immigration proceedings when he was incompetent to do so because of his mental disabilities, and that he was being unlawfully detained in immigration detention for a prolonged period of time. On November 2, 2010, Plaintiffs filed an amended class action complaint, bringing similar claims seeking legal representation and bond hearings on behalf of an entire class of individuals in immigration detention in Arizona, California, and Washington "having a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings." On November 21, 2011, the Court certified this class and appointed lawyers from the ACLU of Southern California, Sullivan & Cromwell, the ACLU Immigrants' Rights Project, Mental Health Advocacy Services, Northwest Immigrant Rights Project, and Public Counsel to serve as counsel to the *Franco* class ("Class Counsel"). On April 23, 2013, the Court granted, in part, Plaintiffs' motion for partial summary judgment, and held that, among other things, "Section 504 of the Rehabilitation Act requires Defendants to provide Qualified Representatives to represent [incompetent class members] in all aspects of their [immigration] proceedings."

**Who is a *Franco* Class Member Who May Have Their Case Reopened?** For a Class Member to reopen their case under the Agreement, the Class Member must be an individual who:

- was detained by U.S. Immigration and Customs Enforcement ("ICE") in Arizona, California, or Washington on or after November 21, 2011;
- remained detained and did not have legal representation at the time they were ordered removed by an immigration judge, *or* was released from detention following an immigration judge's determination that they were not competent to represent themselves and remained unrepresented at the time they were ordered removed by an immigration judge;
- has a "serious mental disorder," as defined below; and
- did not receive certain procedures to determine whether they were competent to represent themselves in immigration proceedings.

To reopen their case under the Agreement, the Class Member must have a "serious mental disorder," meaning that they meet the criteria in either subsection (1) or (2):

(1)   a "qualified mental health provider"[1] determines that the detainee meets one or both of the following criteria:

    a.   has a mental disorder that is causing serious limitations in communication, memory or general mental and/or intellectual functioning (e.g., communicating, reasoning, conducting activities of daily living, social skills); or a severe medical condition(s) (e.g., traumatic brain injury or dementia) that is significantly impairing mental function; **OR,**

    b.   is exhibiting one or more of the following active psychiatric symptoms and/or behavior: severe disorganization, active hallucinations or delusions, mania, catatonia, severe depressive symptoms, suicidal ideation and/or behavior, marked anxiety or impulsivity.

(2)   a "qualified mental health provider," as defined in footnote 1, otherwise diagnoses the detainee as demonstrating significant symptoms of one of the following:

    a.   Psychosis or Psychotic Disorder;

    b.   Bipolar Disorder;

    c.   Schizophrenia or Schizoaffective Disorder;

    d.   Major Depressive Disorder with Psychotic Features;

    e.   Dementia and/or a Neurocognitive Disorder; or

    f.   Intellectual Development Disorder (moderate, severe or profound).

**What Are the Terms of the *Franco* Reopening Settlement Agreement?** Individuals who meet the criteria described above will have the opportunity to request reopening of their cases under the Agreement. If you are a *Franco* Class Member who has been ordered removed and your case is reopened, you may have the chance for an immigration judge to determine whether you are competent to represent yourself in your immigration case. If you were physically removed from the United States, you may also have a chance to return to the United States if your case is reopened. The procedures for reopening cases differ depending on the date that the Class Member was ordered removed. You can read the full text of the Agreement and instructions on how to move to reopen your immigration case (if you qualify for this benefit) at the following websites: [***********************************************************PLACEHOLDER FOR WEBSITES*******************************************************].[2] If you have questions about the proposed settlement, or would like to obtain a paper copy of the Agreement or instructions on how to move to reopen your immigration case, you may request a copy from Class Counsel at the following address: [FRANCO CLASS COUNSEL CONTACT INFO]

**How Will the Lawyers for the *Franco* Class Be Paid?** Since March 2010, Plaintiffs' Counsel has been working on this lawsuit without compensation. You will not be charged any money for the lawyers' fees. Plaintiffs' Counsel will ask the Court to award them attorneys' fees and costs from the Defendants of up to a total amount of $15 MILLION, and the Court will decide how much to award. Defendants may appeal that decision, but whatever the outcome of any appeal, Defendants will pay the award and you will be charged nothing. The Court will evaluate the partial settlement independently of whether or not and how much to award fees and costs. If you wish, you will have an opportunity to support or oppose the fees and costs requested by Plaintiffs' Counsel at the settlement hearing.

