# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO GONZALEZ, et al., <br><br> *Plaintiffs & Petitioners,* <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, et al., <br><br> *Defendants & Respondents.* | Case No. 10-CV-02211 DMG (DTBx) <br><br> **ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT** |

This matter came before the Court pursuant to Plaintiffs' Unopposed Motion for Final Approval of the Parties' Partial Settlement Agreement Regarding Procedures for Notifying and Reopening Cases of Removal Order Class Members ("Reopening Settlement Agreement").  The beneficiaries of the Reopening Settlement Agreement who have received final orders of removal are referred to herein as the "Removal Order Class Members."

On March 30, 2015, this Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of the Reopening Settlement Agreement ("Preliminary Approval Order") [Doc. # 818].  Thereafter, the Parties disseminated notice to the Class by July 27, 2015 in substantial compliance with the Notice Program set forth in the Reopening Settlement Agreement, except that Defendants failed to provide timely notice to the applicable Legal Orientation Providers ("LOPs") as required by the Reopening Settlement Agreement and the Court's Preliminary Approval Order.  Thereafter, Defendants provided notice to the LOPs on September 11, 2015.  The Court subsequently excused Defendants' failure to provide timely notice to the LOPs, extended the time for the LOPs to object, and found that the notice provided by the Parties "satisfied the Parties' obligations pursuant to Federal Rule of Civil Procedure 23(e)(1) and due process."  [Doc. # 856.]

To date, there have been no objections to the Reopening Settlement Agreement from Class Members, Sub-Class Members, Removal Order Class Members, or LOPs and the deadline to submit objections has passed.

Having reviewed and considered Plaintiffs' Unopposed Motion for Final Approval, and the exhibits thereto, and good cause having been shown, the Court hereby orders as follows:

## I.    FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

1. The Court GRANTS Plaintiffs' motion for final approval of the terms of the Reopening Settlement Agreement.  The Reopening Settlement Agreement is in all respects fair, reasonable, and adequate, and in the best interest of the

Removal Order Class Members. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the strength of Plaintiffs' case, the risk, expense, complexity, and likely duration of further litigation in the absence of settlement, the benefit offered to the Removal Order Class Members immediately as opposed to the risk and uncertainty of litigation, the extent of discovery completed, the stage of the proceedings, the experience and views of counsel, and the fact that there are no objections to the Reopening Settlement Agreement.

2. The Reopening Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length, non-collusive negotiations, including obtaining the views of the Special Master through his Report and Recommendation.

## II. NOTICE

3. The Court hereby finds that the Parties complied with the Notice Program as described in the Reopening Settlement Agreement in all material respects, and fully complied with this Court's subsequent order requiring Plaintiffs' counsel to notify LOPs of the extension of time to object.

4. The Court hereby confirms its prior order [Doc. # 856] finding that the Parties satisfied their obligations to provide notice of the Reopening Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1) and due process: (a) class notice was reasonably calculated, under the circumstances, to apprise the Class, Sub-Classes, and Removal Order Class Members of their right to object to the proposed Reopening Settlement Agreement; and (b) class notice was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.

## III. DISMISSAL OF REMAINING CAUSES OF ACTION

5. The Court previously stayed its order dismissing Causes of Action One, Two, Three, Five, Nine, Ten and Eleven of Plaintiffs' Third Amended

Complaint [Doc. # 849]. The stay is now lifted. Causes of Action One, Two, Three, Five, Nine, Ten and Eleven of Plaintiffs' Third Amended Complaint are hereby dismissed without prejudice.

## IV.   IMPLEMENTATION; CONTINUING JURISDICTION

6. The Court hereby orders the Parties to proceed with implementation of the Reopening Settlement Agreement.

7. The Court retains jurisdiction for the purpose of supervising the implementation of the Reopening Settlement Agreement and determining the pending motion for attorneys' fees.[1]

**IT IS SO ORDERED.**

DATED:  September 25, 2015

                                      DOLLY M. GEE
                                 UNITED STATES DISTRICT JUDGE

---

[1] The Court previously retained jurisdiction, and continues to retain jurisdiction, over the Permanent Injunction [Doc. # 593], Implementation Plan Order [Doc. # 786], and Monitoring Order [Doc. # 810].