**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, et al.,<br><br>*Plaintiffs-Petitioners,*<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General, et al.,<br><br>*Defendants-Respondents.* | Case No.: CV 10-2211 DMG (DTBx)<br><br>**ORDER APPROVING PARTIES' SETTLEMENT AGREEMENT RESOLVING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS [827, 864]** |

WHEREAS, the Parties provided proper notice to the Class [Doc. # 860];

WHEREAS, the Court has already approved the notice provided to the Class as satisfying the requirements of Federal Rule of Civil Procedure 23(e)(1) and due process [Doc. ## 856, 860];

WHEREAS, the notice provided to the Class stated that Plaintiffs would seek attorneys' fees and costs up to $15,000,000, and no Class Member has objected;

WHEREAS, Plaintiffs did not seek the full $15,000,000 in fees and costs of which they gave notice to the Class, and instead filed a Motion for Attorneys' Fees and Costs ("Fee Motion") seeking $11,632,425.73 in attorneys' fees and $81,701.73 in costs (as corrected) [Doc. ## 827, 843];

WHEREAS, Defendants were granted, by order of this Court, over two months to analyze and respond to Plaintiffs' Fee Motion and indicated that they would engage an expert to assist them in analyzing and responding to Plaintiffs' Fee Motion [Doc. ## 822 at 14-16, 825];

WHEREAS, the Parties engaged in non-collusive, arms'-length negotiations to resolve Plaintiffs' Fee Motion, and have now reached a settlement ("Fee Settlement Agreement");

WHEREAS, the Fee Settlement Agreement, attached hereto as Exhibit A, is the entire agreement between the Government and Plaintiffs regarding attorneys' fees and costs;

WHEREAS, the Fee Settlement Agreement requires Defendants to pay Plaintiffs $9,500,000.00 in full satisfaction of all attorneys' fees and costs that Plaintiffs have sought or could seek in this matter as of September 29, 2015;

WHEREAS, Plaintiffs' Fee Motion provides ample support for an award of at least $9,500,000;

WHEREAS, there is no evidence of collusion between the Parties regarding fees, or of Plaintiffs putting their interests in obtaining fees ahead of the interests of

1  the Class [Doc. # 854 at 15-16];

2      The Court hereby awards Plaintiffs $9,500,000 in attorneys' fees and costs,
3  subject to the terms set forth in the Fee Settlement Agreement.  The Fee Settlement
4  Agreement is a compromise reached by the Parties as a result of arms'-length
5  negotiations, including negotiations after Defendants had the opportunity to review
6  Plaintiffs' entire Fee Motion, which contained voluminous time records and
7  supporting materials.  The Fee Settlement Agreement does not prejudice the Class
8  and was not the result of collusion between the Parties.  The Class has received
9  notice of Plaintiffs' Fee Motion that complied with the requirements of Federal
10 Rule of Civil Procedure 23(e)(1), and no Class Member has objected to the Fee
11 Motion.  The Court therefore finds the award to be fair, adequate, and reasonable.

12     The Parties are hereby ordered to implement the terms of the Fee Settlement
13 Agreement.  The Court retains jurisdiction for the purpose of enforcing compliance
14 with the terms of the Fee Settlement Agreement.

15     IT IS SO ORDERED.

17 DATED:  October 8, 2015          _____
                                      DOLLY M. GEE
                                      UNITED STATES DISTRICT JUDGE

Exhibit A

## SETTLEMENT AGREEMENT

*Franco-Gonzalez, et al. v. Lynch, et.al.*

Case No. CV 10-2211-DMG (DTBx)

This Settlement Agreement is entered into by all Plaintiffs and all Defendants in this class action lawsuit (collectively, "the Parties"). Plaintiffs are individuals who are, or were during the relevant period, in the custody of U.S. Immigration and Customs Enforcement ("ICE") in Arizona, California, or Washington, who have serious mental disorders, and who lack or lacked counsel in their immigration proceedings. Defendants are Loretta Lynch, United States Attorney General, Juan Osuna, Director of the Executive Office for Immigration Review ("EOIR"), Jeh Johnson, Secretary of Homeland Security, Sarah Saldaña, Director of U.S. Immigration and Customs Enforcement ("ICE"), and David Jennings, Field Office Director for the Los Angeles District of ICE.

