CHAD A. READLER
Acting Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Assistant Director
450 5th Street, N.W., Rm 6423
Washington, D.C. 20530
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
Attorneys for Defendants-Respondents

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, *et al.*, <br><br> *Plaintiffs-Petitioners*, <br><br> v. <br><br> KIRSTJEN NIELSEN, Secretary, Department of Homeland Security, *et al.*, <br><br> *Defendants- Respondents,* | Case No. 10-CV-02211 DMG (DTBx) <br><br> **DEFENDANTS' FINAL STATUS REPORT** <br><br> DATE: April 16, 2018 <br> TIME: 10:00am <br> CTM: 8C <br> Hon. Dolly M. Gee |

# INTRODUCTION

On December 15, 2017, in its Amended Order re Monitor's Report on Status of Primary Goals During Extension of Monitoring Term, the Court required that "[b]y March 16, 2018, Defendants shall file a final status report . . . addressing the implementation of the primary goals identified in the Court's June 16, 2017 order [Doc. #951], including the progress of implementation of new screening tools at non-IHSC Covered Facilities . . . [and certifying] that all IHSC personnel involved in the screening process at IHSC facilities have been trained in the use of the new material." Dkt. 973 at 4.

Although Defendants maintain that no extension of the monitoring term was necessary based on Defendants' substantial compliance with the Implementation Documents during the initial term, Defendants have diligently worked to address the goals of the order extending the monitoring term and the additional recommendations adopted by the Court throughout the course of the extended monitoring term.

## I.   Immigration and Customs Enforcement ("ICE")

ICE's primary goals of the extended monitoring term include: (1) the establishment of the Implementation Plan requirements at the Cowlitz Juvenile Detention Facility, and (2) the implementation of the Monitoring Team's recommendations regarding the facility screening process. Dkt. No. 951 at 5. As noted in Defendants' objections to the Monitor's Extension Status Report, Defendants submitted written certifications to the Monitor on August 30, 2017, certifying that the Implementation Plan requirements were established at the Cowlitz Juvenile Detention Facility. *See* Dkt. No. 965 at 3.

Moreover, ICE has complied with the Court's Monitoring Extension Order regarding the modification of screening materials by: 1) modifying existing content to eliminate many previously compound questions; 2) adding content to augment existing screening questions related to psychosis, bipolar symptoms,

schizophrenia/schizoaffective disorder, depression, anxiety, impulsivity, orientation, behavioral abnormalities, suicidality, cognitive deficit, communication barriers, intellectual disability, hallucinations, delusions, paranoia, past mental health treatment, and social history; and 3) incorporating "trigger" questions for mental health assessment ("MHA") referral and inclusion in the Implementation Plan's definition of serious mental disorder or condition. *See* Dkt. 974 at 3. The screening materials were initially finalized in October subject to the Court's order on the Monitor's Extension Status Report. *Id*.

Pursuant to the Court's December 14, 2017, Order re Monitor's Report on Status of Primary Goals During Extension of Monitoring Term, ICE made further modifications to the screening tools consistent with the Court's order and sent the finalized tools to Dr. Piasecki on January 16, 2018. The Court's December 14, 2017, Order also required ICE to develop training and guidance materials to accompany the screening tools and certify the implementation of the new screening materials at IHSC-staffed facilities. ICE developed training and guidance materials consistent with Dr. Piasecki's recommendations and samples and sent the finalized materials to Dr. Piasecki on February 16, 2018. On March 1, 2018, Defendants provided notice to the Court that the new screening tools were implemented at the IHSC-staffed facilities on March 2, 2018. *See* Dkt. No. 973. Per the attached declaration of Luzviminda Peredo-Berger, all IHSC staff at the IHSC facilities has been trained in the use of the screening materials. *See* Exhibit 1, Declaration of Luzviminda Peredo-Berger at ¶ 6.

