1 | AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
2 | ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
3 | Los Angeles, California 90017
Telephone: (213) 977-5211
4 | Facsimile: (213) 417-2211

5 | MICHAEL H. STEINBERG (SBN 134179)
steinbergm@sullcrom.com
6 | SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
7 | Los Angeles, California 90067-1725
Telephone: (310) 712-6600
8 | Facsimile: (310) 712-8800
*Attorneys for Plaintiffs-Petitioners*
9 | (Additional Counsel for Plaintiffs on Following Page)

10

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO GONZALEZ, *et al.*, | Case No. 10-CV-02211 DMG (DTBx) |
| *Plaintiffs-Petitioners*, | **DECLARATION OF KELLY ENGEL WELLS IN SUPPORT OF PLAINTIFFS' MOTION TO REOPEN LIMITED DISCOVERY TO ESTABLISH NON-COMPLIANCE WITH COURT ORDERS** |
| v. | |
| WILLIAM BARR, Attorney General, *et al.*, | |
| *Defendants-Respondents*. | Honorable Dolly M. Gee |
| | DATE: December 20, 2019 |
| | TIME: 10:00am |

1   JUDY LONDON (SBN 149431)
    jlondon@publiccounsel.org
2   TALIA INLENDER (SBN 253796)
    tinlender@publiccounsel.org
3   PUBLIC COUNSEL
    610 South Ardmore Avenue
4   Los Angeles, California 90005
    Telephone:   (213) 385 2977
5   Facsimile:    (213) 385-9089

6   JUDY RABINOVITZ (*pro hac vice*)
    JRabinovitz@aclu.org
7   STEPHEN KANG (SBN 292280)
    skang@aclu.org
8   ACLU IMMIGRANTS' RIGHTS PROJECT
    125 Broad Street, 18th Floor
9   New York, New York 10004-2400
    Telephone:   (212) 549-2618
10  Facsimile:    (212) 549-2654

11  DAVID LOY (SBN 229235)
    davidloy@aclusandiego.org
12  ACLU OF SAN DIEGO & IMPERIAL COUNTIES
    P.O. Box 87131
13  San Diego, California 92138
    Telephone:   (619) 232-2121
14  Facsimile:    (619) 232-0036

15  MATT ADAMS (SBN 28287)
    matt@nwirp.org
16  NORTHWEST IMMIGRANT RIGHTS PROJECT
    615 2nd Avenue, Suite 400
17  Seattle, Washington 98104-2244
    Telephone:   (206) 957-8611
18  Facsimile:    (206) 587-4025

19  *Attorneys for Plaintiffs-Petitioners*

20

21

22

23

24

25

26

27

28

# DECLARATION OF KELLY ENGEL WELLS

I, Kelly Engel Wells, hereby declare:

I make this declaration based on my own personal knowledge. If called to testify, I could and would do so as follows:

1. I am a Deputy Public Defender with the Immigration Defense Unit of the Office of the San Francisco Public Defender. The Immigration Defense Unit represents clients in immigration court and engages in issue-specific advocacy regarding the rights of immigrants facing deportation. The Immigration Defense Unit accepts cases through several channels, but primarily through "intake rotations" in which we meet with everyone scheduled for court on a particular docket and offer to either directly represent them or, in the case of individuals who we believe may be *Franco* class members, alert the Immigration Court and DHS to the issue, assist the respondent in filing relevant records with the court, and trail the case to ensure that the individual receives due process. This serves the dual purpose of ensuring representation of these individuals (whether through appointed counsel, or, if counsel is not appointed, through our office[1]) and allowing us to informally monitor *Franco* compliance and detect issues as they arise.

2. Prior to joining the Public Defender's Office, I was an immigration attorney at Dolores Street Community Services, also focusing on representing indigent detained clients. In that capacity, I represented numerous clients with mental illnesses, including as a Qualified Representative under *Franco*. I also frequently met with unrepresented detainees and, where possible, provided limited assistance in their proceedings as a friend of the court or through referrals to other *pro bono* attorneys.

---

[1] Due to certain restrictions, our office cannot be appointed as a Qualified Representative under *Franco*.

3.  I am providing this declaration to provide the court with information about changes I have observed in the past six to twelve months in DHS's standards for identifying individuals as *Franco* Class members.

4.  In the past, I and other *pro bono* attorneys were instructed by representatives of the DHS Office of the Chief Counsel that if we became aware of a potential *Franco* class member, there were two ways we could inform the court: either by appearing as a "friend of the court" on the day of a hearing to report our concerns, or, if we were unable to do that, by emailing a DHS attorney in the Office of Chief Counsel and informing her of the issue.

5.  My practice in cases where I was unable to go to court on the day of the hearing was to submit any available medical records, or where the respondent did not have medical records, write a letter and email it to the DHS attorney and also provide the respondent with copies, so that they could provide it to the court, should DHS fail to do so. I did this in approximately 5 cases over the course of two years, from approximately November 2016 to November 2018.[2]

6.  In my experience, when I did this, DHS would inform the court that the individual was a potential *Franco* class member and would provide the court with the individual's medical records, thus triggering the scheduling of a Judicial Competency Inquiry (JCI) and other associated *Franco* injunction protections.

7.  Unfortunately, since at least September 2019, I have found that this practice is no longer in operation.

8.  Since then, our office has flagged approximately four cases of potential *Franco* class members to the DHS attorneys. Because the practice of the Public Defender is to track these cases carefully, we have attended the

---

[2] From December 2018 to July 2019, I had very limited interactions with unrepresented respondents because I was not accepting new cases at that time.

1    hearings and flagged these cases as "friend of the court" on the record, and

2    have subsequently assisted the respondents in filing documents about their

3    mental health conditions, which we have also served on DHS. However,

4    DHS has not filed a *Franco* notice for any of these individuals. Nor have

5    they timely provided the Court with the individual's medical documents.

6    They have filed medical records only *after* the scheduled JCI, if at all.

7   9.   As a result, I believe something has changed. DHS has in some way changed

8        the standard and/or practices it is using to identify individuals as *Franco*

9        Class members, and, as a result, individuals who should qualify as class

10       members are not receiving the protections to which they are entitled.

11

12   I declare under penalty of perjury that the foregoing is true and correct.

13   Executed the 11th of December, 2019, in San Francisco, California.

14

15   _____

     Kelly Engel Wells

16

17

18

19

20

21

22

23

24

25

26

27

28