JOSEPH H. HUNT
Assistant Attorney General
U.S. Department of Justice
Civil Division
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section
JEFFREY S. ROBINS
Deputy Director
450 5th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-1246
Facsimile: (202) 305-7000
Attorneys for Defendants-Respondents

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO FRANCO-GONZALEZ, *et al.*,<br><br>*Plaintiffs-Petitioners*,<br><br>v.<br><br>CHAD WOLF, Acting Secretary, Department of Homeland Security, *et al.*,<br><br>*Defendants- Respondents*, | Case No. 10-CV-02211 DMG (DTBx)<br><br>**DEFENDANTS' EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY RE: PLAINTIFFS' DISCOVERY MOTION**<br><br>Honorable Dolly M. Gee |

On November 8, 2019, Plaintiffs moved to reopen discovery to establish noncompliance with the Court's orders. ECF Dkt. No. 1050. Defendants responded in opposition on December 4, 2019, attaching over 6,000 pages of medical records, records of immigration court proceedings and transcripts from those proceedings. ECF Dkt. No. 1057. Plaintiffs replied on December 11, 2019. ECF Dkt. No. 1061. Plaintiffs' reply relies on new evidence in the form of the declaration of Kelly Wells, ECF Dkt. No. 1064, and new argument, consisting of several pages of legal argument based on the records filed along with Defendants' opposition. A hearing

on Plaintiffs' motion was noticed for December 20, 2019, but the Court took the hearing off calendar on December 18, 2019.

Defendants intended to respond to Plaintiffs' new evidence and arguments at the previously noticed hearing in this matter. Absent the hearing, to ensure that Plaintiffs' new evidence and arguments do not create confusion, Defendants hereby seek leave to file a sur-reply. This Court has discretion to permit Defendants to file a sur-reply. *See WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV16600JGBDTBX, 2018 WL 2121819, at *1 (C.D. Cal. May 7, 2018), citing *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) ("The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court."); L.R. 7–10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply.") "[T]his discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CVF05869, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005). Such new arguments should not be considered without giving the other party the opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

The Court should allow Defendants a sur-reply to respond to the new arguments raised by Plaintiffs' reply based on the records that Defendants filed with the Court. Defendants sur-reply would identify how Plaintiffs' citations to the records: (1) improperly question the decisions and diagnoses of the same qualified mental health providers that the Implementation Plan Order entrusts with class identification, (2) improperly deem as conclusive to class membership past diagnoses of mental health conditions – although no such criteria is in the Implementation Plan Order, and (3) improperly reinterprets class triggering language requiring the exhibition of active symptoms with reports of those symptoms. *Id*. Defendants request leave of Court to file a sur-reply with seven days of the Court ruling on this motion.

The Court should also allow Defendants a sur-reply because the declaration of Kelly Wells is undoubtedly new evidence. It was executed the same day that it was filed, and it does not purport to respond to Defendants' opposition to Plaintiffs' motion. *See* ECF Dkt. No. 1064. Rather, Ms. Wells states that she is "providing this declaration to provide the court with information about the changes I have observed in the past six to twelve months in DHS's standards for identifying individuals as *Franco* Class members." *Id*. ¶ 3. Notably, Ms. Well's characterizations of the requirements of the Implementation Plan Order are inaccurate, Ms. Wells does not purport to be a qualified mental health provider, and it is unfathomable how the nine cases she is familiar with over the last three years (without identifying any of them) can credibly support her conclusion that "something has changed." *Id*. at ¶ 9. Accordingly, the Court should either disregard this evidence, or give Defendants an opportunity to respond to the claims contained in Ms. Well's declaration and Plaintiffs' reliance thereon. *See WB Music Corp.*, 2018 WL 2121819, at *1.

This order is sought by means of an *ex parte* application because there is insufficient time to provide full notice for Defendants' request given the immanency of a ruling on Plaintiffs' motion.

The parties met and conferred regarding Defendants' ex parte application by email on Friday, December 20, 2019. Plaintiffs indicated that they do not intend to file an opposition to this request, but state that: "Plaintiffs oppose this request. If the Court is inclined to grant it, Plaintiffs respectfully request an opportunity to respond to the sur-reply, given that this is Plaintiffs' motion."

Dated: December 26, 2019          Respectfully submitted,

                                        */s/ Jeffrey S. Robins*
                                        JEFFREY S. ROBINS
                                        Deputy Director
                                        United States Department of Justice
                                        Office of Immigration Litigation
                                        Attorney for Defendants-Respondents

2