AHILAN T. ARULANANTHAM (SBN 237841)
aarulanantham@aclusocal.org
JESSICA KARP BANSAL (SBN 277347)
jbansal@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-5211
Facsimile: (213) 417-2211

MICHAEL H. STEINBERG (SBN 134179)
steinbergm@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
*Attorneys for Plaintiffs-Petitioners*
(Additional Counsel for Plaintiffs on Following Page)

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO GONZALEZ, *et al.*,<br><br>*Plaintiffs-Petitioners*,<br><br>v.<br><br>WILLIAM BARR, Attorney General, *et al.*,<br><br>*Defendants-Respondents*. | Case No. 10-CV-02211 DMG (DTBx)<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF MOTION TO REOPEN LIMITED DISCOVERY TO ESTABLISH NON-COMPLIANCE WITH COURT ORDERS**<br><br>Honorable Dolly M. Gee |

JUDY LONDON (SBN 149431)
jlondon@publiccounsel.org
TALIA INLENDER (SBN 253796)
tinlender@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385 2977
Facsimile: (213) 385-9089

JUDY RABINOVITZ (*pro hac vice*)
JRabinovitz@aclu.org
STEPHEN KANG (SBN 292280)
skang@aclu.org
ACLU IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, New York 10004-2400
Telephone: (212) 549-2618
Facsimile: (212) 549-2654

DAVID LOY (SBN 229235)
davidloy@aclusandiego.org
ACLU OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, California 92138
Telephone: (619) 232-2121
Facsimile: (619) 232-0036

MATT ADAMS (SBN 28287)
matt@nwirp.org
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, Washington 98104-2244
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

*Attorneys for Plaintiffs-Petitioners*

On January 6, 2020, Defendants disregarded the limitations set forth in this Court's order allowing a response to "new" arguments by filing a 14-page "sur-reply" in response to Plaintiffs' motion to reopen limited discovery to establish Defendants' non-compliance with court orders. Dkt. 1069, 1070. Remarkably, Defendants' "sur-reply" not only exceeds the length of the reply to which it supposedly responds, but it goes well beyond the response to "new materials raised for the first time in Plaintiffs' reply" that this Court had allowed. Dkt. 1069. The Government's "sur-reply" goes far *beyond* the merits of Plaintiffs' motion—in which Plaintiffs need only establish "significant questions" regarding Defendants' compliance with this Court's orders—to make an inappropriate (and unconvincing) attempt to resolve the ultimate question of compliance without providing the full and complete discovery necessary to do so. *California Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025 (9th Cir. 2008) (holding that post-judgment compliance discovery should be granted "[i]f significant questions regarding noncompliance have been raised").

In their 14-page "sur-reply," Defendants raise new arguments, which Plaintiffs have never had the opportunity to address. Because of the breadth of the Government's "sur-reply", and its lack of adherence to the limitation provided by this Court, Plaintiffs hereby seek leave to file a sur-reply to respond to those new arguments.

This Court has discretion to permit Plaintiffs to address the Government's new arguments, and should exercise that discretion where new arguments are raised for the first time in a reply brief. *See Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005). Fairness further supports an exercise of discretion to permit a sur-reply here because Defendants' sur-reply consists almost entirely of argument regarding the significance (or lack thereof) of over 6,000 pages of documents submitted by Defendants on December 4, 2019. Plaintiffs had only one week to review this

evidence in advance of their reply. Yet Defendants (who of course have greater familiarity with these documents) took more than three times as long to prepare their wide-ranging sur-reply that goes far beyond the limited issue raised by Plaintiffs' motion. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that surreply should be permitted where denying opportunity to respond would be unfair).

In their sur-reply, Plaintiffs would limit themselves to the new arguments raised by the Defendants to show how Defendants' sur-reply: (1) mischaracterizes and omits key details from relevant medical records; (2) seeks to impose an inappropriate standard for Plaintiffs' motion, suggesting that Plaintiffs need to provide proof of non-compliance rather than simply raise significant questions regarding compliance; and (3) misinterprets the class criteria, resulting in an unreasonable and overly restrictive standard for Class membership. Plaintiffs request leave to file a sur-reply within seven days of the Court's ruling on this application.

Plaintiffs make this application *ex parte* because there is insufficient time to proceed on a regular motion schedule given that this Court may rule on Plaintiffs' motion at any time. The parties met and conferred regarding this application by email on January 8, 2020. Defendants indicated that they oppose this request, and do not intend to file an opposition.

Respectfully submitted,

Dated: January 8, 2020        /s/ Jessica Karp Bansal
                              JESSICA KARP BANSAL
                              Counsel for Plaintiffs-Petitioners

2