**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ANTONIO FRANCO GONZALEZ, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> WILLIAM BARR, Attorney General, *et al.*, <br><br> Defendants. | Case No.: 10-CV-02211 DMG (AGRx) <br><br> DISCOVERY MATTER <br><br> STIPULATED PROTECTIVE ORDER ADDENDUM AND CLAWBACK ORDER <br><br> Honorable Dolly M. Gee |

I. PURPOSES AND LIMITATIONS

Through this Protective Order, the Court orders that the previously issued protective Order at Dkt. #507 shall apply to the Parties' ongoing compliance discovery in this matter.

This Protective Order is also an order of the Court pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority. Pursuant to the terms of this Protective Order as set forth below, the production of a document, or part of a document, containing Privileged Information shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.

Nothing in this Order shall constitute a concession that an opponents' privilege assertions are proper, an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production or redacting any document covered by any applicable privilege or other protection.

The Parties intend that this stipulated Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of Privileged Information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure, provided the Producing Party complies with the terms of this Order for retrieving or "clawing back" the Privileged Information. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

Good cause exists to enter a Federal Rule of Evidence 502(d) clawback order because such an order provides more flexibility than the default Rule 502 procedures addresses the Federal Rule of Civil Procedure goals of pursuing a just, speedy, and inexpensive determination by streamlining steps to prevent disclosure of privileged or protected information and providing more flexible timelines for identification and taking corrective action.

II. DEFINITIONS

    a. "Document," as used herein is broadly interpreted and includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

    b. "Privileged Information" shall mean information contained in a Document produced by a Producing Party that the Producing Party later claims to be, in whole or in part, privileged or otherwise protected by the attorney-client privilege and/or work product protection, law enforcement privilege, deliberative process privilege, governmental privileges, or any other applicable privilege.

    c. "Party" includes any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record and their support staffs.

    d. "Producing Party" includes a Party or Non-Party that produces Documents in this Action.

    e. "Receiving Party" includes a Party that receives Documents from a Producing Party in this Action.

III. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

    a. The procedures applicable to a claim of privilege on a produced

3
STIPULATED CLAWBACK ORDER

Document and the resolution thereof shall be as follows:

 i. If a Producing Party determines that it has produced a Document containing Privileged Information, or part thereof, the Producing Party shall promptly provide the Receiving Party a Privilege Notice. The Privilege Notice must contain information sufficient to identify the Document, such as a Bates number or other identifying information, and must identify the privilege or protection being asserted over the Document or portion thereof. Within 7 days of receiving the Privilege Notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party that the Document(s) and copies have been destroyed. The Receiving Party must destroy any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

 ii. If a Receiving Party discovers that a Document, or part thereof, produced by a Producing Party appears to be potentially privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party. The Producing Party shall thereafter have 7 days to submit a Privilege Notice, if the Producing Party contends that the

4
STIPULATED CLAWBACK ORDER

Document contains Privileged Information. Within 7 days of receiving the Privilege Notice, the Receiving Party must return the Document or destroy it and certify that it has been destroyed to the Producing Party. The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document, except that the Receiving Party shall not be required to destroy notes pending determination of any dispute about whether the Document is privileged or protected. If a Receiving Party disclosed the Document specified before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document. In addition, the Receiving Party may not make use of that Document for any purpose. Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

iii. Upon receiving the Privilege Notice, if a Receiving Party wishes to dispute a Producing Party's Privilege Notice, the Receiving Party shall promptly meet and confer with the Producing Party. The Document(s) shall be sequestered immediately upon receiving the Privilege Notice and not be used by the Receiving Party in the Litigation (e.g., filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed

        motion for a judicial determination of the privilege claim. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the production.

    iv. Together with its Privilege Notice, the Producing Party shall produce a privilege log with respect to the Privileged Information.

    v. The Producing Party retains the burden of establishing the privileged or protected nature of any Produced Privileged Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Disclosed Information.

    vi. Pending resolution of the judicial determination, the Parties shall refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

    vii. If a Document must be returned or destroyed as determined by the process above, that Document, along with copies and notes about the Document, that exist on back-up tapes, information technology ("IT") systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the

normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

Dated: August 11, 2020

_____
_ Honorable Alicia G. Rosenberg
United States Magistrate Judge