**What Will Happen to the Case?** Because Plaintiffs believe that the District Court has granted all of the relief requested by the Plaintiff Class, Plaintiffs' Counsel and Defendants' Counsel will jointly ask the Court to dismiss the remaining claims and the case. Plaintiffs' voluntary dismissal of the remaining claims is not dependent on any agreement between Plaintiffs and Defendants. If you wish, you will also have an opportunity to object to the voluntary dismissal of the remaining claims in this case at the settlement hearing.

**What Are My Rights as a Class Member?** If you are satisfied with the proposed Agreement, you do not have to do anything. But if you are interested in reopening your immigration case, and you think you may qualify for the reopening remedy, you should review the instructions and follow them. If you are not satisfied with the proposed Agreement, you may object to the settlement, Plaintiffs' Counsel's request for fees, or Plaintiffs' voluntary dismissal of the remaining claims by submitting your objection to the Court in writing, via regular or electronic mail. If you choose to object to the settlement, you must direct your objection to: [COURT CONTACT INFO]

Your objection must be received no later than [OBJECTION DEADLINE]. If you do not make your objection by that date, you will lose the right to object. If you do object, you have the right to appear personally or through an attorney at the settlement hearing to present your objection to the Court. Except with special permission of the Court, you will not be permitted to object at the hearing if your objection is not received on or before [FAIRNESS HEARING DATE]. If you object to the settlement but do not appear at the settlement hearing, nobody will be at the hearing to present your objection to the Court.[3]

---

[1] A "qualified mental health provider" is defined as a currently and appropriately licensed psychiatrists, physicians, physician assistants, psychologists, clinical social workers, licensed nurse practitioners, and registered nurses with appropriate training in mental health assessments.

[2] Please note that procedures under the Agreement are separate and apart from the regular motion to reopen procedures already available under the immigration statues and regulations. The Agreement is not intended to limit or replace your right to seek any other form of relief available to you.

[3] If, after the hearing, the Court rejects the settlement, the parties will continue to litigate this dispute in front of the Court. If that happens, there is no guarantee that: (1) the Court will rule in favor of the removed *Franco* Class Members; (2) a favorable Court decision, if any, would be as favorable to the removed *Franco* Class Members as this Agreement; or (3) any favorable Court decision would be upheld if Defendants filed an appeal.

DRAFT DOCUMENT - CONFIDENTIAL - ATTORNEY-CLIENT PRIVILEGED COMMUNICATION

000050

Exhibit 1-D

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

## INSTRUCTIONS TO CERTAIN *FRANCO-GONZALEZ v. HOLDER* CLASS MEMBERS:
## HOW TO SEEK JOINT REOPENING OF YOUR IMMIGRATION CASE

Here are instructions on how to reopen your case under the *Franco* Reopening Agreement. You are receiving this set of instructions because Immigration and Customs Enforcement ("ICE") has determined that you may be eligible to request a joint motion to reopen under the *Franco* Reopening Agreement. If you are interested in reopening your case, please follow the instructions below.

### *How Can I Reopen My Immigration Case Under the* **Franco** *Reopening Agreement?*

**STEP ONE: Fill out the attached letter/motion**. Included with this notice is a letter/motion to ICE, asking ICE to join a request to reopen your immigration proceedings. Please use this letter/motion to make your request. You should fill in **all** of the blank spaces including:

- the date,
- your name,
- your A# (the number used to identify you during your immigration cases),
- your address, and
- your phone number (if you have one).