### RECITALS

Intention of the Parties. The Parties desire to settle and resolve 1) Plaintiffs' claim for $81,701.73 in costs; 2) Plaintiffs' claim for $11,632,425.73 in attorneys' fees, *see* Dkt. 843-2; 843-4; and 3) any attorneys' fees accrued between July 1, 2015 and September 29, 2015. Plaintiffs' claims for costs and fees accrued prior to July 1, 2015 are contained in Plaintiffs' Motion for Attorneys' Fees and Costs, Dkt. 827, as corrected in Dkt. 843. Plaintiffs have not yet sought fees for work done between July 1, 2015 and September 29, 2015, but they would do so but for this Agreement. The parties enter into this Settlement Agreement to avoid the time and expense of further litigation as to costs and fees. The Parties acknowledge that this Settlement Agreement (1) disposes of all claims and issues regarding the claims for costs and Fees that the Plaintiffs raise or could raise against Defendants in Plaintiffs' Motion for Attorneys' Fees and Costs as of September 29, 2015, and

(ii) fully binds the Parties and their successors.

No Admission of Wrongdoing. By executing this Settlement Agreement, Defendants do not admit that Plaintiffs' claim for fees was meritorious, nor do Defendants admit that Defendants were not substantially justified, in law or fact, in the litigation position advanced in the Action.

Complete Agreement. The Parties agree that this document constitutes the complete integration of the Settlement Agreement between the Parties regarding Plaintiffs' claim for costs and fees for work done prior to September 29, 2015, and supersedes any and all prior oral or written representations, understandings, or agreements by or between the Parties regarding Plaintiffs' claim for that work. The Parties further agree that this Settlement Agreement may not be altered, amended, changed, modified, or revised except by a writing duly executed by or on behalf of Plaintiffs and Defendants.

Agreement Does Not Affect Tax Treatment of Payments. This Settlement Agreement is in no way related to income or other taxes for which Plaintiffs or their attorneys are now liable or may become liable in the future as a result of the execution of this Settlement Agreement.

Award Subject to Court Approval Pursuant to Rule 23(e). The Parties agree that this fee award is subject to Court Approval pursuant to Federal Rule of Civil Procedure 23(e). The Parties agree that no further notice is required to the class, given that the fee settlement is substantially less than the fee award noticed by the parties.

## TERMS AND CONDITIONS OF AGREEMENT

1. Defendants agree to remit payment of $9,500,000.00 for attorneys' fees and costs in full settlement of Plaintiffs' claim for costs and fees incurred up to and including September 29, 2015. Payment will be remitted within sixty days

after the Effective Date of this Settlement Agreement. The Effective Date is the date the Settlement Agreement is approved by the Court pursuant to Federal Rule of Civil Procedure 23(e). In the event payment is not made by Defendants within sixty days after the Effective Date, Defendants agree that Plaintiffs may seek enforcement by the Court and agree to bear any fees and costs incurred by Plaintiffs in enforcing the Settlement Agreement.

    2.    Plaintiffs and Defendants further agree to move to dismiss with prejudice Plaintiffs' Motion for Attorneys' Fees and Costs, Dkt. 827, upon approval by the Court of the fee award set forth in this Agreement.

    3.    Plaintiffs agree not to seek further fees or costs arising from the routine monitoring of Defendants' compliance with the Court's Permanent Injunction or Implementation Plan Order; however, Plaintiffs may seek further fees and costs regarding future litigation by Plaintiffs to enforce compliance with the Court's Permanent Injunction, Implementation Plan Order; Monitoring Order, and Settlement Agreement regarding procedures for Removal Order Class Members.

    4.    Plaintiffs agree to file a Notice with the Court acknowledging payment within five calendar days of Plaintiffs' receipt of full payment pursuant to this Settlement Agreement.

    5.    The Parties agree that no later than five calendar days after the Effective Date of this Agreement, Plaintiffs will provide counsel for Defendants with accurate bank account and transfer information to allow Defendants to make payment to Plaintiffs. The Parties further agree that payment shall be transmitted by electronic monetary transfer. The American Civil Liberties Union of Southern California warrants on behalf of Plaintiffs that it is authorized to accept payment for or on behalf of Plaintiffs and will distribute fees among Plaintiffs to the extent agreed by and between them.

6. Defendants acknowledge that Plaintiffs are receiving partial payment of the amount described herein in order to facilitate the orderly execution of this agreement. In the event that any advance payment by Defendants to Plaintiffs exceeds the amount of fees ordered by the Court, Plaintiffs agree to remit the difference in amount back to Defendants.

7. Plaintiffs represent and warrant that, to the best of their knowledge, the named Plaintiffs do not have any outstanding debts, whether tax debts or otherwise, with the United States of America.

Dated: September 30, 2015

By: MICHAEL H. STEINBERG
steinbergm@sullcrom.com
Counsel for Plaintiffs

Dated: September 30, 2015

By: LEON FRESCO
Leon.fresco@usdoj.gov
Counsel for Defendants