Finally, ICE has taken steps to implement the new screening tools at non-IHSC Covered Facilities. Per the attached declaration of Tae Johnson, by entering into a contract with DHS, detention facilities are expected to meet DHS ICE detention standards. *See* Exhibit 2, Declaration of Tae Johnson at ¶ 3. While ICE detention standards do not mandate the use of specific forms or specific intake and assessment questions, sample IHSC forms are provided to guide the facilities. *Id.*

As of March 16, 2018, ICE notified all non-IHSC facilities within the states of California, Arizona, and Washington of the recent updates to IHSC's screening materials and encouraged the facilities to either adopt the updated materials or make revisions to their existing materials to incorporate the changes. *Id.* at ¶ 4. ICE expects to receive notification from the non-IHSC Covered Facilities by April 1, 2018. *Id.*

## II. Executive Office for Immigration Review ("EOIR")

EOIR's primary goals of the extended monitoring term relate to certain additional suggested updates to the multi-hour Franco IJ training program. *See* Dkt. No. 951 at 3, 5. EOIR agreed to incorporate a Forensic Competence Evaluation ("FCE") report into its training materials as suggested by the Monitor. *See* Dkt. 961 at 10, 13. As Defendants have already reported, since that time, EOIR has selected an FCE report and has utilized it as a training material in a recent, multi-hour Franco IJ training. *See* Dkt No. 974 at 2. This FCE report will now be a part of the regularly utilized training materials for the multi-hour Franco IJ training, and was provided to Dr. Piasecki for her review. *Id.*

The remaining suggestions that the Monitor provided in the Extension Status Report are that EOIR: (1) incorporate increased instruction on neurocognitive limitations included in Part (1) of the Class definition throughout the training, (2) provide additional specialized training materials to more specifically address this Court's Orders, and (3) facilitate a further observation by the Monitor and her expert Dr. Piasecki of EOIR's Immigration Judge ("IJ") training. *See* Dkt. No. 951 at 3, citing Dkt. No. 940-5.

On October 13, 2017, after observing EOIR's revised IJ training, the Monitor filed her final Status Report on Primary Goals During Extension of Monitoring Term. *See* Dkt. No. 961. In this report, the Monitor commended EOIR for the enhancements it made to its IJ training program in compliance with the Court's June 16, 2017, Order, and had a few additional recommendations for

further enhancing the IJ training program and materials. *Id.* at 20. In her report, the Monitor indicated that her expert Dr. Piasecki was willing to work with EOIR to adapt or develop the recommended training materials if desired.[1]

On December 15, 2017, the Court issued an Amended Order re Monitor's Report on Status of Preliminary Goals During Extension of Monitoring Term [961], directing EOIR to "refine its new training materials to more accurately encompass and target Franco Class criteria consistent with the Monitor's recommendations found in Part II.B.2 of the Fifth Monitoring Report and, by February 16, 2018, provide them to Dr. Piasecki for her review and comment." Dkt. No. 973 at 2-3. EOIR has since been working directly with Dr. Piasecki to refine its new training materials. EOIR has provided its final edits to those documents for Dr. Piasecki's consideration, and are in the process of finalizing the refined training materials with her. These materials, along with the addition of a sample Forensic Competency Evaluation involving a neurocognitive limitation for discussion during the IJ training program, are also intended to address the Court's Order that "EOIR shall increase instruction, throughout IJ training, on neurocognitive limitations included in Part (1) of the Class definition." Dkt. No. 973 at 3. Therefore, EOIR has complied with all of its respective requirements in the Court's December 15, 2017 Order.

---

[1] The Monitor also recommended that all IJs receive the full Franco training during their onboarding training, despite the multi-hour training provided to all IJs to make class member identification. *See* Dkt. No. 961 at 20. Defendant's objected to these additional requirements, and on December 15, 2017, the Court issued an Amended Order re Monitor's Report on Status of Preliminary Goals During Extension of Monitoring Term [961] clarifying Defendants need only provide new IJs with on-board training regarding Franco, and to refer those cases for a competency determination to other IJs who have received the full multi-hour Franco training.

On January 12, 2018, Plaintiffs moved to reconsider the Court's December 15, 2018, and asked to the Court to reconsider its rejection of the Monitor's recommendation that a reference to *Franco* be added to the Immigration Judge Benchbook. *See* Dkt. No. 973. On January 19, 2018, the parties stipulated to hold Plaintiff's motion for reconsideration in abeyance pending confirmation of the terms of the joint stipulation. *See* Dkt. No. 976. Defendants expect to have a further update regarding the status of the transfer of the benchbook with archival disclaimer to EOIR's FOIA reading room online on or before the April 16, 2018, status conference.

Dated: March 16, 2018                    Respectfully submitted,

                                         /s/ *Jeffrey S. Robins*
                                         JEFFREY S. ROBINS
                                         Assistant Director
                                         United States Department of Justice
                                         Office of Immigration Litigation
                                         District Court Section

                                         *Attorney for Defendants-Respondents*

5