**STEP TWO: Mail the attached letter/motion to ICE by [DATE]**. Once you have filled out the letter, please mail it to ICE at the appropriate Office of the Chief Counsel address. A list of addresses is attached to this notice for you to find the appropriate address, depending on the location of the immigration court where you were ordered deported.

The request to ICE must be sent by [DATE]. ICE may not accept your request letter/motion if you send it after that date.

**STEP THREE: Wait for a response from ICE**. Within thirty (30) days of receiving your letter, ICE will confirm whether or not you qualify for a joint motion as a *Franco* Class Member. If ICE agrees that you qualify, ICE will then file the request to reopen your proceedings (unless ICE determines that your case presents national security or foreign policy concerns). The immigration courts will then decide whether or not your case should be reopened.

If ICE decides not to join in your motion to reopen because your case presents certain national security or foreign policy-related issues, or because it determines that you do not qualify for the reopening remedy, then ICE must notify you that it has declined to file a joint motion to reopen within thirty (30) days of receiving your request. This notification will explain why ICE has declined your request for a joint motion to reopen. Even where ICE declines to file a joint motion, you can still file a motion to reopen in such cases, using the procedures described in the separate notice attached to these instructions labeled "Notice of Proposed Partial Class Action Settlement For Individuals Who Have Serious Mental Disorders and Have Been Ordered Removed From the United States."

### *What Will Happen if My Immigration Case is Reopened?*

If the immigration court decides to reopen your immigration case, you will receive a notice that your case is reopened. If you are outside of the United States, you can return for the hearing. In order to return to the United States after your case is reopened, you should contact a division of ICE called ERO Custody Programs, which can be reached via phone at 1-888-351-4024 or via email at ERO.Info@ice.dhs.gov.

ICE will review and process any paperwork necessary for your return, working with the U.S. Embassy or Consulate to obtain a transportation/boarding letter on your behalf, and working with U.S. Customs and Border Protection to help you reenter once you arrive back to the United States.

If you live more than 100 miles away from a port of entry in the United States, ICE will pay reasonable travel expenses for your return. Upon your return to the United States, ICE may detain you while your immigration case proceeds. You may be entitled to request a bond hearing if you are detained upon your return to the United States.

Even after your case is reopened, ICE may seek to deport you again in your immigration case. During the reopened case, the immigration judge will determine whether you are competent to represent yourself. If you are deemed not competent, you may be provided legal representation by the government in your immigration case. You may be asked to testify at a hearing, or present evidence related to whether you are competent to represent yourself. If a legal representative is appointed to represent you in your immigration case, they will advise you regarding what will happen next in your case.

### *What Should I Do If I Have Questions About How to Reopen My Case?*

Although Plaintiffs' counsel in *Franco* may be unable to represent you in your immigration case, you may wish to contact them so they can monitor your case and provide you with additional information. Their contact information is included below.

[FRANCO CLASS COUNSEL CONTACT INFORMATION]

Exhibit 1-E

*CONFIDENTIAL SETTLEMENT COMMUNICATION*
## INSTRUCTIONS ON HOW TO FILE A MOTION TO REOPEN YOUR IMMIGRATION CASE UNDER THE *FRANCO* REOPENING AGREEMENT

Here are instructions on how to reopen your case under the *Franco* Reopening Agreement. You are receiving this set of instructions because U.S. Immigration and Customs Enforcement ("ICE") has determined that you may be eligible to move to reopen your case under the *Franco* Reopening Agreement. If you are interested in reopening your case, please follow the instructions below.

*How Can I Reopen My Immigration Case Under the* **Franco** *Reopening Agreement?*

**STEP ONE: Figure out if you qualify to have your case reopened under the *Franco* Reopening Agreement**. Only certain individuals qualify to have their cases reopened under the *Franco* Reopening Agreement. Please review the criteria below to determine whether you qualify. You must be an individual who:

- was detained by ICE in Arizona, California, or Washington after November 21, 2011;
- remained detained and did not have legal representation at the time you were ordered removed by an immigration judge;
- has a "serious mental disorder" (defined in the notice that came with these instructions); and
- did not receive certain procedures to determine whether you were competent to represent yourself in your immigration proceedings.

**STEP TWO: If you qualify, prepare a motion to reopen with the immigration court that completed your case**. If you think you qualify to have your case reopened, then you should prepare a motion to reopen with the Immigration Judge or, if you appealed your case, the Board of Immigration Appeals ("BIA").

The motion **must** include the following information. **First**, the motion must demonstrate that you meet the criteria described above, including that you have a "serious mental disorder." For example, to show that you have a "serious mental disorder," you should include a letter or other documents from a "qualified mental health provider" (a psychiatrist, physician, physician assistant, psychologist, clinical social worker, licensed nurse practitioner, or registered nurse). Also, if any other court found you incompetent because of a serious mental disorder at any time in the three years before you were ordered deported from the United States, please submit any information or documents you have from that court case. This information may be helpful to show that your case should be reopened. If you can show that you were found incompetent by a court in the United States within three years of your being ordered deported, then ICE may join a request to reopen your case pursuant to the procedures described in the notice attached to these instructions.

**Second**, the motion must show that you would have a defense to removal **or** plausible grounds for relief if your case were reopened. To do this, you must show that you would have a defense to removal or could apply for relief from removal, such as asylum, withholding, adjustment of status, or cancellation of removal. You should try to submit as much information as possible to show this.

**STEP THREE: File your motion before [DATE], along with the cover letter attached to these instructions**. After preparing your motion, you should send the motion to the last tribunal that issued a decision in your case, either the Immigration Judge or, if appealed, the BIA, along with the cover letter that is attached to these instructions. You must also send a copy to the ICE Office of the Chief Counsel where proceedings were completed.

You must file your motion before [DATE], otherwise it may not be considered. As long as you file your motion before [DATE], your motion does not have to meet the timing requirements for regular motions to reopen. You can file this motion even if you previously filed one or more motions to reopen your case. There is no filing fee required for persons filing a motion to reopen under the *Franco* Reopening Agreement.

Attached to these instructions is a list of the addresses for (1) the Board of Immigration Appeals ("BIA"), (2) each of the Immigration Courts in California, Arizona, and Washington, and (3) each of the ICE Office of the Chief Counsel offices in California, Arizona, and Washington. You should use this list to find the appropriate place to mail your motion to reopen.

**STEP FOUR: Wait for a response from the immigration courts**. After the immigration courts receive your motion, they will decide whether or not to grant it. This may take some time, so please be patient. You should know that ICE has the right to oppose your motion.

If you have filed a motion under this agreement and are still in the United States, you can request that ICE stay your removal. Requests must be filed with ICE Enforcement and Removal Operations on a Form I-246. An electronic Form I-246 is available at: http://www.ice.gov/doclib/news/library/forms/pdf/i246.pdf

If the immigration courts or the BIA do decide to grant your motion, and you were deported from the United States, you may have the right to return to the United States for your reopened case. For more information on that, please go to the next section of these instructions.

If the immigration courts or the BIA decide to deny your motion, you have the right to appeal this decision to either the BIA (if you filed your motion to reopen before the Immigration Court) and/or the Court of Appeals (once the BIA has ruled on your motion to reopen and/or appeal from an Immigration Court regarding your motion to reopen).

1

*CONFIDENTIAL SETTLEMENT COMMUNICATION*

**What Will Happen if My Immigration Case is Reopened?**

If the immigration court or the BIA decides to reopen your immigration case, you will receive a notice that your case is reopened. If you are outside of the United States, you can return for the hearing. In order to return to the United States after your case is reopened, you should contact a division of ICE called ERO Custody Programs, which can be reached via phone at 1-888-351-4024 or via email at ERO.Info@ice.dhs.gov.

ICE will review and process any paperwork necessary for your return, working with the U.S. Embassy or Consulate to obtain a transportation/boarding letter on your behalf, and working with U.S. Customs and Border Protection to help you reenter once you arrive back to the United States.

If you live more than 100 miles away from a port of entry in the United States, ICE may also pay reasonable travel expenses for your return. Upon your return to the United States, ICE may detain you while your immigration case proceeds. You may be entitled to request a bond hearing if you are detained upon your return to the United States.

Even after your case is reopened, ICE may seek to deport you again in your immigration case. During the reopened case, the immigration judge will determine whether you are competent to represent yourself. You may be asked to testify at a hearing or present evidence related to whether you are competent to represent yourself. If you are deemed not competent, you may be provided legal representation by the government in your immigration case. If a legal representative is appointed to represent you in your immigration case, they will advise you regarding what will happen next in your case.

**What Should I Do If I Have Questions About How to Reopen My Case?**

Although Plaintiffs' counsel in *Franco* is not able to represent you in your immigration case, you may wish to contact them so they can monitor your case and provide you with additional information. Their contact information is included below.

[FRANCO CLASS COUNSEL CONTACT INFORMATION]

000053

Exhibit 1-F

Exhibit 1-F Filed Under Seal

Exhibit 1-G

## **REQUEST FOR JOINT MOTION TO REOPEN PURSUANT TO THE PARTIAL CLASS ACTION SETTLEMENT IN *FRANCO-GONZALEZ V. HOLDER***

Date: _____

Address:
ICE Office of the Chief Counsel

_____

_____

_____

        **Re:**    **Request for Joint Motion to Reopen Pursuant to the Partial Class Action Settlement in *Franco-Gonzalez v. Holder* (*Franco* Reopening Agreement)**

        **Name:** _____

        **Alien No.:** _____

To Whom It May Concern:

My name is _____, and my A# is _____. I received a letter from ICE stating that I may be entitled to reopen my immigration case pursuant to the *Franco* Reopening Agreement because I was identified as having a serious mental disorder while I was in immigration detention in Arizona, California, or Washington, and because I may not have received certain procedures to determine whether I was competent to represent myself in my immigration case.

Pursuant to the *Franco* Reopening Agreement, I respectfully request that ICE favorably exercise discretion in my case by joining my request to reopen proceedings and filing a joint Motion to Reopen. I am attaching whatever information I have, if any, relevant to my case.

If you choose not to submit a joint motion to reopen, please notify me within thirty (30) days of receiving this letter, as the *Franco* Reopening Agreement requires.

Thank you for your time and consideration. If you have any questions, please contact me. My address is: _____

_____

_____

My phone number is: _____

Respectfully,

_____
Name and Signature

000055

Exhibit 1-H

## <u>COVER LETTER FOR UNILATERAL MOTION TO REOPEN PURSUANT TO THE PARTIAL CLASS ACTION SETTLEMENT IN *FRANCO-GONZALEZ V. HOLDER*</u>

Date: _____

Address:
Board of Immigration Appeals and/or Immigration Court

_____

_____

_____

      **Re:**   **Motion to Reopen Pursuant to the Partial Class Action Settlement in *Franco-Gonzalez v. Holder* (*Franco* Reopening Agreement)**

           **Name:** _____

           **Alien No.:** _____

To Whom It May Concern:

My name is _____, and my A# is _____. I am filing a unilateral motion to reopen my immigration proceedings pursuant to the *Franco* Reopening Agreement, *Franco-Gonzalez v. Holder*, No. CV 10-02211 DMG (C.D. Cal.). This motion should be governed by the terms of the *Franco* Reopening Agreement, as executed between the U.S. government and the Plaintiffs in *Franco*.

Attached is my motion to reopen, along with any supporting information. I hereby certify that I am sending a copy of this motion to the ICE Office of the Chief Counsel. The address of the ICE Office of the Chief Counsel is: _____

_____.

Thank you for your time and consideration. If you have any questions, please contact me. My address is: _____

_____.

My phone number is: _____.

Respectfully,


_____

Name and Signature